UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT V. TOWNES, IV, individually and on behalf of all persons similarly situated, | ) ) ) | Civil Action No. 04-1488 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| TRANSUNION, LLC and TRUELINK, INC., | ) ) ) | |
| Defendants. | ) | |

### [PROPOSED] INTERIM COUNSEL ORDER

WHEREAS designation of interim counsel is consistent with Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure; and

WHEREAS Plaintiff Robert V. Townes IV has demonstrated that it is appropriate to appoint his counsel as interim counsel;

NOW, THEREFORE, IT IS ORDERED:

### ORGANIZATION OF COUNSEL

The Court designates the following law firms to act as Interim Counsel in this action with the responsibilities hereinafter described:

> Milberg Weiss Bershad & Schulman LLP
> One Pennsylvania Plaza
> New York, New York  10119
> Telephone:    (212) 594-5300
> Facsimile:    (212) 868-1229
>
> Pope, McGlamry, Kilpatrick, Morrison &
> Norwood, LLP
> 1111 Bay Avenue, Suite 450
> P.O. Box 2128 (31902-2128)
> Columbus, GA  31901
> Telephone:    (706) 324-0050
> Facsimile:    (706)-327-1536

Interim Counsel shall be generally responsible for coordinating the activities of Plaintiff during the pendency of this action unless and until the Court appoints counsel for the class in connection with class certification proceedings. Interim Counsel shall:

(a) determine (after consultation with other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiff on all matters arising during the action;

(b) coordinate the initiation and conduct of discovery on behalf of Plaintiff consistent with the requirements of Federal Rules of Civil Procedure, including the preparation of written discovery, and the scheduling and examination of witnesses in depositions;

(c) conduct settlement negotiations on behalf of Plaintiff;

(d) manage work assignments in a manner to ensure that preparation for Plaintiff is conducted effectively, efficiently, and economically;

(e) enter into stipulations with opposing counsel necessary for the conduct of the litigation;

(f) retain expert consultants and witnesses;

(g) maintain time and disbursement records covering services as Plaintiff's Interim Counsel, and collect time and expense records from all Plaintiff's counsel;

(h) request, if necessary, contributions from other Plaintiff's counsel to further joint efforts on behalf of Plaintiff;

(i) monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(j) perform such other duties as may be incidental to proper coordination of Plaintiff's case activities or authorized by further order of the Court.

Interim Counsel are designated as the spokespersons for Plaintiff with respect to all substantive communications with the Court and with defense counsel in these actions. Other Plaintiff's counsel may communicate on substantive matters with the Court or defense counsel only if delegated to do so by Interim Counsel.

**COORDINATION**

Interim Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

**PRIVILEGES PRESERVED**

No communication among Plaintiff's counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled. No communication among Defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

IT IS SO ORDERED

Dated: _____, 2005

                                                                                           _____
Hon. Joseph J. Farnan
United States District Judge