IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT V. TOWNES, IV, individually and   )
on Behalf of All Others Similarly Situated,   )
   )
           Plaintiffs,   )
   )
           v.   )    C.A. No. 04-1488 (JJF)
   )    Putative Class Action
TRANSUNION, LLC and TRUELINK, INC.,   )
   )
           Defendants.   )
   )

**DEFENDANTS' RESPONSE TO**
**MOTION FOR APPOINTMENT OF INTERIM COUNSEL**

Defendants Trans Union, LLC and TrueLink, Inc. ("Defendants"), hereby submit

their Response to Plaintiff's Motion for Appointment of Interim Counsel.

The primary basis for Plaintiff's motion for appointment of his counsel as interim

counsel pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure is the existence of

an action filed in the United States District Court for the Northern District of Alabama, *Rosser v.*

*TrueLink, Inc. and Trans Union, LLC* Case No. 2:05-cv-00245-LSC.  That action sues on behalf

of a putative class similar to the proposed class, and naming the same defendants, as in this

action under the federal Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*

Neither of the two law firms representing plaintiff here are counsel for plaintiffs in the *Rosser v.*

*TrueLink, Inc.* action.   Plaintiff's supporting memorandum contends that designation of his

counsel as interim counsel will eliminate "uncertainties" in the leadership of attorneys seeking to

represent the putative class created by filing of *Rosser v. TrueLink, Inc..*   However, since the

time plaintiff has filed his Motion to Appoint Interim Counsel, plaintiff in the *Rosser v.*

*TrueLink, Inc.* on March 16, 2005, filed a notice of voluntary dismissal of the action pursuant to

Rule 41(a)(1) of the Federal Rules of Civil Procedure. (*See* Notice of Dismissal attached as Exhibit A). Therefore, the stated basis for appointment of any counsel as interim counsel no longer exists.

A court may properly decide not to appoint interim class counsel. *See* Rule 23(g)(2)(A) ("The court <u>may</u> designate interim counsel to act on behalf of the putative class before determining whether the certified action is a class action") (emphasis added). Due to voluntary dismissal of *Rosser v. TrueLink, Inc.*, the specter of competing class counsel in different actions is, at least for now, abated.

Defendants, however, recognize the potential efficiency and other benefits to having one law firm represent the interests of the putative class. Given that there apparently exists no other law firms which seek to represent the putative class, in the event the Court determines that the appointment of interim counsel is justified, the appointment of one of plaintiff's law firms here as interim counsel would seem appropriate.[1] Defendants, however, reserve their right to oppose any later motion for class certification or for appointment of plaintiff's counsel as permanent class counsel.

---

[1]    Plaintiff requests that the Court appoint both law firms representing plaintiffs. However, as evidenced by the signature page of the motion itself, no less than eight lawyers in four cities purport to represent plaintiff and apparently seek appointment pursuant to Rule 23(g)(2)(A). In order to achieve the efficiency and cost reduction by the appointment of interim counsel, Defendants suggest that no more than two attorneys with one firm be appointed.

MORRIS, NICHOLS, ARSHT & TUNNELL

William M. Lafferty (#2755)
Erika Y. Tross (#4506)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
 Attorneys for Defendants

OF COUNSEL:

Michael O'Neil
Roger L. Longtin
Jacob W. Harrell
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 368-4000

March 24, 2005

457108

3