IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES IV, individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TRANSUNION LLC and TRUELINK, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 04-1488 (JJF)<br>)<br>)<br>)<br>)<br>) |

## AMENDED ANSWER TO COMPLAINT

Defendants Trans Union, LLC ("Trans Union") (improperly named "TransUnion, LLC" in Plaintiff's Complaint) and TrueLink, Inc. ("TrueLink"), by Morris, Nichols, Arsht & Tunnell, and DLA Piper Rudnick Gray Cary US LLP, their attorneys, answer the Complaint of Plaintiff, as follows:

1. The allegations in the first and second sentences of paragraph 1 contain legal conclusions regarding Plaintiff's characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, Trans Union and TrueLink deny such allegations.

2. Trans Union and TrueLink admit the allegations in paragraph 2.

3. The allegations in paragraph 3 of the Complaint are denied, except that Trans Union and TrueLink admit that they are entities organized under Delaware law, and TrueLink admits that it has designated this judicial district as a proper venue for Plaintiff's allegations.

4. Trans Union and TrueLink lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 4, and therefore deny the

same. Trans Union and TrueLink lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 4 regarding the purpose for which Plaintiff purchased the products and therefore deny those allegations, except that Trans Union and TrueLink admit that in August 2004, Plaintiff visited a website maintained by TrueLink and purchased certain products from TrueLink.

5.   Trans Union and TrueLink admit the allegations in the first and second sentences of paragraph 5.

6.   Trans Union and TrueLink admit the allegations in the first and second sentences of paragraph 6.

7.   The allegations in the first sentence of paragraph 7 are denied, except that Trans Union and TrueLink admit that TrueLink owns, provides, operates, and maintains the web site associated with the domain name www.truecredit.com. Trans Union and TrueLink admit the allegations in the second sentence of paragraph 7. The allegations in the third sentence of paragraph 7 are denied.

8.   The allegations in the first sentence of paragraph 8 are denied, except that Trans Union and TrueLink admit that Plaintiff visited the website associated with the domain name www.truecredit.com on August 23, 2004. The allegations in the second sentence of paragraph 8 are denied, except that Trans Union and TrueLink admit that Plaintiff ordered and "Instant 3-in-1 Credit Report" and a "custom debt analysis." The allegations in the third sentence of paragraph 8 are denied, except that Trans Union and TrueLink admit that Plaintiff received access to credit scores, and an explanation of key factors that affected his credit score.

9.   Trans Union and TrueLink deny the allegations in the first sentence of paragraph 9, except that Trans Union and TrueLink admit that Plaintiff agreed to the Terms of Use and

arranged to pay $45.85 for the products. Trans Union and TrueLink deny the allegations in the second sentence of paragraph 9, except that Trans Union and TrueLink admit that TrueLink charged Plaintiff's credit card for $45.85 immediately.

10. The allegations in paragraph 10 are denied, except that Trans Union and TrueLink admit that Plaintiff quotes from a portion of the statute, and respectfully refer the Court to the statute for its true and complete contents.

11. Trans Union and TrueLink deny the allegations in the first, second and third sentences of paragraph 11.

12. The allegations in paragraph 12 are denied, except that Trans Union and TrueLink admit that Plaintiff quotes from a portion of the statute and respectfully refer the Court to the statute for its true and complete contents.

13. The allegations in the first sentence of paragraph 13 are denied, except that Trans Union and TrueLink admit that TrueLink typically charges and receives some payment before it provides certain products. The allegations in the second sentence of paragraph 13 are denied.

14. The allegations in the first and second sentences of paragraph 14 are denied, except that Trans Union and TrueLink admit that this paragraph describes generally a portion of the statute, but deny that this paragraph accurately or completely describes the statute, and respectfully refer the Court to the statute for its true and complete contents.

15. The allegations in the first and second sentences of paragraph 15 are denied, except that Trans Union and TrueLink admit that this paragraph describes generally a portion of the statute, but deny that this paragraph accurately or completely describes the statute, and respectfully refer the Court to the statute for its true and complete contents.

16. The allegations in the first and second sentences of paragraph 16 are denied, except that Trans Union and TrueLink admit that this paragraph describes generally a portion of the statute, but deny that this paragraph accurately or completely describes the statute, and respectfully refer the Court to the statute for its true and complete contents.

17. Trans Union and TrueLink deny the allegations in paragraph 17.

18. The allegations in the first, second and third sentences of paragraph 18 contain legal conclusions regarding Plaintiff's characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, Trans Union and TrueLink deny such allegations.

19. The allegations in the first sentence of paragraph 19 are denied. The allegations in the second sentence of paragraph 19 are denied, except that Trans Union and TrueLink admit that they believe they are not credit repair organizations subject to CROA.

20. Trans Union and TrueLink deny the allegations in paragraph 20.

21. Trans Union and TrueLink deny the allegations in paragraph 21.

22. Trans Union and TrueLink deny the allegations in paragraph 22.

23. Trans Union and TrueLink deny the allegations in paragraph 23.

24. Trans Union and TrueLink deny the allegations in paragraph 24.

25. Trans Union and TrueLink restate and incorporate their responses to each prior paragraph as if fully set forth herein.

26. Trans Union and TrueLink deny the allegations in paragraph 26.

27. Trans Union and TrueLink deny the allegations in paragraph 27.

28. Trans Union and TrueLink restate and incorporate their responses to each prior paragraph as if fully set forth herein.

29.   Trans Union and TrueLink deny the allegations in paragraph 29.

30.   Trans Union and TrueLink deny the allegations in paragraph 30.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(FCRA)

The interpretations of the CROA upon which the Complaint is based are inconsistent with the express provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*

### THIRD AFFIRMATIVE DEFENSE
(First Amendment)

The proposed restriction on the right of Trans Union and TrueLink to offer products, and on the right of consumers to obtain products, violates Trans Union's and TrueLink's right to free speech guaranteed by the First Amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE
(Due Process)

The proposed restriction on the right of Trans Union and TrueLink to offer products, and on the right of consumers to obtain products, is a patently arbitrary classification, utterly lacking in rational justification and bearing no rational relationship to any legitimate governmental interest in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE
(Unconstitutional Vagueness)

The interpretations of the CROA upon which the Complaint is based are unconstitutionally vague and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE
(Unconstitutional Overbreadth)

The interpretations of the CROA upon which the Complaint is based are unconstitutionally overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE
(Violation of Due Process - Excessive Penalty)

Plaintiffs' demands for restitution and/or disgorgement are unconstitutional because they seek to impose a penalty that is excessive in violation of the Due Process Clause of the Fifth

Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

Trans Union and TrueLink reserve the right to assert other defenses and claims when and if it becomes appropriate during this action. Trans Union and TrueLink hereby specifically deny any allegations contained in the Complaint which were not specifically admitted.

WHEREFORE, Trans Union and TrueLink respectfully request that (i) Plaintiff (and putative class) recover nothing; (ii) this Court enter a judgment in favor of Trans Union and TrueLink in all respects, including an award of all of their costs and expenses (including reasonable attorneys' fees), and (iii) Trans Union and TrueLink be granted such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Erika Y. Tross*

William M. Lafferty (#2755)
Erika Y. Tross (#4506)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
   Attorneys for Defendants, Trans Union LLC and TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Roger L. Longtin
Jacob W. Harrell
**DLA Piper Rudnick Gray Cary US LLP**
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
(312) 368-4000