UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT V. TOWNES, IV,                )
Individually and on behalf of        )
all persons similarly situated,      )
                                     )          Civil Action No. 04-1488
                 Plaintiffs,         )
                                     )
           v.                        )
TRANS UNION, LLC and                 )
TRUELINK, INC.,                      )
                                     )
                 Defendants.         )

## PROPOSED JOINT RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.**   The parties waive the requirement to exchange information set forth by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2.      **Joinder of other Parties.**  All motions to join other parties shall be filed on or before **July 15, 2006.**

3.      **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.  If the parties agree that they would benefit from a settlement conference, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4.    **Discovery.**

(a) The parties shall endeavor to focus discovery initially, through the exchange of written discovery, including the exchange of and responses to interrogatories, document requests and requests for admissions, and the taking of depositions, the primary (though not exclusive) focus of which is to develop facts necessary for presentation of evidence in support of or in opposition to any dispositive motions or a motion for class certification ("initial discovery"). However, that particular discovery may be perceived to reach beyond issues necessary for class certification or dispositive motions is not a basis for objecting to that discovery. Initial discovery shall be commenced on July 21, 2005, and be completed by **July 30, 2006.** However, the parties may agree, and the Court may order, that the time for conducting such initial discovery shall be suspended and tolled for any period of time necessary for the parties and/or the Court to resolve material discovery disputes that may arise with respect to discovery which is necessary to the presentation of evidence in support of or in opposition to any dispositive motions or a motion for class certification.

(b) Maximum of 50 interrogatories by each party to any other party.

(c) Maximum of 75 requests for admission by each party to any other party, not including requests to admit the authenticity of documents.

(d) Maximum of 15 depositions by plaintiff(s) and 15 by defendant(s). Depositions may commence prior to the completion of discovery required by Paragraph 4 (a), (b), and (c).

(e) Additional discovery, including any remaining written fact discovery or depositions the parties wish to take (but subject to the overall limitations set forth in Paragraph 4 (a), (b), (c), and (d)) following the Court's resolution of dispositive motions and a motion for class certification, may be commenced at any time after briefing is complete on all dispositive motions and the motion for class certification.

(f) Reports from retained experts required by Fed. R. Civ. P. 26(a) (2) are due from the plaintiff(s) by **March 15, 2007**; from the defendant(s) by **April 15, 2007**.

(g) Any party desiring to depose an expert witness shall notice and complete said deposition within the time frame agreed to by the parties as to time, date and locations.

(h) Final fact discovery cut-off date is **February 15, 2007**.

5.     **Discovery Disputes.**

(a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four

(4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b) All papers shall set forth in a plan and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c) Upon receipt of the Answer, the <u>movant</u> <u>shall</u> notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

(f) A Rule 37 motion shall suspend the discovery schedule until the Court's ruling on the motion.

6.    **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before **July 15, 2006**.

7.    **Case Dispositive Motions.** Any motion for summary judgment, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **September 15, 2006**. Briefing shall be pursuant to D. Del. LR 7.1.2 and this Court's

Memorandum Order governing motions for summary judgment. The parties contemplate and agree that, regardless of what disputed factual issues may or may not exist at the time, briefing on the legal issues raised by motions for summary judgment will be necessary. Accordingly, the opposing party shall file and serve a Counter-Statement, together with a brief in opposition to the motion, no later than 30 days after service and filing of the opening brief. The movant shall file a response to the Counter-Statement, together with a reply brief within 30 days of service of the Counter-Statement and brief in opposition. No case dispositive motion may be filed more than ten (10) days from the above opening brief date without leave of the Court, or unless otherwise extended by operation of any provisions set forth herein. To the extent that any brief submitted in support of or in opposition to a motion for summary judgment may rely upon, include, incorporate, or attach affidavits, testimony, or declarations by expert(s), the party submitting such expert testimony in or with a brief shall, at the time of filing and serving such brief, also produce the expert's curriculum vitae and any report(s) upon which the expert relies, and shall make the expert(s) available for deposition by the opposing party within ten (10) days of serving such brief.

8.    **Class Certification Motion.** Plaintiff intends to file and serve his motion for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure, together with an opening brief, on or before September 15, 2006, with a briefing schedule coinciding with that set forth in Paragraph 7 above. In any event, Plaintiff's motion for class certification shall be served and filed with an opening brief no later than thirty (30) days from the date that briefing is complete on any motion(s) for summary judgment. Defendants shall file a response to the motion for class certification no later than thirty (30) days from the date of service and filing of the motion for class certification, and Plaintiff shall file a reply no later than thirty (30) days

thereafter. To the extent that any brief submitted in support of or in opposition to a motion for class certification may rely upon, include, incorporate, or attach affidavits, testimony, or declarations by expert(s), the party submitting such expert testimony in or with a brief shall, at the time of filing and serving such brief, also produce the expert's curriculum vitae and any report(s) upon which the expert relies, and shall make the expert(s) available for deposition by the opposing party within ten (10) days of serving such brief.

9.    **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may filed stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

(e) Nothing in this Scheduling Order shall preclude any party from petitioning the Court for relief from the schedule set forth herein.

10.  **Pretrial Conference and Trial.**  After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference.  If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____
DATE

_____
UNITED STATES DISTRICT JUDGE