IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES, IV,<br>Individually and on behalf of<br>all persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC,  AND<br>TRUELINK, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)  CIVIL ACTION<br>)  FILE NO. 04-1488 -JJF<br>)<br>)<br>)<br>)  CLASS ACTION<br>)<br>)<br>) |

## STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, good cause having been shown within the meaning of Rule 26(c) and it appearing that the parties consent to entry of this Order, IT IS HEREBY ORDERED THAT:

(1) Any Party to this action (or any third-Party that provides discovery in connection with the above-captioned action) (hereinafter collectively referred to as "Parties" or "Party") may designate material or information, whether embodied in documents, things, deposition testimony, answers to interrogatories or requests for admission or other materials, as (i) CONFIDENTIAL INFORMATION or (ii) RESTRICTED CONFIDENTIAL INFORMATION, if such material or information is not known to the general public and that the producing party in good faith deems to be confidential or proprietary. A party may designate as CONFIDENTIAL INFORMATION sensitive information that is treated by the Party as confidential. A party may designate as RESTRICTED CONFIDENTIAL INFORMATION such information that is of a highly proprietary or technical nature or constitutes highly sensitive financial or strategic data and that

could potentially be used by either the requesting Party, another Party to this action or a third Party for commercial use or to harm the competitive position of the disclosing Party. As set forth below, these two types of confidential information are subject to different levels of protection.

(2)  Absent further order by this Court, information designated as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION, and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively for the purpose of litigating this case and not for any other purpose. A Party should designate as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION only such information as the Party reasonably and in good faith believes requires protection under this Order.

(3)  A Party may designate information as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION by identifying it with reasonable specificity orally or in writing when the information is produced, disclosed or revealed. Further, a document may be designated as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION by marking it or stamping it, as appropriate, "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," prior to its production to the receiving Party. To designate a multiple page document as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION, such a document must be conspicuously marked or stamped. If a document is not so marked prior to its disclosure to a receiving Party but is otherwise designated as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION orally, if on the record, or in writing at the time it is disclosed, the receiving Party shall promptly cause the document to be appropriately marked or stamped.

(4) The parties may orally designate on the record testimony during the deposition or may have thirty (30) days following the receipt of a deposition transcript to designate any portion thereof as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION. The deposition transcript shall be treated as confidential until the expiration of said thirty (30)-day period. Should counsel for any Party disagree with the designation, all Parties nonetheless shall treat the information in question as it was designated until the Court is able to resolve the issue.

(5) Access to CONFIDENTIAL INFORMATION shall be restricted to:

(a) Officers, directors and employees, including in-house counsel, of the Parties to this action who have agreed to be bound by and to comply with this Order and who have executed the Confidentiality Agreement attached hereto as Exhibit A (the "Confidentiality Agreement") or, in the case of an individual Party, such individual;

(b) Attorneys and law firms of record and attorneys in this action, and their secretaries, paralegals, assistants, and other employees engaged with counsel in the litigation of this action who have agreed to be bound by and to comply with this Order;

(c) Third parties who have been retained to assist the attorneys of record in translating, copying or computer coding of documents, transcribing or videotaping depositions, or assisting with trial preparation who have agreed to be bound by and to comply with this Order and who have executed the Confidentiality Agreement;

(d) Outside consultants and outside expert witnesses (those who are not employed by any Party or any competitor of Defendants (defined as the following entities, including their respective corporate affiliates: Equifax Information Services, Experian (including, but not limited to consumerinfo.com), Intersections, Inc., Trilegiant, Vertrue, ChoicePoint, First

American Credco, and LexisNexis)) retained for the litigation of this action and who have agreed to be bound by and comply with this Order and who have executed the Confidentiality Agreement. Only such CONFIDENTIAL INFORMATION that is relevant to the testimony of an expert witness, however, may be disclosed to that expert; and

(e)   Any potential or actual witnesses, other than a competitor of Defendants (as defined in Paragraph 5(d) above) whose CONFIDENTIAL INFORMATION is sought to be disclosed, who has a bona fide need to review said documents or other materials in connection with providing testimony or preparing to provide testimony, who has agreed to be bound by and comply with this Order and who has executed the Confidentiality Agreement, provided that disclosing counsel reasonably believes that the witness has relevant knowledge about the creation, distribution or maintenance of the particular CONFIDENTIAL INFORMATION to be disclosed, or about the facts contained therein.

