# Exhibit 1
## to
## Notice of Subsequently Filed Action Against Defendant TrueLink, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, On Behalf Of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TRUELINK, INC., a Trans Union Company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 05-599 (SLR) <br><br> Putative Class Action |

**DEFENDANT'S RESPONSE TO**
**MOTION FOR APPOINTMENT OF INTERIM COUNSEL**

Defendant TrueLink, Inc. ("TrueLink"), hereby submit its Response to Plaintiffs' Motion for Appointment of Interim Counsel ("Motion").

The focus of Plaintiffs' motion for appointment of his counsel as interim class counsel is the purported experience and expertise of plaintiffs' counsel, and their administrative staffing and retention of local counsel for this matter. TrueLink is not in a position to comment on these contentions. However, TrueLink, by this response, advises the Court of the existence of a related action pending in this Court, and the appointment of interim class counsel in that action.

On December 19, 2005, pursuant to Local Rule 3.1(b), TrueLink notified the Clerk of the Court of the relatedness of the above-captioned action to another putative class action against the same defendant, TrueLink, Inc., and its parent company, Trans Union, LLC, entitled *Townes v. Trans Union, LLC and TrueLink, Inc.*, Case No. 04-1488 (JJF). This notice was prompted by the filing of Plaintiffs' Second Amended Complaint on December 14, 2005, after this action was transferred from the U.S. District Court for the District of Kansas on August 16, 2005. Counsel for Plaintiffs in this action filed with the Clerk a letter, dated December 21,

2005, which disagreed that this action is related to *Townes v. Trans Union, LLC and TrueLink, Inc.* However, it appears from a comparison of the complaints in the two actions that some, if not all, members of the putative class in the above-captioned action are members of the putative class action in *Townes*, and both actions assert a common federal statutory claim against the same defendant.

In *Townes v. Trans Union, LLC and TrueLink, Inc.*, Case No. 04-1488 (JJF), plaintiff alleges, on behalf of himself and a putative nationwide class of consumers, that the sale of credit reporting products to consumers through the Internet by TrueLink (and its parent company) violates the federal Credit Repair Organizations Act, 15 U.S.C. §1679 *et seq.* ("CROA"). (A copy of the Complaint in *Townes* is attached hereto as Exhibit A). Plaintiffs here also assert, on behalf of a putative nationwide class, that TrueLink's sale of credit reporting products violates CROA, as well as other federal and state statutes. (A copy of the Milletts' Second Amended Complaint is attached hereto as Exhibit B). Because these actions "arise from the same or substantially identical transactions," and "involve the same or substantially the same parties," Local Rule 3.1(b), TrueLink respectfully submits that these cases are related and should be assigned to one judge for coordination.[1]

For reasons similar to those warranting transfer and coordination of multidistrict litigation under 28 U.S.C. § 1407, coordination of the *Millett* and *Townes* cases within this Court is appropriate. As cases which assert substantively identical CROA claims against the defendants on behalf of a nationwide class of consumers, coordination of scheduling, discovery, mediation and other stages of the litigation would serve the "convenience of the parties and witnesses and . . . promote the just and efficient conduct of such actions." 28 U.S.C. § 1407.

---

[1] Indeed, from a review of the operative complaints, it appears that the putative class members in the above-captioned action would be mostly, if not entirely, subsumed within the putative class sought to be certified in *Townes*.

2

*See also* Local Rule 3.1(b)(4)(suggesting coordination or consolidation of actions which "would entail substantial duplication of labor if heard by different judges.").

Also relevant to Plaintiffs' motion here is that Judge Farnan has already appointed interim class counsel in *Townes* by order dated October 31, 2005, and entered November 4, 2005. (A copy of the Court's Memorandum Order appointing interim class counsel in *Townes* is attached hereto as Exhibit C). By that Order, Judge Farnan noted that Rule 23(g) permits a court to appoint interim counsel prior to class certification to eliminate rivalry among lawyers and the consequential uncertainty. (Order, Exhibit C, pp. 3-4)(citing Fed. R. Civ. P. 23(g) advisory committee's note). Given the overlapping claims and classes between *Townes v. Trans Union, LLC and TrueLink, Inc.* and the above-captioned action, the appointment of plaintiffs' counsel as interim class counsel may create the rivalry and uncertainty that Judge Farnan's prior order was intended to avoid. Even if the Court should decline to transfer or coordinate these proceedings at this time, at a minimum, TrueLink respectfully submits that the Court should consider the claims and classes asserted in the *Townes* action, and Judge Farnan's order appointing interim class counsel there, in connection with the pending motion for appointment of interim counsel here.

3

MORRIS, NICHOLS, ARSHT & TUNNELL

William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
  Attorneys for Defendant TrueLink, Inc.


OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 368-4000


January 10, 2006

CERTIFICATE OF SERVICE

I, William M. Lafferty, hereby certify that on January 10, 2006 I electronically

filed the foregoing DEFENDANT'S RESPONSE TO MOTION FOR APPOINTMENT OF

INTERIM COUNSEL, with the Clerk of Court using CM/ECF, which will send notification of

such filing(s) to the following:

**BY ELECTRONIC SERVICE**

Christopher J. Curtin, Esquire
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19899

MORRIS, NICHOLS, ARSHT & TUNNELL

William M. Lafferty (#2755)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
wlafferty@mnat.com
    Attorneys for Defendant TrueLink, Inc.

January 10, 2006