# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES, IV, Individually and on behalf of all Persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC and TRUELINK, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 04-1488-JJF |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

On this _____ day of _____, 2007, a hearing having been held before this Court for to: (i) determine whether the terms and conditions of the Stipulation Of Settlement Between Lead Plaintiffs And Defendants (the "Stipulation") submitted by Plaintiff Robert V. Townes (the "Plaintiff") and Trans Union LLC and TransUnion Interactive, Inc. (formerly known as TrueLink, Inc.) (collectively, the "Defendants") is fair, reasonable and adequate for the to the Settlement Class members; (ii) determine whether the preliminary certification of the Settlement Class should be made final; and (iii) whether the judgment should be entered dismissing the Complaint with prejudice in favor of the Released Parties, and providing for the releases set forth in the Stipulation;

And it appearing that the Notice substantially in the form approved by the Court was distributed to all individuals reasonably identifiable who, between December 1, 1999 and the date of the Court's Hearing Order, entered into an agreement with any of the Defendants to purchase any of the Offerings through Defendants' Websites, but did not later obtain a complete refund from any source, and received said Offering, except those individuals who are excluded

from the definition of the Settlement Class, as shown by the records of Defendants and as further identified through the distribution of the Email Notice and/or Postcard Notice, pursuant to earlier order of the Court;

And it appearing that the Long-Form Notice substantially in the form approved by the Court was publicly available through the internet on the Settlement Website at www.townessettlement.com, and by phone and U.S. Mail, pursuant to the earlier order of the Court;

And the Court, having considered all matters submitted to it at the hearing and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class against the Defendants;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Capitalized terms herein are used as defined in the Stipulation between the Parties.

2. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class members. The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. The Settlement Class consists of all individuals who, at any time between December 1, 1999 and _____, entered into an agreement with any of the Defendants to purchase any of the following Offerings through Defendants' Websites, but did not later obtain a complete refund from any source, and received said Offering: credit score, credit monitoring (offered at various times under one or more of the following names: Trans Union Credit Monitoring, Trans Union Credit Monitoring Unlimited, Credit Monitoring, Weekly Credit Alerts, Credit Watch, Trans Union Credit Alerts, 3-Bureau Credit Monitoring, Credit Inform, Credit Monitor, ID Fraud

Watch, Free Credit Profile and Credit Monitoring Plus FICO Score), Debt Analysis, Borrowing Power Analysis, or knowyourloanrate mortgage preparation kit (offered at various times as Mortgage Rate Wizard or Mortgage Rate Simulator). The Settlement Class excludes, however, (i) all judicial officers in the United States and their families through third degree of relationship; (ii) all officers, directors, employees or counsel of the Released Parties; (iii) all persons who have already settled or otherwise compromised their claims against the Defendants; (iv) all persons who Opt-Out; and (v) all persons who are named plaintiffs in any action pending against any of the Defendants on the date of entry of the Hearing Order, _____, wherein the recovery sought is encompassed by the Released Claims.

3. The Court finds that solely for purposes of the Settlement, the certification of the Settlement Class is proper in accordance with Federal Rules of Evidence 23(a) and 23(b)(3). Specifically, this Court finds that (1) the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; (2) that there are questions of law and fact common to the Settlement Class; (3) the claims of plaintiff are typical of the claims of the Settlement Class; and (4) plaintiff and his counsel have fairly and adequately protected the interests of the Settlement Class.

4. The Settlement is hereby approved pursuant to Federal Rule of Civil Procedure 23(e).

5. The Complaint in the above-captioned action (the "Action") is hereby dismissed without costs and with prejudice.

6. "Released Claims" means any and all claims, actions, demands, causes of action, suits, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown, present or future, concealed or hidden, liquidated or unliquidated, fixed or

contingent, anticipated or unanticipated, whether statutory, in tort, contract, law, equity or otherwise, that have been, could have been or might in the future be asserted by Plaintiff in the Action or the Settlement Class members or any of their respective heirs, spouses, executors, administrators, partners, attorneys, predecessors, successors, assigns, agents and/or representatives, and/or anyone acting or purporting to act on their behalf, arising out of the offering, marketing, sale, purchase, delivery, or use of, or representations and advertisements concerning, the Offerings. Released Claims include, but are not limited to, all claimed or unclaimed compensatory damages, damages for emotional distress, damages for physical injury, damages for reputational injury, statutory damages, consequential damages, incidental damages, punitive and exemplary damages, as well as all claims for disgorgement, or equitable, declaratory or injunctive relief under any federal or state statute or common law or other theory. Released Claims further include interest, costs and fees arising out of any of the claims asserted or that could have been asserted in the Action. Released Claims do not include claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), as amended as of the date of this Agreement. Notwithstanding the foregoing, nothing in the Settlement or in this Order shall be deemed a release of the Parties' respective rights and obligations under the Settlement.

7. "Released Parties" means and refers to: (i) Trans Union LLC and its present, former and future officers, directors, employees, agents, attorneys, shareholders, predecessors, successors, subsidiaries, corporate affiliates, parents, representatives, insurers, vendors and assigns, or interest therein, jointly and severally; (ii) TransUnion Interactive, Inc. (formerly known as TrueLink, Inc.) and its present, former and future officers, directors, employees, agents, attorneys, shareholders, predecessors, successors, subsidiaries, corporate affiliates, parents, representatives, insurers, vendors and assigns, or interest therein, jointly and severally;

and (iii) Contractual Associates who (a) acknowledge receipt of the terms of Injunctive Relief, in accordance with Section 5.4 of the Stipulation, and (b) offered, marketed, sold, delivered, or made representations concerning any of the Offerings, provided however, that a Contractual Associate is a Released Party only with respect to claims arising from the offering, marketing, sale, purchase, delivery, or use of, or representations or advertisements concerning, the Offerings.

8.  As of the Effective Date, the Released Claims against each and all of the Released Parties shall be released and dismissed with prejudice, without costs to any Party.

9.  As of the Effective Date, the Plaintiff, any member of the Settlement Class, and Class Counsel are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

10. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

   a.  shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by Plaintiff or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

      b.    shall be deemed to be or used as an admission of any liability, negligence, fault or wrongdoing of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal;

      c.    shall be construed against the Defendants or the Plaintiff or any Settlement Class member as an admission or concession that the consideration to be given hereunder represents the value or amount which could be or would have been awarded to Plaintiff or the Settlement Class members after trial; or

      d.    shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiff or any Settlement Class member or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the value of the Settlement.

11.    This Court hereby retains exclusive jurisdiction over the parties and the Settlement Class members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

12.    The finality of this Judgment shall not be affected, in any manner, by any ruling that the Court may make on the motions for approval of Class Counsels' application for an award of attorneys' fees and reimbursement of expenses.

13.    The Court hereby finds that the notice described herein and in the Hearing Order dated _____ provided to members of the Settlement Class constitutes the best notice practicable under the circumstances. The notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement, to all persons entitled to such notice, and the notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. The notice provided a full opportunity to

the Settlement Class members to object to the proposed Settlement and to participate in the hearing thereon, and offered to members of the Settlement Class the opportunity to request exclusion from the Settlement Class, if done so timely and properly.

14. In the event this Judgment does not become final for any reason, the Parties shall proceed in all respects as if the Stipulation and related orders had not been executed and without prejudice in any way from the negotiation, fact or terms of the Settlement. The Stipulation and the Settlement, in such event, shall be subject to Federal Rule of Evidence 408 and shall not entitle any Party to recover any costs incurred in connection with the implementation of this Stipulation.

15. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: _____, 2007

_____
JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE