IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT V. TOWNES, IV, Individually and on behalf of all Persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1488-JJF |
| TRANS UNION, LLC and TRUELINK, INC., | ) ) ) ) | |
| Defendants. | ) | |

## HEARING ORDER

WHEREAS,

A. On April 5, 2007, Plaintiff, on behalf of himself and each member of a proposed Settlement Class, and Trans Union, LLC and TransUnion Interactive, Inc. (formerly known as TrueLink, Inc.) (collectively "Defendants"), entered into a settlement (the "Settlement") of the claims asserted in the above-captioned action (the "Action"), the terms of which are set forth in a Stipulation Of Settlement (the "Stipulation");

B. The Parties have requested, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, an Order preliminarily approving the settlement in accordance with the Stipulation and providing notice to members of the Settlement Class; and

C. The Court having read and considered the Stipulation and the proposed (1) Email Notice and Long-Form Notice and (2) Final Judgment and Order of Dismissal (the "Judgment"), and finding that substantial and sufficient grounds exist for entering this Hearing Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Stipulation.

2. Solely for purposes of the Settlement, the Action shall be preliminarily maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of the Settlement Class consisting of all individuals, regardless of where they reside, who, between December 1, 1999 and the date of this Hearing Order, entered into an agreement with any of the Defendants to purchase any of the following Offerings through Defendants' Websites, but did not later obtain a complete refund from any source, and received said Offering: credit score, credit monitoring (offered at various times under one or more of the following names: Trans Union Credit Monitoring, Trans Union Credit Monitoring Unlimited, Credit Monitoring, Weekly Credit Alerts, Credit Watch, Trans Union Credit Alerts, 3-Bureau Credit Monitoring, Credit Inform, Credit Monitor, ID Fraud Watch, Free Credit Profile and Credit Monitoring Plus FICO Score), Debt Analysis, Borrowing Power Analysis, or knowyourloanrate mortgage preparation kit (offered at various times as Mortgage Rate Wizard or Mortgage Rate Simulator). The law firms of Pope, McGlamry, Kilpatrick, Morrison & Norwood, LLP and Battle, Fleenor, Green, Winn & Clemmer, LLP are preliminarily appointed and certified as Class Counsel.

3. The Court preliminarily approves the Settlement, as reflected in the Stipulation, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

4. Prosecution by any member of the Settlement Class of any action or claim that is subject to the release and dismissal contemplated by the Settlement is hereby enjoined.

5. Defendants shall cause notice of the proposed Settlement and the hearing on the proposed Settlement and Class Counsels' application for an award of attorneys' fees and payment of expenses to be provided to members of the Settlement Class as follows:

a. Not later than thirty (30) days following the date of this Order (the "Notice Date"), Defendants shall cause a copy of the Email Notice, substantially in the form annexed hereto as Exhibit A-1, to be sent to all members of the Settlement Class via email to the email address of each such person as set forth in the records of Defendants, and for any Class member(s) for whom the Email Notice was undeliverable, Defendants shall cause a Postcard Notice to be sent via first class mail to the last known address, as updated using the National Change of Address process, which postcard shall set forth the objection and Opt-Out dates, the HTML or web address of the Settlement Website, and the toll-free telephone number at which assistance will be available;

b. Not later than thirty (30) days following the date of this Order (the "Notice Date"), and in any event at least one (1) day prior to the emailing of Email Notice, Defendants shall cause a copy of the Long-Form Notice, substantially in the form annexed hereto as Exhibit A-2, to be published on the Settlement Website;

c. Not later than thirty (30) days following the date of this Order, and in any event at least one (1) day prior to the sending of Email Notice, Defendants shall (i) establish the Settlement Website and (ii) ensure nationwide access to the Settlement Website by registering the Settlement Website with Google, establishing web links from the Defendants' Websites, and including the Settlement Website on Email Notice and Postcard Notice to Class members.

6. The Court approves, as to form and content, the Email Notice and the Long-Form Notice and approves as to content the Postcard Notice (collectively the "Notices"), and finds that

the emailing and other distribution and publication of the Notices substantially in the manner and form set forth in Paragraph 5 of this Order satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitutes the best notice practicable under the circumstances.

7. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement and those relating to claims not released by the Settlement, are hereby stayed and suspended until further order of this Court.

8. At least seven (7) days prior to the date fixed by this Court for the Fairness Hearing, Defendants and/or the Settlement Administrator shall cause to be served on Class Counsel and filed with the Court affidavits or declarations of the person or persons under whose general direction the emailing and other distribution and publication of the Notice shall have been made, showing that such emailing and other distribution and publication have been made in accordance with this Order.

9. Defendants may retain the Garden City Group as the Claims Administrator to supervise and administer the notice procedure, process Authentication Forms, and administer the Settlement.

10. A hearing (the "Fairness Hearing") shall be held before this Court on September 11, 2007 at 2:30 p.m. at the United States District Court, District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, for the purpose of: (i) determining whether the preliminary certification of the Settlement Class herein should be made final; (ii) determining whether the Settlement should be approved as fair, reasonable and adequate to the Settlement Class members, and whether the Judgment should be entered; (iii) considering Class Counsels' application for an award of attorneys' fees and payment of costs and

expenses; (iv) hearing and determining any objections to the Settlement or Class Counsels' application for an award of attorneys' fees and expenses; and (v) rule on such other matters as the Court may deem appropriate.

