IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES, IV, Individually and on behalf of all Persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC and TRUELINK, INC., <br><br> Defendant, <br><br> STEVEN G. MILLETT and MELODY J. MILLETT, Individually and on behalf of all Persons similarly situated, <br><br> Intervenors | ) ) ) ) ) ) ) ) C.A. No.: 04-1488-JJF ) ) ) ) ) ) ) ) ) ) ) ) ) |

### DECLARATION OF MICHAEL W. BLANTON
### IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

Michael W. Blanton, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am a member of the Missouri Bar. I have been admitted *pro hac vice* in the action designated Millett v. Truelink, Inc., Case No. 05-599-SLR, District of Delaware ("Millett Action"). In conjunction with the associated motion for leave to intervene in the action identified in the caption ("Townes Action"), I have applied to be admitted *pro hac vice* in the Townes Action. I serve as counsel for Steven G. Millett, Melody J. Millett and the prospective class of persons that they seek to represent in the Millett

-1-

   Action. I submit this declaration in support of the Millett's Motion for Leave to Intervene.

2.  The statements made herein are based upon my personal knowledge and I am competent to testify to the statements set forth herein.

3.  The document attached hereto as Exhibit E1 is a true and correct copy of an email that I received from opposing counsel in the Millett Action on January 18, 2007.

4.  The document attached hereto as Exhibit E2 is a true and correct copy of an email that I received from opposing counsel in the Millett Action on January 24, 2007.

5.  The document attached hereto as Exhibit E3 is a true and correct copy of an email that I sent to opposing counsel in the Millett Action on January 25, 2007.

6.  The named plaintiffs in the Millett Action dismissed Counts III and IV of their Fourth Amended Petition on March 5, 2007 because they did not want to encroach upon the claims being pursued in the Townes Action.

7.  Beginning in late 2006, I and my co-counsel in the Millett Action engaged in negotiations with counsel for the Defendants in the Townes Action regarding the possibility of a joint settlement agreement that would dispose of both the Townes Action and the Millett Action.

8.  The contour of the settlement negotiations referenced in paragraph 7 are substantially described by the series of emails that are attached hereto as Exhibits E1, E2 and E3.

9.  The settlement agreement that was discussed in the settlement negotiations referenced in paragraph 7 consisted, among other things, of the following components: (1) in-kind relief for class members consisting of free services of the consumer's choice, (2) addition of language to the contract by which Truelink sells Credit Monitoring to inform

the consumer regarding the limited ability of Credit Monitoring to provide identity theft protection, and (3) an injunction that would enjoin the use of certain language in advertising/marketing materials for Credit Monitoring in order to avoid misleading representations regarding the identity theft protection capabilities of Credit Monitoring.

10. The settlement negotiations referenced in paragraph 7 subsequently broke down and the named plaintiffs in the Millett Action were not aware that the parties to the Townes Action had reached their own settlement agreement until they received notice of such settlement on May 10, 2007.

11. To date, the named plaintiffs in the Millett Action have engaged in substantial discovery pertaining to class issues including written discovery, depositions and review of more than 20,000 documents.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on May 15, 2007, at Kansas City, Missouri.

By: *Michael W Blanton*
Michael W. Blanton

**E1**

## Michael W. Blanton

**From:** O'Neil, Michael C. [michael.oneil@dlapiper.com]
**Sent:** Thursday, January 18, 2007 11:59 AM
**To:** joyce@joyceyeagerlaw.com; Barry Grissom; Michael W. Blanton; Bryson Cloon
**Cc:** Friedman, Paula D.; Schuman, Heather
**Subject:** Millet v. TrueLink

Dear Counsel --

At the end of our telephone conference yesterday in which we discussed the proposal set forth in your January 16, 2007, letter, you asked that I summarize TrueLink's response to the six specific terms proposed on behalf of plaintiffs. Our conversation yesterday included topics beyond those specific proposals. For example, I responded briefly to the summary conclusions in your letter regarding the merits of plaintiffs' claims and unspecified distinctions between the claims asserted against TrueLink and the failed claims asserted on behalf of your clients against similarly-situated defendants. I also provided further background as to the current status and history of our lengthy negotiations with counsel in the Townes matter. I will not attempt to summarize those discussions, and instead limit this correspondence to our responses to the six specific proposals in your January 16 letter. Of course, any agreement described below is contingent upon the parties reaching agreement on all terms.

1. As previously noted, TrueLink is prepared to offer in-kind relief to each class member consisting of three months of credit monitoring. I believe the estimated retail value of this offer is approximately $30. TrueLink cannot agree to notify "each class member if TrueLink has sold any product to any other person using that class member's Social Security number." Even if TrueLink believed that such information had any real value, it is unlikely that it could perform the necessary processing of archived data to provide this information.

