IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES, IV,<br>Individually and on behalf of<br>all persons similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TRANS UNION, LLC, AND<br>TRUELINK, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　Case No. 04-1488-JJF<br>)<br>)<br>)<br>)　CLASS ACTION<br>)<br>)<br>) |

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO
MOTION FOR LEAVE TO INTERVENE**

---

　　　　　　　　　　　　　　　　　　**ROSENTHAL, MONHAIT & GODDESS, P.A.**
　　　　　　　　　　　　　　　　　　Carmella P. Keener (DSBA No. 2810)
　　　　　　　　　　　　　　　　　　919 Market Street, Suite 1401
　　　　　　　　　　　　　　　　　　Citizens Bank Center
　　　　　　　　　　　　　　　　　　Wilmington DE 19801
　　　　　　　　　　　　　　　　　　(302) 656-4433
　　　　　　　　　　　　　　　　　　ckeener@rmgglaw.com

　　　　　　　　　　　　　　　　　　*ATTORNEYS FOR PLAINTIFF*

**OF COUNSEL:**
POPE, McGLAMRY, KILPATRICK,　　　　ARTHUR R. MILLER
MORRISON & NORWOOD, LLP　　　　　Areeda Hall 225
Wade H. Tomlinson, Esq. (Ga. Bar No. 714605)　Harvard Law School
C. Neal Pope, Esq. (Ga. Bar No. 583769)　　Cambridge, MA 02138
1111 Bay Avenue, Suite 450
P. O. Box 2128 (31902-2128)　　　　　　　**BATTLE, FLEENOR, GREEN,**
Columbus, GA 31901　　　　　　　　　　**WINN & CLEMMER, LLP**
706-324-0050　　　　　　　　　　　　　Wilson F. Green, Esq.
　　　　　　　　　　　　　　　　　　Harlan F. Winn, III, Esq.
Michael L.McGlamry, Esq. (Ga. Bar No. 492515)　The Financial Center
The Pinnacle, Suite 925　　　　　　　　　505 North 20th Street, Suite 1150
3455 Peachtree Road, N.E.　　　　　　　Birmingham, AL 35203
P. O. Box 191625 (31119-1625)　　　　　205-397-6160
Atlanta, GA 30326-3243
404-523-7706

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................................i

TABLE OF AUTHORITIES ..........................................................................................................ii

NATURE OF THE PROCEEDINGS..............................................................................................1

SUMMARY OF ARGUMENT .......................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

ARGUMENT...................................................................................................................................7

    1. The Milletts Do Not Have Any Interest That Permits Intervention.........................................7

    2. The Settlement Protects the Interests of All Settlement Class Members................................9

CONCLUSION..............................................................................................................................12

## TABLE OF AUTHORITIES

## NATURE OF THE PROCEEDINGS

This Brief is in Opposition to the Motion for Leave to Intervene filed by Mr. and Mrs. Millett (hereinafter "Milletts" or "Putative Intervenors"). The Milletts are plaintiffs in an action currently pending in the United States District Court for the District of Delaware before the Honorable Sue L. Robinson, that case being <u>Millett v. TrueLink, Inc.</u>, C.A. No. 05-599-SLR. The Milletts have moved to intervene in this action, wherein the parties have proposed a class settlement.

## SUMMARY OF ARGUMENT

1.  The Milletts' Motion to Intervene as a matter of right should be denied in that the Milletts cannot satisfy the requirements of Fed.R.Civ.P. 24(a). Because the Milletts are named plaintiffs in a pending case – the afore-referenced <u>Millett v. TrueLink</u> case – they are excluded by the express terms of the settlement agreement from the settlement proposed here. <u>See</u> discussion <u>infra</u>. Thus, they have no significantly protectable or other cognizable interest relating to the property or transaction which is the subject of this action that will be impaired or impeded by the disposition of this case through settlement. The Milletts failed to disclose the crucial fact of their exclusion from the Settlement Class to the Court. The "interest" the Milletts seek leave to intervene to represent is not their own, but rather, is the interest of an unmoved for and uncertified putative class. If the Milletts lack standing to intervene on their own behalf, they lack standing to intervene on behalf of others.

Because the Milletts are <u>not</u> members of the proposed settlement class, they cannot rely on law in this Circuit that unnamed class members need not establish a sufficient interest in the underlying litigation and need not show threatened impairment or

impediment. See Liberty Mutual Ins. Co. v. Treesdale, Inc., 419 F.3d 216 (3rd Cir. 2005), and In re Community Bank of Northern Virginia, 418 F.3d 277 (3rd Cir. 2005), cited in the Milletts' Brief at pp. 18-19. In the absence of the applicability of that law, the Milletts have not shown and cannot show the interest or impairment of interest Rule 24(a) requires.