(6)   Access to RESTRICTED CONFIDENTIAL INFORMATION shall be restricted to:

(a)   Attorneys and law firms of record and attorneys designated as "of counsel" in this action, and their secretaries, paralegals, assistants and other employees engaged with counsel in the litigation of this action who have agreed to be bound by and to comply with this Order and who have executed the Confidentiality Agreement;

(b)   Outside consultants and outside expert witnesses (those who are not employed by any Party or any competitor of Defendants (as defined in Paragraph 5(d) above)) retained for the litigation of this action and who have agreed to be bound by and comply with this Order and who have executed the Confidentiality Agreement. Only such RESTRICTED CONFIDENTIAL

INFORMATION that is relevant to the testimony of an expert witness may be disclosed to that expert; and

(c)  Any potential or actual witness, other than a competitor of Defendants (as defined in Paragraph 5 (d) above) whose RESTRICTED CONFIDENTIAL INFORMATION is sought to be disclosed, who has agreed to be bound by and comply with this Order and who has executed the Confidentiality Agreement, provided that disclosing counsel reasonably believes that the witness has relevant knowledge about the creation, distribution or maintenance of the particular RESTRICTED CONFIDENTIAL INFORMATION to be disclosed, or about the facts contained therein.

(7)  The parties shall not disclose documents designated as CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION pursuant to the terms of this Order to putative class members not named as plaintiffs in this class litigation.

(8)  CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION shall be maintained in confidence by the receiving Party, according to the terms hereof, and used by the receiving Party solely in this action. The Parties expressly recognize that those to whom CONFIDENTIAL INFORMATION is disclosed shall not disclose, discuss or relate such information to anyone who is not identified in Paragraph 5 above and that those to whom RESTRICTED CONFIDENTIAL INFORMATION is disclosed shall not disclose, discuss, or relate such information to anyone who is not identified in Paragraph 6 above.

(9)  In the event that any CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION is filed with the Court, or disclosed in any such filing, such

information shall be filed under seal in an envelope or package that states in a conspicuous manner, as appropriate:

**CONFIDENTIAL – FILED UNDER SEAL**

This envelope contains CONFIDENTIAL INFORMATION of [name of party] and is not to be opened nor the contents thereof displayed, revealed or seen except by order of the Court, upon notice to the entity identified above, or by agreement of the entity identified above.

OR

**RESTRICTED CONFIDENTIAL – FILED UNDER SEAL**

This envelope contains RESTRICTED CONFIDENTIAL INFORMATION of [name of party] and is not to be opened nor the contents thereof displayed, revealed or seen except by order of the Court, upon notice to the entity identified above, or by agreement of the entity identified above.

Such documents shall be opened and reviewed only by authorized Court personnel or upon request, by counsel of record, after written notice to opposing counsel.

(10) At any hearing in or the trial of this action, a Party may use CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION, provided that adequate prior notice of such use is given to counsel for the disclosing Party to permit that Party the opportunity to seek appropriate protection from the Court, including a request to the Court that the courtroom be closed to the public and that court employees be advised as to the terms of this Order. If the Court denies any such request, the use of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION shall not constitute a waiver of secrecy with respect thereto.

(11) A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. Any Party

shall have the right, at any time, to challenge a "CONFIDENTIAL INFORMATION" or a "RESTRICTED CONFIDENTIAL INFORMATION" designation for any information the Party believes was inappropriately designated. The Party seeking a modification shall confer with the Parties to determine whether the matter can be resolved by agreement. This requirement—the obligation to attempt to resolve disputes by agreement before they are brought to the Court—applies to any and all disputes that arise under any provision of this Order. If the Parties cannot resolve the designation by agreement, the Party making the challenged designation shall have the burden to seek an order from the Court. As long as the party making the challenged designation seeks an order promptly, the Parties shall treat the information in accordance with its designation until there is a ruling from the Court.

(12) Nothing in this Order shall be deemed a waiver of any right any party might otherwise have (1) under the Federal Rules, (2) under the doctrines of attorney-client privilege, attorney work product, or any other privilege, or (3) to the authentication of admissibility of any document.

(a) If a Party inadvertently discloses any information without designating it as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION but later determined that it should be so designated, but so informs the receiving Party thereof in writing, the information shall thereupon be treated as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION, and the receiving Party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it under Paragraph 5 or 6. The receiving Party may challenge the producing Party's designation of the information on any grounds other than the production of the information, but shall take no further action inconsistent with the designation until such time as

the challenge is resolved. If the receiving Party makes no challenge to the designation, or if its challenge is unsuccessful, the receiving Party shall mark or stamp the information "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" in accordance with the disclosing Party's designation.

(b)     If a Party inadvertently discloses any information protected by the attorney-client privilege or work product doctrine and informs the receiving Party thereof in writing about the inadvertent disclosure, the receiving Party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it and shall return the information immediately to the producing Party. The receiving Party may challenge the producing Party's claim that the information is legally privileged and/or confidential on any grounds other than the production of the information, but shall take no further action inconsistent with the designation until such time as the challenge is resolved.