11. On or before August 20, 2007, counsel for the Parties shall cause to be served on each other and filed with the Court such further papers as they desire to be considered by the Court in support of the proposed Settlement, certification of the Settlement Class, Class Counsels' request for an award of attorneys' fees and reimbursement of expenses, and the proposed Judgment.

12. Any Class member may be heard and/or appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate and why Judgment should or should not be entered thereon; why the Settlement Class should not be certified; or why Class Counsel should or should not be awarded attorneys' fees and payment of expenses in the amounts sought by Class Counsel; *provided, however,* that no Class member shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered, the certification of the Settlement Class, or Class Counsels' application for an award of attorneys' fees and payment of expenses, unless on or before August 20, 2007, the Class member has served by hand or by first-class mail written objections (which comply with the requirements of Section VIII(c) of the Long-Form Notice) and copies of any supporting papers and briefs upon Class Counsel:

| | |
|---|---|
| Michael L. McGlamry | Wilson F. Green |
| Wade H. Tomlinson | Battle, Fleenor, Green, Winn |
| Pope, McGlamry, Kilpatrick, | & Clemmer LLP |
|   Morrisson & Norwood, LLP | 505 N. 20th Street |
| 3455 Peachtree Road, N.E. | Suite 1150 |
| Suite 925 | Birmingham, AL 35203 |
| Atlanta, GA 30326 | |

Carmella P. Keener
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19801-1070

and upon Defendants' Counsel:

Michael O'Neil
Paula D. Friedman
DLA Piper US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601

William Lafferty
Morris, Nichols, Arsht
 & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801

and has filed, on or before August 27, 2007, the objections, papers and briefs showing due proof of service upon all counsel identified above with the Clerk of the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801.

13. Any member of the Class who does not object in the manner prescribed above shall be deemed to have waived and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgment to be entered thereon, or Class Counsel's application for an award of attorneys' fees and payment of expenses, unless otherwise ordered by the Court.

14. In the event any member of the Class timely serves and files written objections, as set forth above, Class Counsel and Defendants' Counsel may, as they deem appropriate, submit reply papers, which shall be filed and served on or before seven (7) days prior to the Fairness Hearing.

15. Any member of the Class may enter an appearance in this Action, at his or her own expense, individually or through counsel of his or her own choice. If a member of the Class does not enter an appearance, he or she will be represented by Class Counsel.

16.    Any member of the Class who does not opt out, in accordance with instructions provided in the Notice, postmarked on or before August 27, 2007, shall be bound by the proposed Settlement provided for in the Stipulation and by any judgment or determination of the Court affecting members of the Class.

17.    No member of the Class shall have any claim against Lead Plaintiff or Class Counsel based on the Injunctive or In-Kind Relief made substantially in accordance with the Orders of the Court. No Class member shall have any further rights or recourse against or as to the Defendants for any matter related to the distributions of In-Kind Relief or the process generally.

18.    In order to be entitled to participate in the In-Kind Relief provided in the Settlement, a Class Member must timely complete and submit an Authentication Form, in a form substantially similar to that available on the Settlement Website, either on-line at the Settlement Website, or via mail to the Settlement Administrator:

> Townes Settlement
> c/o The Garden City Group, Inc.
> P.O. Box 9114
> Dublin, OH 43017-4114

To be valid and accepted, an Authentication Form must be postmarked on or before seventy-five (75) days after entry of the Judgment finally approving the Settlement. Any Class Member who does not timely submit a valid Authentication Form shall not be entitled to share in the In-Kind Relief set forth in the Settlement, except as specifically ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Released Claims.

19.    Neither the existence of the Stipulation and/or the Settlement nor the provisions contained therein shall be deemed: (i) a presumption, concession or admission by any of the

CHGO1\30917394.2

Defendants of any wrongdoing, liability or default as to any facts or claims which were or could have been alleged or asserted in the Action or any other action or proceeding, or as a concession of jurisdiction in any other action or proceeding; or (ii) a presumption, concession or admission by any of the Defendants that certification of a class, other than for settlement purposes, would be appropriate; or (iii) an admission of the infirmity of any claim against any of the Defendants or of any inability of Plaintiff to establish the liability of any of the Defendants. The Stipulation, the Settlement and this Order are not intended to be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in any action or proceeding other than any proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or the Judgment.

20.   The Court shall retain continuing jurisdiction over the Settlement and the administration thereof. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

21.   In the event the Settlement as set forth in the Stipulation is terminated or cancelled or fails to become effective for any reason, then the shall proceed in all respects as if the Stipulation, and related orders had not been executed and without prejudice in any way from the negotiation, fact, or terms of the Settlement. The Stipulation and the Settlement, in such event, shall be subject to Federal Rule of Evidence 408 and shall not entitle any Party to recover any costs incurred in connection with the implementation of the Stipulation or Settlement.

IT IS SO ORDERED.

DATED: APRIL 16, 2007

_____
JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

CHGO1\30917394.2

8