2. Although not a defendant in this action, Trans Union can agree to maintain its current link to the free annual credit report website for a period of two (2) years.

3. TrueLink is prepared to consider adding language to its website and/or contract advising of the unavailability of information in another person's credit file in connection with its credit monitoring product. We are prepared to respond to the proposed language that you forwarded previously once it appears that we are close to reaching agreement on the other significant settlement terms.

4. You have suggested a settlement term by which TrueLink will be enjoined from using "specific terms and phrases" in future marketing of its credit monitoring product. However, you have not provided such "specific terms and phrases." At this time, given the lack of a specific proposal, TrueLink cannot comment on this proposed term.

5. We are prepared to provide Plaintiffs with copies of their current credit reports. As I explained, TrueLink (and Trans Union) cannot voluntarily provide Plaintiffs with the credit report of a third party. The FCRA does permit a consumer reporting agency to provide credit report information "in response to the order of a court having jurisdiction to issue such an order." 15 U.S.C. Section 1681b(a)(1). We are prepared to agree not to object to a motion filed on behalf of Plaintiffs seeking such a court order pursuant to the FCRA. However, we reserve the right to recommend that the court review the credit report information in camera and/or that notice be provided to the third party before any release of that information. (However, you may want to consider whether providing this unique relief to Plaintiffs may

create the basis for objections to any settlement.)

6. TrueLink is prepared to pay a reasonable "incentive award" to the named Plaintiffs.

Separately, we explained that the statement in your letter that TrueLink's responses to the first request for production of documents are past due, and your calculated deadline for responses to the second set of discovery, are inaccurate. You apparently did not consider Rule 6(e) of the Federal Rules of Civil Procedure, which provides additional time for response when service of the discovery requests were made electronically.

I trust that this correspondence satisfies your request that we memorialize in writing the relevant discussions yesterday. As I explained yesterday, and as I first explained when we met in October, TrueLink has had significant settlement discussions with counsel for plaintiffs in the Townes matter and we need to learn soon whether or not you and your clients will be participating in what we hope to be a final class action settlement. Toward that end, and in light of the progress we have made to date on other settlement terms, we ask that you provide us with the information referenced in paragraph 4 above, as well as information regarding attorneys' fees that may be sought in connection with a settlement.

We look forward to hearing from you soon.


**Michael O'Neil**
DLA Piper US LLP - Chicago
312.368.4098 [Direct]
312.630.7319 [Fax]

---

**From:** joyce@joyceyeagerlaw.com [mailto:joyce@joyceyeagerlaw.com]
**Sent:** Tuesday, January 16, 2007 12:53 PM
**To:** O'Neil, Michael C.
**Cc:** Barry Grissom; Michael W. Blanton; Bryson Cloon; metalmaiden@sbcglobal.net
**Subject:** settlement counteroffer

Barry Grissom, Bryson Cloon, Mike Blanton and I provide the following proposal regarding settlement of this action. This communication is for purposes of settlement discussions only.

B. Joyce Yeager
YEAGER LAW FIRM, L.L.C.
City Center Square, 26th Floor
1100 Main Street
Kansas City, Missouri 64105
816.876.2600
Facsimile 816.221.8763
joyce@joyceyeagerlaw.com

This message from Yeager Law Firm, L.L.C. contains information which is privileged and confidential and is solely for the use of the intended recipient. If you are not the intended recipient, be aware that any review, disclosure, copying, distribution, or use of the contents of this

message is strictly prohibited. If you have received this in error, please destroy it immediately and please notify us immediately at joyce@joyceyeagerlaw.com. Thank You.

---

The information contained in this email may be confidential and/or legally privileged. It has been sent fo the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communicatio in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

**E2**

**Michael W. Blanton**

| | |
|---|---|
| **From:** | O'Neil, Michael C. [michael.oneil@dlapiper.com] |
| **Sent:** | Wednesday, January 24, 2007 4:33 PM |
| **To:** | joyce@joyceyeagerlaw.com; Barry Grissom; Michael W. Blanton; Bryson Cloon |
| **Cc:** | Friedman, Paula D.; Schuman, Heather |
| **Subject:** | Millet v. TrueLink |

Counsel --

I received Mr. Cloon's letter today. I telephoned Mr. Cloon and left a voicemail, but have not heard back from him. Given your collective unwillingness to communicate without having all of your counsel participate, and in order to expeditiously determine the status of our current settlement negotiations, I write to offer some thoughts and questions on Mr. Cloon's letter. Please note that I have not forwarded that letter, or the tenor of that letter, to my client. I am concerned that doing do without first obtaining some clarification from you would seriously undermine any further effort to negotiate a settlement.