2. Even if the Milletts could show an interest that is threatened by the settlement and disposition of this case, which they cannot, the Milletts cannot show they were not adequately represented here. The relief the Milletts admit they were negotiating for in their own settlement discussions with TrueLink has been obtained here. See Milletts' Brief at p. 10 (identifying in-kind relief; addition of language regarding limited ability of Credit Monitoring offering; and an injunction changing the statements about and representations concerning Credit Monitoring). See also Settlement Agreement, Townes Docket No. 66, at ¶¶ 5.1.1 – 5.1.6 and 6.1 – 6.2.

## STATEMENT OF FACTS

This action (Townes v. TransUnion, LLC and TrueLink, Inc.) was filed on December 1, 2004. See Townes Complaint, Docket No. 1. In his Complaint, Mr. Townes challenged the conduct of TransUnion and TrueLink with regard to the sale of various credit-related offerings on the Internet. See generally id. The law firms of Pope, McGlamry, Kilpatrick, Morrison & Norwood, LLP ("Pope McGlamry) and Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") were appointed interim counsel by Order dated October 31, 2005. See Docket No. 27. In addition to attorneys from those two firms, Professor Arthur Miller and attorneys from Battle, Fleenor, Green, Winn &

Clemmer, LLP ("Battle Fleenor") and Rosenthal, Monhait & Goddess, P.A. ("Rosenthal") have worked on this case.[1]

This action has been vigorously litigated. Plaintiff Townes, through his counsel, has deposed some eleven (11) witnesses over thirteen (13) days and has reviewed over 52,000 pages of documents. The depositions were taken in Chicago, Illinois; San Luis Obispo, California; and Pismo Beach, California. See Declaration of Wade H. Tomlinson ("Tomlinson Dec."), submitted contemporaneously herewith, at ¶6. Plaintiff Townes sought third party production from eight (8) different entities, including Google, Yahoo, Microsoft, Be Free, oneupweb, digital impact, target com, and credit expert, consumerinfo.com. To date, the Pope McGlamry firm alone has incurred over $91,000.00 in expenses. See id. at ¶ 6.

While vigorously litigating this action, the parties also have discussed settlement. Pursuant to this Court's direction, Magistrate Judge Thynge conducted a mediation conference on or about June 27, 2006. Plaintiff Townes attended this mediation, as did two members of the Pope McGlamry firm. Though that mediation was unsuccessful, the parties continued to discuss and negotiate the terms of a potential settlement. Finally, after extensive negotiations and as the time neared for Plaintiff to file his Motion for Class Certification, the parties reached a settlement. See Docket No. 66, Settlement Agreement. See also Tomlinson Dec. at ¶ 8. A hearing to consider the approval of the settlement as fair, reasonable and adequate has been set for September 11, 2007. See April 16, 2007 Order, Docket No. 69.

---

[1] Milberg Weiss withdrew as counsel on August 11, 2006. See Docket No. 44.

Relatively contemporaneously with the Townes case, the Pope McGlamry firm also was litigating two other cases wherein the plaintiffs there (Robbie Hillis and Christy Slack) challenged the conduct of Equifax Consumer Services, Inc. (the consumer arm of credit reporting agency Equifax) and Fair Isaac Corporation (the entity which developed the FICO credit score) regarding their sale of alleged credit repair related offerings on the Internet. See Tomlinson Dec. at ¶ 9. See also Exs. 1 and 2 thereto, which are copies of the Docket Sheets in the Hillis v. Equifax matter and the Slack v. Fair Isaac matter, respectively. After difficult and extensive negotiations, these cases also have settled. See Hillis/Slack Preliminary Approval Order, Tomlinson Dec. Ex. 3. Like the settlement in this case, these two cases were settled after the plaintiff in each case had fully discovered the facts. In Hillis and Slack, however, the plaintiffs had filed motions for class certification and for summary judgment. The Slack Court had not yet ruled on plaintiff Slack's motions, though oral argument had been heard. However, the Hillis court had issued its ruling on plaintiff Robbie Hillis' motions. See Hillis v. Equifax Consumer Services, Inc. and Fair Isaac Corp., 237 F.R.D. 491 (N.D. Ga. 2006). In that Order, the Hillis Court denied Hillis' motion for class certification (primarily on superiority grounds) and granted in part and denied in part his motion for summary judgment (finding that Equifax and Fair Isaac were joint venture partners and that the offerings were "services", but construing the CROA, 15 U.S.C. § 1681 et seq., very narrowly to apply only to services purporting to change accurate historical information). The Hillis Court's rulings greatly increased the risks of continued litigation and created the real possibility that the plaintiff might not prevail, even on his individual liability case.