(13)    This Protective Order shall govern all pretrial proceedings, but shall be subject to modification upon application of a party to this lawsuit and for good cause shown.

(14)    Within thirty (30) days after the final disposition of this action, each Party subject to the terms hereof shall destroy or assemble and return to the producing Party all originally produced materials, documents and things constituting CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION and all copies thereof, and shall collect and destroy all summaries, and abstracts thereof and all other materials, memoranda or documents that are attorney-client privileged or work product protected and that constitute or contain CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION. Each Party shall certify to the producing Party in writing that all such materials, documents and things have either been destroyed or returned to the producing Party.

(15)    Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any such action or omission shall constitute a waiver of any claim or defense in the trial of this action.

(16)    No Party shall object to disclosing or producing information on the ground that a further or other protective order is needed unless such Party shall have (a) unsuccessfully attempted in good faith to reach agreement with the other Parties as to a consent order obviating the objection and (b) filed, within fifteen (15) days after service of the request for the documents or information, a motion seeking a modification of this Order to obviate the objection, taking the necessary steps to have the motion resolved as early as practicable.

(17)    Upon receipt of any subpoena for CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION, whether received during or after the final conclusion of the litigation (including after any appeals that may be taken by the Parties), the Party receiving the subpoena shall immediately notify outside counsel for the other Party of the subpoena so that the latter may protect its interests.

The undersigned parties stipulate to the entry of the foregoing Order:

| Counsel for Plaintiff Robert V. Townes, IV: | Counsel for Defendants Trans Union, LLC and Truelink, Inc.: |
|---|---|
| /s/ Ralph W. Sianni *with express permission by ncm* <br> Ralph Nicholas Sianni <br> Milberg Weiss Bershad & Schulman LLP <br> 919 North Market Street, Suite 980 <br> Wilmington, DE 19801 <br> Tel: (302) 984-0597 <br> Fax: (302) 984-0870 <br><br> /s/ C. Neal Pope <br> C. Neal Pope <br> Wade H. Tomlinson <br> Pope, McGlamry, Kilpatrick, Morrison & Norwood, LLP <br> 1111 Bay Avenue, Suite 450 <br> P.O. Box 2128 (31902-2128) <br> Columbus, GA 31901 <br> Tel: (706) 324-0050 <br> Fax: (706) 327-1536 <br><br> /s/ Michael L. McGlamry <br> Michael L. McGlamry <br> Alan G. Snipes <br> The Pinnacle, Suite 925 <br> 3455 Peachtree Road, N.E. <br> P.O. Box 191625 (31119-1625) <br> Atlanta, GA 30326-3243 <br> Tel: (404) 523-7706 <br> Fax: (404) 524-1648 <br><br> /s/ Melvin I. Weiss *with express permission by MLM* <br> Melvin I. Weiss <br> Michael C. Spencer <br> Brad Friedman <br> Milberg Weiss Bershad & Schulman LLP <br> One Pennsylvania Place <br> New York, NY 10119 <br> Tel.: (212) 946-9450 <br> Fax: (212) 273-4395 | /s/ William M. Lafferty <br> William M. Lafferty (Del. Bar I.D. # 2755) <br> Morris, Nichols, Arsht & Tunnell <br> 1201 N. Market Street <br> Wilmington, DE 19801 <br> Tel: (302) 658-9200 <br> Fax: (302) 425-4679 <br><br> /s/ Michael O'Neil <br> Roger L. Longtin <br> Michael O'Neil <br> Paula D. Friedman <br> Denise C. Castillo <br> DLA Piper Rudnick Gray Cary US LLP <br> 203 North LaSalle Street, Suite 1900 <br> Chicago, IL 60601-1293 <br> Tel: (312) 368-4000 <br> Fax: (312) 236-7516 |

| | |
|---|---|
| *Arthur R. Miller* (signature) *with express permiss- by ARM*<br>Arthur R. Miller<br>Arthur R. Miller, P.C.<br>Areeda Hall 225<br>Cambridge, MA 02318<br>Tel: (617) 495-3100 | |

IT IS SO ORDERED, this _____ day of _____, 2005.


_____
Joseph J. Farnan, Jr.
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

## **STATEMENT OF CONFIDENTIALITY**

By signing this document, I hereby certify that I have read the Protective Order entered by the Court in <u>Townes v. Trans Union, LLC et. al.</u> on _____. I understand the terms of the Order and agree to abide by its contents by not disclosing confidential information to anyone other than trial counsel for the parties, except as required by lawful judicial process.

_____
Name and Date