We have over the last two months reviewed correspondence from Plaintiffs' counsel setting forth specific (and non-specific) proposed terms of a settlement. We have had several productive telephone conferences regarding those proposals, as well. We have, in turn, responded with specific counter-proposals. The most recent of these correspondence was my e-mail of January 18, summarizing our earlier conversation regarding the six specific terms previously proposed on behalf of plaintiffs. Mr. Cloon's letter does not address these specific responses and counter-proposals, and instead suggests an "impasse" on unspecified terms and/or for unspecified reasons, and proposes that we apparently abandon the current settlement efforts and proceed instead to some unspecified "mediation."

Further making difficult any advancement of our current settlement discussions is your apparent inability to identify what it is you and your clients are looking for at this time. For example, the first numbered paragraph of Mr. Cloon's letter suggests that offering only credit monitoring services to the class is insufficient. Yet, you do not identify what other product you propose be made available to the class. In the second numbered paragraph, Mr. Cloon complains that "it is not clear as to whether [TrueLink is] willing to make meaningful changes" to its marketing materials. Yet, despite several requests, you have not offered any proposed marketing changes.

Mr. Cloon's letter also fails to provide any insight into the attorneys' fees that will be sought in this case. Given the tenor of Mr. Cloon's letter it probably is not appropriate to discuss attorneys' fees at this point. Nonetheless, I write to reiterate what we have communicated previously. The class settlement that TrueLink is contemplating has been negotiated primarily with plaintiffs' counsel in the Townes action and the class-wide relief that may be afforded under that agreement is, therefore, attributable to the efforts of those counsel. Since our first discussions regarding this case I have invited you to participate in these settlement discussions. You declined. More recently, and separately, you have proposed settlement terms above and beyond those demanded by Townes counsel that, if accepted, may benefit the class. If such terms were part of a final settlement agreement that you and your client were parties to, you could potentially claim responsibility for such class benefit. Of course, if such

class-wide relief is not included in a settlement agreement that resolves the claims of the class you seek to represent, or is included in such agreement but you and your clients are not parties to that agreement, you could not argue that you are responsible for that benefit.

Given the six months of settlement negotiations we have had with Townes counsel, and the fact that the class you purport to represent is subsumed within the class that the Townes plaintiffs also purport to represent, it makes no sense to begin discussions regarding the contours of a separate mediation that would occur potentially months from now.

Please advise at your earliest convenience if you intend to respond to my January 18 e-mail and/or whether we will continue to advance the type of specific settlement discussions we have had over the last two months. If, in fact, you want to abandon those efforts and the structure of the settlement we have been discussing, please advise of that fact as well.


Michael O'Neil
DLA Piper US LLP - Chicago
312.368.4098 [Direct]
312.630.7319 [Fax]

---

The information contained in this email may be confidential and/or legally privileged. It has been sent fo the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communicatio in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

5/15/2007

**E3**

**Michael W. Blanton**

| | |
|---|---|
| **From:** | Michael W. Blanton |
| **Sent:** | Thursday, January 25, 2007 1:51 PM |
| **To:** | 'michael.oneil@dlapiper.com' |
| **Cc:** | Michael Blanton; Barry Grissom; Bryson Cloon; 'joyce@joyceyeagerlaw.com'; 'paula.friedman@dlapiper.com'; 'Heather.Schuman@dlapiper.com' |
| **Subject:** | Millett v. TrueLink |

Counsel,

On behalf of the entire Millett litigation team, following our team conference on this date, we are providing this correspondence in response to your email correspondence of January 18th and January 24th. In your January 18th correspondence you set forth Defendant's proposals on six separate aspects of a proposed settlement agreement. In your correspondence of January 24th you indicated a desire for Plaintiffs' counsel to specifically address the six issues discussed in your correspondence of January 18th. Your January 24th correspondence also discussed the relationship between counsel in the Townes action and counsel in the Millett action in relation to settlement and attorney's fees. This letter addresses the six specific points addressed in your January 18th correspondence and the additional issues raised in your January 24th correspondence.

In past communications regarding settlement there has been a fair amount of posturing by both parties regarding the strength of our relative positions. In this letter, Plaintiffs will dispense with any detailed litany of the merits of our case and will simply state that we believe we have a strong case and that our case involves claims that are substantially different from those stated in the Townes action. In regard to the six specific points raised in your January 18th correspondence, our response is as follows:

1.     We believe both parties are willing to agree in principle that in-kind relief would be appropriate in this action. You have previously referenced an offer in the Townes action that would provide approximately $30 of relief per class member. Plaintiffs have indicated that they believe this amount of relief is insufficient. Plaintiffs have also indicated that they believe the in-kind relief should not be limited to a specific product, but should instead be a credit that can be used toward various products of Defendant. Plaintiffs are still willing to consider in-kind relief, with the above-noted qualifications. Is Defendant willing to consider a higher amount of in-kind relief and/or flexibility in the products that are the subject of that in-kind relief? If Defendant is not willing to move on either of these requests then we believe that settlement negotiations are at an impasse.