4

Plaintiff Hillis moved to reconsider, and the settlement in that case was reached while that motion was pending. See Tomlinson Dec. at ¶ 9.

The Milletts, the Putative Intervenors here, also had an action pending in the United States District for the Northern District of Georgia, the same court wherein the Hillis action was pending and in which court the Hillis and Slack cases were consolidated for settlement purposes. See Millett v. Equifax Docket Sheet, Tomlinson Dec. Ex. 4. Though the settlement in Hillis and Slack is very similar to the settlement in this Townes case, the Milletts did not object to the settlement in Hillis and Slack. Rather, the Milletts settled their individual case. See id. at Docket No. 102. See also Notice filed by Equifax in the Hillis/Slack case, Tomlinson Dec. Ex. 5. The Hillis and Slack Settlement Agreement provides for in-kind relief similar to that proposed in this the Townes case. It also contains restrictions on the marketing and advertising associated with the offerings on the website and certain disclaimer language. The Hillis/Slack settlement also contains the following exclusion:

> Settlement Class or Class, however, shall not include: ... (v) all persons who have pending against any of the Defendants on the date of entry of the Preliminary Approval Order any action wherein the recovery sought is encompassed by the Released Claims.

Hillis/Slack Settlement Agreement, Tomlinson Dec. Ex. 6, at ¶ 44(v).

The Townes Settlement Agreement contains a similar exclusion:

> Settlement Class or Class, however, shall not include: ... (v) all persons who are named plaintiffs in any action pending against any of the Defendants on the date of entry of the Hearing Order wherein the recovery sought is encompassed by the Released Claims.

5

See Townes Settlement Agreement, Docket No. 66, at ¶ 2.24(v). By this language, the Milletts are excluded from the Townes Settlement, and their interests can be pursued in their individual action.

The Milletts v. TrueLink action had its beginnings in an action filed in federal court in Kansas. See Millett v. TrueLink Docket Sheet, Tomlinson Dec. Ex. 7, at Docket Nos. 1-38. Eventually, the Milletts filed three different cases in Georgia, California and Delaware, the first being the aforementioned Millett v. Equifax case, and the latter being the Millett v. TrueLink case. See Millett v. TrueLink Docket Sheet, Tomlinson Dec. Ex. 7, at December 14, 2005 Docket Entry. In that Second Amended Complaint, the Milletts asserted claims arising out of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1681 et seq. The Milletts maintained their CROA claims through their Third and Fourth Amended Complaints. See id., Tomlinson Dec. Ex. 7, at Docket Nos. 70, 76.

The Townes Settlement Agreement, in many ways like the Hillis/Slack Settlement Agreement, provides for in-kind relief and an injunction that prohibits the use of various words and phrases. The Townes Settlement Agreement also includes a disclaimer that explains the limitations inherent in the TransUnion Credit Monitoring Offering (i.e., that it does not cross-reference any credit files other than those of the purchaser of the offering). See Townes Settlement Agreement, Docket No. 66, at ¶ 5.1.6. Thus, the relief the Milletts seek through intervention is already provided for in large measure in the Townes Settlement Agreement, and in any event, the Milletts are excluded from the settlement at issue here.

6

**ARGUMENT**

The Milletts move for intervention as of right as provided for in Fed.R.Civ.P. 24(a). The Milletts cite two cases for the application of that Rule: Liberty Mutual Ins. Co. v. Treesdale, Inc., supra, 419 F.3d 216; In re Community Bank of Northern Virginia, supra, 418 F.3d 277. See Milletts' Brief at pp. 19-20. Pursuant to the Liberty Mutual case, the Milletts must satisfy four requirements to intervene pursuant to Rule 24(a): (1) file a timely motion; (2) show sufficient interest in the matter for which intervention is sought; (3) establish the aforementioned "interest" will be impaired or impeded by the disposition of the underlying matter; and (4) show the existing parties to the underlying matter do not adequately represent the putative intervenor's interests. Liberty Mutual Ins. Co., 419 F.3d at 220. The Milletts cannot satisfy this standard.