2.     We believe that the parties are essentially in agreement regarding TransUnion maintaining its current link to the free annual credit report website for a period of two (2) years. If Plaintiffs are mistaken in this belief, please indicate your position.

3.     We believe that Defendant has agreed to the concept of adding language to its contract in the nature of the language previously provided by Plaintiffs, with the caveat that additional negotiation would be necessary regarding the specific language to be included. If Plaintiffs are mistaken in this belief, please indicate your position.

4.     Plaintiffs have previously indicated that changes to marketing language would be an essential element of any settlement agreement. Plaintiffs have further proposed that this could be accomplished

by way of an injunction regarding the use of certain terms and/or language. While Defendant has generally indicated that it would consider specific requests, Defendant has been ambiguous as to whether it agrees with this concept in principle. For example, in your correspondence of January 18th, you indicate that Defendant will not comment on this proposal. Plaintiffs understand that negotiation would be required regarding specific language and/or terms. However, Plaintiffs need clarification that Defendant is willing to negotiate regarding an injunction pertaining to marketing language. If such an injunction is not on the table, then we believe that settlement negotiations are at an impasse.

5.      We believe that the parties are essentially in agreement with regard to Defendant providing Plaintiffs with copies of the information contained in their credit files and Defendant not contesting efforts by Plaintiffs to obtain credit information regarding the identity thief. If Plaintiffs are mistaken in this belief, please indicate your position.

6.      We believe that the parties are in agreement that a reasonable incentive award for Plaintiffs would be an appropriate part of any settlement agreement. If Plaintiffs are mistaken in this belief, please indicate your position.

In light of the above responses, it appears to Plaintiffs that the parties are moving toward agreement on items 2, 3, 5 and 6. It further appears that the parties may have reached an impasse with regard to items 1 and 4. With regard to items 1 and 4, Plaintiffs seek clarification on the following questions:

(1) Is Defendant willing to consider a higher amount of in-kind relief and/or flexibility in the products that are the subject of that in-kind relief, and

(2) Is Defendant willing to agree in principle to an injunction pertaining to marketing language, provided that the specific language and/or terms that are the subject of the injunction be negotiated and agreed between the parties?

If Defendant is not willing to move on the above points, then we believe that settlement negotiations are at an impasse.

You have previously raised the issue of attorney's fees and you again raised that issue in your correspondence of January 24th. As we have previously explained, we believe the potential exposure to Defendant in this action is hundreds of millions of dollars. Furthermore, as we have explained above, we are seeking relief that goes well beyond that currently proposed in the Townes action. We believe that the monetary value of the relief Plaintiffs are seeking is in excess of $100 million. Accordingly, we believe that appropriate attorney's fees in the event of settlement would be in the seven-figure range.

Finally, in your correspondence of January 24th you indicated that if relief for Plaintiffs' claims is included in a settlement to which Plaintiffs are not a party, then Plaintiffs' counsel would not be entitled to any attorney's fees. It is difficult to see how a settlement that does not involve Plaintiffs could include settlement terms that would adequately address claims stated in Plaintiffs' complaint. Plaintiffs' claims are significantly different from the claims in Townes and, accordingly, relief that is tailored to the claims in Townes would not address Plaintiffs' claims. Furthermore, if Defendant entered into a settlement agreement in Townes that purported to dispose of Plaintiffs' claims, while not providing adequate relief to Plaintiffs, Plaintiffs would seek to intervene in that action and to achieve a satisfactory alteration of the settlement terms. Plaintiffs have already had to take such action on one occasion in the Browning action and Plaintiffs are willing to take whatever steps are necessary to protect the interests of their prospective class.

Please advise of your position with regard to the above noted points. We look forward to hearing from you soon.

Michael W. Blanton
Swanson Midgley, LLC
2420 Pershing Road, Suite 400
Kansas City, MO 64108
tel. 816-842-6100
fax. 816-842-0013

NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and may contain confidential and legally privileged information intended for the use of the person(s) named above. If you received this electronic transmission in error, please reply to the above-referenced sender about the error and permanently delete the original message and any attachments. Unauthorized use, copying, review and/or distribution to unauthorized persons is strictly prohibited. Further, the Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or computers or even some computer unconnected to either of us which the e-mail passed through. We are communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communication to be sent in a different fashion, please let us know at (816) 842-6100 AT ONCE.

TAX ADVICE DISCLOSURE: In compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matter(s) addressed herein.

5/15/2007