### 1. The Milletts Do Not Have Any Interest That Permits Intervention[2]

The Milletts cite In re Community Bank for the proposition that, in class actions, the second and third elements are satisfied by the very nature of Rule 23 class action litigation. See Milletts' Brief at 19. The Milletts infer, then, that they are members of the Townes Settlement Class such that elements two and three are satisfied. Id. See also id. at 23 (expressly stating the second and third prongs are automatically met). The Milletts then go on to urge their interests are not adequately represented because the Milletts'

---

[2] With respect to timeliness, counsel for TrueLink filed a letter in the Millett v. TrueLink case with the Clerk of this Court on December 19, 2005 advising the Court of a related case, i.e., the Townes v. TransUnion and True Link case. See Millett v. TrueLink Docket Sheet, Tomlinson Dec. Ex. 7, at Docket No. 56. If the Milletts believed it was necessary to intervene in the Townes case to protect their interests, such motion should have been filed upon notice of the "related" case. Indeed, in denying the Milletts' motion to be appointed interim class counsel in the Millett v. TrueLink case, the Honorable Sue L. Robinson noted that the Milletts argued that the Millett case was unrelated to the Townes case. See August 31, 2006 Memorandum Order, Tomlinson Dec. Ex. 8, at p. 3. See also Millett v. TrueLink Docket Sheet, Tomlinson Dec. Ex. 7, at Docket No. 73.

interests diverge from the interests of the Townes Settlement Class and, on account thereof, they should be allowed to intervene on behalf of the putative Millett Class.

But the Milletts are expressly excluded from the Townes Settlement Class by virtue of the provisions in the Agreement discussed supra. The Milletts, therefore, have no significantly protectable interest in the underlying matter. See Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3rd Cir. 1995) (sufficient legal interest for intervention purposes is one that is significantly protectable); Brody v. Spang, 957 F.2d 1108, 1116 (3rd Cir. 1992) (must consider existence of protectable interest at both merits and remedy phase); United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1185 (3rd Cir. 1994) (the interest must belong to the putative intervenor); EEOC v. Customer Companies, Inc., 2003 U.S. Dist. Lexis 19189 (N.D. Ill. 2003) (a putative intervenor who is not a member of the class cannot satisfy Rule 24(a)); Bradburn Parent/Teacher Store, Inc. v. 3M, 2004 U.S. Dist. Lexis 25246 at *3 (E.D. Pa. 2004) (putative intervenor who is excluded from the class has no direct interest in the outcome of the litigation); In re World Health Alternatives Sec. Lit., 2007 U.S. Dist. Lexis 6987 (W.D. Pa. 2007) (putative intervenor that is not a party to the proposed settlement lacks sufficient interest to intervene).

Since the Milletts have no significantly protectable interest, they do not satisfy the requisite elements for intervention of right. Nor can they, therefore, show that any interest will be impaired or impeded. The Milletts' only interest in the underlying litigation is their desire to represent a class. That is not a significantly protectable interest under Rule 24(a). If one is not a member of the Settlement Class, and therefore cannot intervene on his own behalf, one lacks sufficient interest to represent other members of

8

the Settlement Class and cannot intervene to do so. Duffy v. Delaware County Board of Prison Inspectors, U.S. Dist. Lexis 13342 at *13 (E.D. Pa. 1991) (if putative intervenor cannot intervene individually, he cannot represent a class of intervenors, citing Fed.R.Civ.P. 23(a)).

The Milletts are free to litigate their individual claims against TrueLink under whatever theory they choose, and they are free to seek whatever relief they believe is appropriate. But, as persons excluded from the Settlement Class, they cannot intervene either individually or so as to represent persons in an unmoved for and uncertified class.

### 2. The Settlement Protects The Interests Of All Settlement Class Members

The Milletts complain that the Settlement purports to settle claims of persons not within the original Class description set forth in the Townes Complaint and that the settlement affords no benefit to persons with claims like those raised in the Millett v. TrueLink case. See Milletts' Brief at pp. 17-18. These contentions provide no basis for intervention and are not correct, as the settlement here provides significant relief to all Class Members (not just a sub-group), including relief responsive to the allegations in the Millett v. TrueLink case that the credit monitoring service does not cross-reference the purchaser's credit file with other persons' files in the database. Indeed, this latter relief, provided in the form of the disclaimer/injunctive relief discussed supra at pp. 5 – 6 (credit monitoring offerings monitor only the credit file associated with the purchasing consumer and do not monitor, compare or cross-reference that credit file with any other credit file), was not included in the Hillis/Slack settlement, yet the Milletts did not move to intervene in the Hillis case or otherwise object to that settlement on that ground.

9

While it is true that the allegations in the Townes case and in the Millett case are not the same, the TransUnion and/or TrueLink offerings at issue in Townes include the credit monitoring offering at issue in Millett. To the extent the Milletts complain that the Townes Settlement resolves claims not originally pled, it is clear that class action settlements should be approved even where claims that originally were not pled and could not have been pled are resolved by settlement. See Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367 (1996). The Milletts' argument that the release here is overbroad is, therefore, without merit.

The thrust of the Milletts' claim is that the statements made on the website about the credit monitoring offering do not make it plain that the offering will not cross-reference other credit files such that, for example, if an individual uses another individual's Social Security number to obtain credit, the offering will not pick up that fact. The disclaimer referenced earlier, contained in the Townes Settlement Agreement, Docket No. 66, at ¶ 5.1.6, clarifies this point. This is exactly the type relief the Milletts admit they were negotiating to obtain for the putative class in their case (the Millett case), and indeed, by reference to the e-mail exhibits to the Milletts' motion to intervene, it is the type of relief the Milletts had agreed to until the negotiations broke down.

In addition to the disclaimer/injunctive relief, all members of the Townes Settlement Class, including any persons ostensibly members of the putative Millett class, will receive three free months of credit monitoring with no additional or further obligation. Also, the other injunctive features of the Townes Settlement (the restrictions on TransUnion and TrueLink's advertising and marketing) inure to the benefit of all consumers, including those in the putative Millett class.

The persons who might be in some future Millett class have been adequately represented. Each has the right to opt out of the settlement if he or she desires to litigate individually or, if he or she has no desire to litigate at all.

## CONCLUSION

For the reasons set forth herein, Plaintiff Townes respectfully urges that the Milletts' motion to intervene pursuant to Rule 24(a) be denied.

Dated: June 4, 2007

                       **ROSENTHAL, MONHAIT & GODDESS, P.A.**

            By:    */s/ Carmella P. Keener*
                  Carmella P. Keener (DSBA No. 2810)
                  919 Market Street, Suite 1401
                  Citizens Bank Center
                  Wilmington DE 19801
                  (302) 656-4433
                  ckeener@rmgglaw.com

                  *ATTORNEYS FOR PLAINTIFF*

**OF COUNSEL:**

| | |
|---|---|
| **POPE, McGLAMRY, KILPATRICK, MORRISON & NORWOOD, LLP** | **ARTHUR R. MILLER** Areeda Hall 225 |
| Wade H. Tomlinson, Esq. (Ga. Bar No. 714605) | Harvard Law School |
| C. Neal Pope, Esq. (Ga. Bar No. 583769) | Cambridge, MA 02138 |
| 1111 Bay Avenue, Suite 450 | |
| P. O. Box 2128 (31902-2128) | **BATTLE, FLEENOR, GREEN, WINN & CLEMMER, LLP** |
| Columbus, GA 31901 | |
| 706-324-0050 | Wilson F. Green, Esq. |
| | Harlan F. Winn, III, Esq. |
| Michael L. McGlamry, Esq. (Ga. Bar No. 492515) | The Financial Center |
| The Pinnacle, Suite 925 | 505 North 20th Street, Suite 1150 |
| 3455 Peachtree Road, N.E. | Birmingham, AL 35203 |
| P. O. Box 191625 (31119-1625) | 205-397-6160 |
| Atlanta, GA 30326-3243 | |
| 404-523-7706 | |

12

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 4th day of June, 2007, I caused the foregoing Plaintiff's Brief in Opposition to Motion for Leave to Intervene to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

William M. Lafferty, Esquire  
Morris, Nichols, Arsht & Tunnell, LLP  
1201 N. Market Street  
P.O. Box 1347  
Wilmington, DE 19899-1347

Christopher J. Curtin, Esquire  
Erisman & Curtin  
629 Mt. Lebanon Road  
Wilmington, DE 19803

/s/ *Carmella P. Keener*  
Carmella P. Keener (DSBA No. 2810)  
ROSENTHAL, MONHAIT & GODDESS, P.A.  
919 Market Street, Suite 1401  
Citizens Bank Building  
Wilmington, DE 19899-1070  
(302) 656-4433  
ckeener@rmgglaw.com

*ATTORNEYS FOR PLAINTIFF*