# EXHIBIT 4

4months, CLOSED

## U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:05-cv-02122-TCB

Millett et al v. Equifax Credit Information Services, Inc. et al  Date Filed: 08/15/2005
Assigned to: Judge Timothy C. Batten, Sr                        Date Terminated: 02/22/2007
Case in other court: District of Kansas (Kansas City), 2:04-    Jury Demand: None
            cv-2274-CM-GLR                                       Nature of Suit: 480 Consumer Credit
Cause: 15:1681 Fair Credit Reporting Act                        Jurisdiction: Federal Question

### Plaintiff

**Steven G. Millett**                              represented by **B. Joyce Yeager**
*On Behalf of Themselves and All Others*                         Yeager Law Firm, LLC
*Similarly Situated*                                             Building 7, Suite 220
                                                                 7270 West 98th Terrace
                                                                 Overland Park, KS 66212
                                                                 913-648-6673
                                                                 Fax: 913-648-6921
                                                                 Email: jyeager@joyceyeagerlaw.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Barry R. Grissom**
                                                                 Law Office of Barry R. Grissom
                                                                 Building 7-Suite 220
                                                                 7270 West 98th Terrace
                                                                 Overland Park, KS 66212-6166
                                                                 913-341-6616
                                                                 Fax: 913-341-4780
                                                                 Email: bgrissom@sprintmail.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Leslie J. Bryan**
                                                                 Doffermyre Shields Canfield Knowles
                                                                 & Devine
                                                                 1355 Peachtree Street, N.E.
                                                                 Suite 1600
                                                                 Atlanta, GA 30309
                                                                 404-881-8900
                                                                 Email: lbryan@dsckd.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Bryson R. Cloon**
                                                                 Cloon Law Firm

One Hallbrook Place
11150 Overbrook Road
Suite 350
Leawood, KS 66211
913-661-9600
Email: bryson@cloonlaw.com
*ATTORNEY TO BE NOTICED*

**Everette L. Doffermyre, Jr.**
Doffermyre Shields Canfield Knowles
& Devine
1355 Peachtree Street, N.E.
Suite 1600
Atlanta, GA 30309
404-881-8900
Email: edoffermyre@dsckd.com
*ATTORNEY TO BE NOTICED*

**Michael W. Blanton**
Swanson Midgley, LLC
2420 Pershing Road
Kansas City, MO 64108
816-842-6100
Email:
mblanton@swansonmidgley.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Melody J. Millett**                          represented by **B. Joyce Yeager**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Barry R. Grissom**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Leslie J. Bryan**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Bryson R. Cloon**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Everette L. Doffermyre, Jr.**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Michael W. Blanton**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Equifax Consumer Services, Inc.**          represented by **Cindy Dawn Hanson**
Kilpatrick Stockton-Atlanta
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
404-815-6500
Email:
chanson@kilpatrickstockton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Audra Ann Dial**
Kilpatrick Stockton-Atlanta
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
404-815-6500
Email: adial@kilpatrickstockton.com
*ATTORNEY TO BE NOTICED*

**Garrett E. Miller**
Kilpatrick Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
404-815-6156
Fax: 404-541-4791
Email: gmiller@kilpatrickstockton.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Equifax Information Services, LLC**          represented by **Audra Ann Dial**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Edward Bertschi**
Kilpatrick Stockton-Atlanta
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
404-815-6500
Email:

cbertschi@kilpatrickstockton.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/15/2005 | 1 | COMPLAINT filed by Steven G. Millett, Melody J. Millett. (Filed 6/16/04 in KS)(dr) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/17/2005) |
| 08/15/2005 | 9 | FIRST AMENDED COMPLAINT-CLASS ACTION against Equifax Credit Information Services, Inc., filed by Steven G. Millett, Melody J. Millett.(dr) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/17/2005) |
| 08/15/2005 | 22 | SECOND AMENDED COMPLAINT-CLASS ACTION against Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc., filed by Steven G. Millett, Melody J. Millett. (Filed 11/18/04 in KS)(dr) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/17/2005) |
| 08/15/2005 | 33 | THIRD AMENDED COMPLAINT-CLASS ACTION against Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc., filed by Steven G. Millett, Melody J. Millett. (Filed 5/23/05 in KS)(dr) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/17/2005) |
| 08/15/2005 | 41 | Consent Order Transferring Case from the District of Kansas (Filed 8/9/05 in KS) (dr) (Entered: 08/17/2005) |
| 08/15/2005 | 42 | Case transferred in from District of Kansas; Case Number 2:04-cv-2274-CM-GLR. Original file with documents numbered 1-41, certified copy of transfer order and docket sheet received. (dr) (Entered: 08/17/2005) |
| 08/15/2005 | 43 | DOCKET SHEET from District of Kansas (dr) (Entered: 08/17/2005) |
| 08/30/2005 | 44 | NOTICE of Appearance by Cindy Dawn Hanson on behalf of Equifax Consumer Services, Inc. (Hanson, Cindy) (Entered: 08/30/2005) |
| 09/02/2005 | 45 | NOTICE of Appearance by Garrett E. Miller on behalf of Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc. (Miller, Garrett) (Entered: 09/02/2005) |
| 09/02/2005 | 46 | NOTICE by Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc. *of Withdraw of Counsel* (Miller, Garrett) (Entered: 09/02/2005) |
| 09/14/2005 | 47 | PROPOSED CONSENT ORDER. (Attachments: # 1 Exhibit A)(Miller, Garrett) (Entered: 09/14/2005) |
| 09/21/2005 | 48 | CONSENT ORDER parties agree that plaintiffs shall be permitted 30 days from date of this order to secure local counsel; defendants permitted 30 days from date of amended complaint to file answer and affirmative |

| | | defenses. Signed by Judge Thomas W. Thrash Jr. on 9/21/05. (dr) (Entered: 09/22/2005) |
|---|---|---|
| 10/18/2005 | 49 | NOTICE of Appearance by Leslie J. Bryan on behalf of all plaintiffs (Bryan, Leslie) (Entered: 10/18/2005) |
| 10/18/2005 | 50 | Fourth AMENDED COMPLAINT against all defendants, filed by Steven G. Millett.(Bryan, Leslie) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 10/18/2005) |
| 10/19/2005 | 51 | APPLICATION for Admission of Barry R. Grissom Pro Hac Viceby Steven G. Millett, Melody J. Millett.Filing Fee received $150.00, Receipt #543139. (dr) (Entered: 10/25/2005) |
| 10/19/2005 | 52 | APPLICATION for Admission of B. Joyce Yeager Pro Hac Viceby Steven G. Millett, Melody J. Millett.Filing Fee received $150.00, Receipt #543111. (dr) (Entered: 10/25/2005) |
| 10/19/2005 | 53 | APPLICATION for Admission of Bryson R. Cloon Pro Hac Viceby Steven G. Millett, Melody J. Millett.Filing Fee received $150.00, Receipt #543112. (dr) (Entered: 10/25/2005) |
| 11/02/2005 | 54 | NOTICE of Change of Address for Bryson R. Cloon, counsel for Steven G. Millett, Melody J. Millett (Cloon, Bryson) (Entered: 11/02/2005) |
| 11/07/2005 | 55 | NOTICE of Change of Address for Bryson R. Cloon, counsel for Steven G. Millett, Melody J. Millett (dr) (Entered: 11/08/2005) |
| 11/08/2005 | 58 | ORDER granting 51 Application for Admission Pro Hac Vice of Barry Grissom. Signed by Judge Thomas W. Thrash Jr. on 11/4/05. (dr) (Entered: 11/09/2005) |
| 11/08/2005 | 59 | ORDER granting 52 Application for Admission Pro Hac Vice of B. Joyce Yeager. Signed by Judge Thomas W. Thrash Jr. on 11/4/05. (dr) (Entered: 11/09/2005) |
| 11/08/2005 | 60 | ORDER granting 53 Application for Admission Pro Hac Vice of Bryson Cloon . Signed by Judge Thomas W. Thrash Jr. on 11/4/05. (dr) (Entered: 11/09/2005) |
| 11/09/2005 | 56 | NOTICE of Appearance by Audra Ann Dial on behalf of Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc. (Dial, Audra) (Entered: 11/09/2005) |
| 11/09/2005 | 57 | PROPOSED CONSENT ORDER Stipulation and Consent Order Extending Time to Answer. (Dial, Audra) (Entered: 11/09/2005) |
| 11/17/2005 | 61 | STIPULATION AND CONSENT ORDER Extending Time to December 1, 2005 for Defendants to Answer Plaintiff's Fourth Amended Complaint. Signed by Judge Thomas W. Thrash, Jr. on 11/17/05. (dfb) (Entered: 11/17/2005) |
| 11/29/2005 | 62 | STIPULATION *and Consent Order Extending Deadlines* by Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc.. |

| | | (Dial, Audra) (Entered: 11/29/2005) |
|---|---|---|
| 11/29/2005 | 63 | NOTICE by Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc. *of Related Case* (Dial, Audra) (Entered: 11/29/2005) |
| 11/29/2005 | 65 | APPLICATION for Admission of Michael W. Blanton Pro Hac Vice by Steven G. Millett, Melody J. Millett. Filing Fee received $150.00, Receipt #544599. (dr) (Entered: 12/02/2005) |
| 12/01/2005 | 64 | SCHEDULING ORDER: Stipulation & Consent Order Extending Deadlines (see order for more details). Discovery ends on 5/26/2006. Motions due by 6/16/2006. Proposed Pretrial Order due by 6/26/2006. Signed by Judge Thomas W. Thrash Jr. on 12/1/05. (ss) (Entered: 12/01/2005) |
| 12/08/2005 | 66 | MOTION to Dismiss with Brief In Support by Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc.. (Attachments: # 1 Defendant Equifax Information Services LLC and Equifax Consumer Services, Inc.'s Memorandum In Support of Their Motion to Dismiss) (Dial, Audra) (Entered: 12/08/2005) |
| 12/08/2005 | 67 | MOTION for Extension of Time to File Answer *to Complaint* with Brief In Support by Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc.. (Dial, Audra) (Entered: 12/08/2005) |
| 12/16/2005 | 68 | ORDER granting 67 Motion for Extension of Time to Answer, Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc. (until 10 days after ruling on motion to dismiss). Signed by Judge Thomas W. Thrash Jr. on 12/16/05. (ss) (Entered: 12/16/2005) |
| 12/16/2005 | 69 | ORDER granting 65 Application for Admission Pro Hac Vice for Michael Blanton . Signed by Judge Thomas W. Thrash Jr. on 12/16/05. (dr) (Entered: 12/19/2005) |
| 12/22/2005 | 70 | RESPONSE in Opposition re 66 MOTION to Dismiss filed by Steven G. Millett. (Bryan, Leslie) (Entered: 12/22/2005) |
| 01/12/2006 | 71 | ORDER REASSIGNING CASE. Case reassigned to Judge Beverly B. Martin for all further proceedings pursuant to IOP 905-2. Signed by Judge Beverly B. Martin on 1/12/2006. (pdw) (Entered: 01/12/2006) |
| 01/12/2006 | 72 | CLERK'S NOTICE OF JUDGE REASSIGNMENT to counsel (pdw) (Entered: 01/12/2006) |
| 01/12/2006 | | Remark: memo from CRD to attorneys William W. Blanton and Barry R. Grissom advising that counsel not registered for CM/ECF will no longer receive copies of any orders or other documents from the Court via United States Postal Service. (pdw) (Entered: 01/12/2006) |
| 01/12/2006 | 73 | REPLY BRIEF re 66 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* filed by Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Dial, Audra) (Entered: 01/12/2006) |

| 01/13/2006 | 74 | CERTIFICATE OF SERVICE *certifying that Plaintiffs' Initial Disclosures were served on defendants* by Steven G. Millett.(Bryan, Leslie) (Entered: 01/13/2006) |
|---|---|---|
| 01/13/2006 | 75 | Initial Disclosures by Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc..(Dial, Audra) (Entered: 01/13/2006) |
| 01/13/2006 | 76 | Certificate of Interested Persons by Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc.. (Dial, Audra) (Entered: 01/13/2006) |
| 01/18/2006 | | Submission of the 66 MOTION to Dismiss to District Judge Beverly B. Martin. (aaq) (Entered: 01/18/2006) |
| 02/23/2006 | 77 | PROPOSED CONSENT ORDER Extension of Time for Class Certification Motion. (Bryan, Leslie) (Entered: 02/23/2006) |
| 03/27/2006 | 78 | CONSENT ORDER Extending Time for Filing Motion for Class Certification until 60 days following the Defendants' filing of an Answer to their Motion for Class Certification. Signed by Judge Beverly B. Martin on 3/27/2006. (pdw) (Entered: 03/27/2006) |
| 03/27/2006 | 79 | ORDER granting in part and denying in part defendants' 66 Motion to Dismiss. Plaintiffs have 10 days from the entry of this Order to amend their Complaint or their common law fraud claims and claims arising under Section 1679b(a)(4) will be dismissed. Signed by Judge Beverly B. Martin on 3/27/2006. (pdw) (Entered: 03/27/2006) |
| 03/27/2006 | 80 | ORDER Amending Summary Paragraph of 79 Order on Motion to Dismiss as follows: Plaintiffs have 20 days from the entry of this Order to amend their Complaint, or their common law fraud claims and claims arising under Section 1679b(a)(4) will be dismissed. Signed by Judge Beverly B. Martin on 3/27/2006. (pdw) (Entered: 03/27/2006) |
| 04/05/2006 | 81 | STIPULATION *and Consent Order Extending Deadlines* by Equifax Consumer Services, Inc., Equifax Credit Information Services, Inc.. (Dial, Audra) (Entered: 04/05/2006) |
| 04/17/2006 | 82 | ---DOCUMENT FILED IN ERROR--- MOTION for Extension of Time to file fifth amended complaint *(Stipulation and Consent)* by Steven G. Millett. (Bryan, Leslie) Modified on 4/18/2006 to edit access and text. (aaq). (Entered: 04/17/2006) |
| 04/17/2006 | 83 | (82) ---REDOCKETED AS--- STIPULATION and CONSENT ORDER extending time to file Amended Complaint filed by Steven G. Millett and Melody J. Millett. (aaq) (Entered: 04/18/2006) |
| 04/18/2006 | | Notification of Docket Correction: [82] MOTION for Extension of Time to file fifth amended complaint *(Stipulation and Consent)* REDOCKETED CORRECTLY TO REFLECT DOCUMENT TITLE: 83 Stipulation. (aaq) (Entered: 04/18/2006) |
| 04/19/2006 | 84 | Fifth AMENDED COMPLAINT *(Class Action)* against all defendants, filed by Steven G. Millett. (Attachments: # 1 Index of Exhi bits# 2 |

| | | |
|---|---|---|
| | | Exhibit 1 - Contract between the Milletts and ECS# 3 Exhibit 2 - Promotional materials for Equifax Credit Watch# 4 Exhibit 3 - Equifax Credit Watch press release, dated 4/10/01# 5 Exhibit 4 - Equifax Website solicitation from 5/5/01 - 11/28/01# 6 Exhibit 5 - Equifax Website solicitation, dated approx 12/2001# 7 Exhibit 6 - Equifax Website solicitation, dated approx 6/2004# 8 Exhibit 7 - Equifax Credit Watch press release, dated 11/20/01# 9 Exhibit 8 - E-mail from Equifax Customer Care to the Milletts, dated 8/04/03# 10 Exhibit 9 - Equifax Credit Watch FAQs# 11 Exhibit 10 - E-mail ad from Equifax to the Milletts, dated 6/16/04# 12 Exhibit 11 - E-mail June 2005 Newsletter from Equifax to Milletts, dated 6/10/05# 13 Exhibit 12 - E-mail ad from Equifax to Milletts, dated 2/18/05# 14 Exhibit 13 - E-mail ad from Equifax to Milletts, dated 3/15/05# 15 Exhibit 14 - E-mail ad from Equifax to Milletts, dated 4/1/05# 16 Exhibit 15 - E-mail ad from Equifax to Milletts, dated 5/6/05# 17 Exhibit 16 - E-mail ad from Equifax to Milletts, dated 7/8/05# 18 Exhibit 17 - E-mail ad from Equifax to Milletts, dated 9/23/05# 19 Exhibit 18 - E-mail ad from Equifax to Milletts, dated 9/9/05# 20 Exhibit 19 - E-mail 9/05 Newsletter from Equifax to Milletts, dated 9/16/05)(Bryan, Leslie) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 04/19/2006) |
| 04/19/2006 | 85 | STIPULATION AND CONSENT ORDER EXTENDING TIME to 04/19/06 to file an Amended Complaint signed by Judge Beverly B. Martin on 04/19/06. (aaq) (Entered: 04/20/2006) |
| 05/05/2006 | 86 | Consent MOTION for Extension of Time Respond to the Fifth Amended Complaint and Brief in Support Thereof re: 84 Amended Complaint,,,,,, with Brief In Support by Equifax Information Services, LLC. (Bertschi, Craig) (Entered: 05/05/2006) |
| 05/08/2006 | 87 | ORDER granting the 86 Motion for Extension of Time to 05/16/06 to respond to the 84 Amended Complaint signed by Judge Beverly B. Martin on 05/08/06. (aaq) (Entered: 05/09/2006) |
| 05/08/2006 | | Set Deadlines/Hearings: Equifax Information Services, LLC and Equifax Consumer Services, Inc. answers to the Fifth Amended Complaint due 5/16/2006. (aaq) (Entered: 05/09/2006) |
| 05/16/2006 | 88 | MOTION to Strike *Count Four of the Fifth Amended Complaint* with Brief In Support by Equifax Information Services, LLC, Equifax Consumer Services, Inc.. (Dial, Audra) (Entered: 05/16/2006) |
| 05/16/2006 | 89 | MOTION to Dismiss *(Partially) Fifth Amended Complaint* with Brief In Support by Equifax Information Services, LLC, Equifax Consumer Services, Inc.. (Attachments: # 1 Brief in Support of Defendants' Partial Motion to Dismiss the Fifth Amended Complaint)(Dial, Audra) (Entered: 05/16/2006) |
| 05/16/2006 | 90 | MOTION for Extension of Time to File Answer *to Complaint* with Brief In Support by Equifax Information Services, LLC, Equifax Consumer Services, Inc.. (Dial, Audra) (Entered: 05/16/2006) |

| | | |
|---|---|---|
| 05/31/2006 | 91 | MOTION for Extension of Time to respond to motion re: 88 MOTION to Strike *Count Four of the Fifth Amended Complaint*, 89 MOTION to Dismiss *(Partially) Fifth Amended Complaint* by Steven G. Millett. (Bryan, Leslie) (Entered: 05/31/2006) |
| 06/09/2006 | | Submission of the 89 MOTION to Dismiss *(Partially) Fifth Amended Complaint*, 90 MOTION for Extension of Time to File Answer *to Complaint* and 88 MOTION to Strike *Count Four of the Fifth Amended Complaint* to District Judge Beverly B. Martin. (aaq) (FILE IN CHAMBERS) (Entered: 06/09/2006) |
| 06/16/2006 | 92 | RESPONSE in Opposition re 88 MOTION to Strike *Count Four of the Fifth Amended Complaint*, 89 MOTION to Dismiss *(Partially) Fifth Amended Complaint* filed by Steven G. Millett, Melody J. Millett. (Bryan, Leslie) (Entered: 06/16/2006) |
| 06/29/2006 | | Submission of 91 MOTION for Extension of Time to respond to motion re: 88 MOTION to Strike *Count Four of the Fifth Amended Complaint*, 89 MOTION to Dismiss *(Partially) Fifth Amended Complaint*, submitted to District Judge Beverly B. Martin. (FILE IN CHAMBERS) (hfm) (Entered: 06/29/2006) |
| 07/03/2006 | 93 | REPLY BRIEF re 89 MOTION to Dismiss *(Partially) Fifth Amended Complaint* and 88 MOTION to Strike *Count Four of the Fifth Amended Complaint* filed by Equifax Information Services, LLC. (Bertschi, Craig) Modified on 7/5/2006 to correct document link (fmm). (Entered: 07/03/2006) |
| 07/10/2006 | 94 | ORDER REASSIGNING CASE. Case reassigned to Judge Timothy C. Batten, Sr for all further proceedings. Signed by Judge Beverly B. Martin on 7/10/2006. (pdw) (Entered: 07/10/2006) |
| 07/10/2006 | 95 | NOTICE to counsel advising this matter has been reassigned to the Honorable Timothy C. Batten, Sr. (pdw) (Entered: 07/10/2006) |
| 07/10/2006 | | Submission of 90 MOTION for Extension of Time to File Answer *to Complaint*, 88 MOTION to Strike *Count Four of the Fifth Amended Complaint*, 89 MOTION to Dismiss *(Partially) Fifth Amended Complaint*, 91 MOTION for Extension of Time to respond to motion re: 88 MOTION to Strike *Count Four of the Fifth Amended Complaint*, 89 MOTION to Dismiss *(Partially) Fifth Amended Complaint*, submitted to District Judge Timothy C. Batten. (pdw) (Entered: 07/10/2006) |
| 08/21/2006 | 96 | ORDER granting 90 Motion for Extension of Time to Answer, granting 91 Motion for Extension of Time to Respond. Defendants have until 10 days after the Court has ruled on Defendants' Partial Motion to Dismiss to Answer. Plaintiffs have until 6/16/06 to respond to Defendants' 88 MOTION to Strike Count Four and 89 Partial MOTION to Dismiss. Signed by Judge Timothy C. Batten Sr. on 8/21/06. (mas) (Entered: 08/21/2006) |
| 02/21/2007 | 97 | MOTION for In Camera Review *of Affidavit of Steven G. Millett* by Steven G. Millett, Melody J. Millett. (Doffermyre, Everette) (Entered: |

| | | 02/21/2007) |
|---|---|---|
| 02/21/2007 | 98 | Notice of Manual Filing of *Affidavit* by Steven G. Millett, Melody J. Millett. (Doffermyre, Everette) Modified text on 2/26/2007 to accurately reflect e-filed pleading(mas). (Entered: 02/21/2007) |
| 02/21/2007 | 99 | MOTION for Order *re: Filing Under Seal and In Camera Review of Affidavit* by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Text of Proposed Order re: filing under seal and in camera review of affidavit) (Doffermyre, Everette) (Entered: 02/21/2007) |
| 02/21/2007 | 100 | ORDER granting Plaintiffs' 99 Motion for Order from Court Directing Defendant Equifax Information Services, LLC to provide the Plaintiffs with information as outlined in this Order. Signed by Judge Timothy C. Batten Sr. on 2/21/07. (mas) (Entered: 02/21/2007) |
| 02/21/2007 | 101 | PROPOSED CONSENT ORDER. (Hanson, Cindy) (Entered: 02/21/2007) |
| 02/22/2007 | 102 | CONSENT ORDER Dismissing Case with prejudice, each party to bear its own expenses and costs. Signed by Judge Timothy C. Batten Sr. on 2/21/07. (mas) (Entered: 02/22/2007) |
| 02/22/2007 | | Civil Case Terminated. (mas) (Entered: 02/22/2007) |
| 02/22/2007 | 103 | AFFIDAVIT of Steven G. Millett filed by Steven G. Millett, Melody J. Millett. (---FILED UNDER SEAL---) (mas) Modified on 2/23/2007 (mas). Additional attachment(s) added on 2/23/2007 (mas). Verified on 2/23/07 by adg. (Entered: 02/23/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/30/2007 11:02:17 | | | |
| **PACER Login:** | pm0158 | **Client Code:** | hillis |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-02122-TCB |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBBIE HILLIS, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX CONSUMER SERVICES, INC. and FAIR ISAAC CORPORATION,<br><br>Defendants. | CASE NO. 1:04-CV-3400-TCB<br><br>**CLASS ACTION**<br><br>RECEIVED<br>FEB 12 2007<br>P.M.K.M. & N. |

AND

| | |
|---|---|
| CHRISTY SLACK, Individually and On Behalf of All Persons Similarly Situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>FAIR ISAAC CORPORATION and MYFICO CONSUMER SERVICES, INC.,<br><br>Defendants. | CASE NO. 1:07-CV-314-TCB<br><br>**CLASS ACTION** |

## NOTICE PURSUANT TO RULE 23(E)(2)

Defendant, Equifax Consumer Services, Inc. respectfully files this Notice

pursuant to Rule 23(e)(2) to advise the Court of the following agreements:

US2000.9755818.1

1.    Equifax Consumer Services, Inc. and Equifax Information Services LLC have entered into a Settlement Agreement with the plaintiffs in an action entitled *Steven G. Millett and Melody J. Millett v. Equifax Information Services LLC and Equifax Consumer Services, Inc.*, Case No. 1:05-CV-02112 (TCB) pending in the United States District Court for the Northern District of Georgia. The claims of the individual plaintiffs will be dismissed with prejudice and the claims of the putative class will be dismissed without prejudice and without notice.

2.    Equifax Consumer Services, Inc. and Fair Isaac Corporation have entered into an Agreement among themselves governing the division of certain costs that will be incurred by the Defendants as a result of the proposed settlement of the captioned matters.

This 12ᵗʰ day of February, 2007

                                        *A. Stephens Clay*
                                        **KILPATRICK STOCKTON LLP**
                                        A. Stephens Clay
                                        Georgia Bar No. 129400
                                        Craig E. Bertschi
                                        Georgia Bar No. 055739
                                        Cindy D. Hanson
                                        Georgia Bar No. 323920
                                        1100 Peachtree Street, Suite 2800
                                        Atlanta, Georgia 30309
                                        Telephone: (404) 815-6500

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBBIE HILLIS, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX CONSUMER SERVICES, INC. and FAIR ISAAC CORPORATION,<br><br>Defendants. | CASE NO. 1:04-CV-3400-TCB<br><br>**CLASS ACTION** |

AND

| | |
|---|---|
| CHRISTY SLACK, Individually and On Behalf of All Persons Similarly Situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>FAIR ISAAC CORPORATION and MYFICO CONSUMER SERVICES, INC.,<br><br>Defendants. | CASE NO. 1:07-CV-314-TCB<br><br>**CLASS ACTION** |

## CERTIFICATE OF COMPLIANCE

The foregoing Notice complies with the typeface requirements of Local

Rule 5.1B and the type style requirements of Local Rule 5.1B(3) using Microsoft®

Word 2000 in Book Antiqua 13 point Font.

This __12ᵉ__ day of February, 2007.

A. Stephens Clay
Georgia Bar No. 129400
Craig E. Bertschi
Georgia Bar No. 055739
Cindy D. Hanson
Georgia Bar No. 323920
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500

US2000 9738818.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBBIE HILLIS, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX CONSUMER SERVICES, INC. and FAIR ISAAC CORPORATION,<br><br>Defendants. | CASE NO. 1:04-CV-3400-TCB<br><br><br>**CLASS ACTION** |

AND

| | |
|---|---|
| CHRISTY SLACK, Individually and On Behalf of All Persons Similarly Situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>FAIR ISAAC CORPORATION and MYFICO CONSUMER SERVICES, INC.,<br><br>Defendants. | CASE NO. 1:07-CV-314-TCB<br><br><br>**CLASS ACTION** |

## CERTIFICATE OF SERVICE

US2000 975881 R.I

This is to certify that, on February 12, 2007, I filed this RULE 23(e)(2)

NOTICE with the Clerk of Court using the CM/ECF system, which will

automatically send a copy of this filing to the following attorneys of record:

**POPE, McGLAMRY,**
**KILPATRICK, MORRISON &**
**NORWOOD, LLP**
C. Neal Pope
Georgia Bar No. 583769
Wade H. Tomlinson, III
Georgia Bar No. 714605
1111 Bay Avenue, Suite 450
Columbus, Georgia 31901
Telephone: (706) 324-0050
Facsimile: (706) 327-1536

Michael L. McGlamry
Georgia Bar No. 492515
The Pinnacle, Suite 925
2455 Peachtree Road, N.E.
Atlanta, Georgia 30326-3243
Telephone: (404) 523-7706
Facsimile:   (404) 524-1648

**MILBERG WEISS BERSHAD**
**& SCHULMAN LLP**

Brad N. Friedman, Esq.
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 946-9450
Facsimile: (212) 273-4395 FAX

**GIBSON, DUNN & CRUTCHER, LLP**
Frederick Brown
Jayesh Hines-Shah
Rebecca Justice Lazarus
One Montgomery Street, Suite 3100
San Francisco, CA 94104
Telephone:  (415)393-8204

**MCKENNA LONG & ALDRIDGE LLP**
Phillip A. Bradley
Georgia Bar No: 075137
Samantha M. Rein
Georgia Bar No: 600285
303 Peachtree St., Suite 5300
Atlanta, GA 30308
Telephone:  404-527-8408

ATTORNEYS FOR DEFENDANT
FAIR ISAAC CORPORATION

**BATTLE FLEENOR GREEN WINN &**
**CLEMMER LLP**

Wilson Green
The Financial Center
505 North 20th St., Suite 1150
Birmingham, AL 35203
Telephone:  (205) 397-8160
Facsimile:   (205) 397-8179

ATTORNEYS FOR CHRISTY SLACK,

Arthur R. Miller, Esq.
Areeda Hall 225
Harvard Law School
Cambridge, MA 02138

individually and on behalf of All
Persons Similarly Situated

ATTORNEYS FOR PLAINTIFF


This ___12ᵗ___ day of February, 2007.

A. Stephens Clay
Georgia Bar No. 129400
Craig E. Bertschi
Georgia Bar No. 055739
Cindy D. Hanson
Georgia Bar No. 323920
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500

# EXHIBIT 6

## AGREEMENT FOR SETTLEMENT OF HILLIS AND SLACK LITIGATION

This Agreement for Settlement of Hillis v. Equifax Consumer Services, Inc. and Fair Isaac Corporation, No. 1:04-CV-3400-TCB (N.D. Ga.) and Slack v. Fair Isaac Corporation and MyFICO Consumer Services, Inc., No. 3:05-CV-00257-MHP (N.D. Cal.) (collectively, the "Litigation") is entered into as of February 5, 2007 between Plaintiffs Robbie Hillis and Christy Slack, acting on their own behalf and on behalf of a proposed Class of similarly situated persons, on the one hand, and Equifax Consumer Services, Inc. and Fair Isaac Corporation, on the other. This Agreement (or "Settlement Agreement") memorializes the Settlement between the Parties on a class-wide basis.

### I.    Recitals[1]

1.    On November 19, 2004, the Plaintiff in the Hillis Action, Robbie Hillis, commenced a putative class action in the United States District Court for the Northern District of Georgia against Equifax and Fair Isaac alleging causes of action for: (1) violations of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, et seq. ("CROA"); and (2) unjust enrichment.

2.    Defendants denied the allegations in the Hillis Action, denied wrongdoing of any kind, and further denied that this litigation satisfies the requirements for class certification under Federal Rule of Civil Procedure 23.

---

[1] Definitions contained in Section II infra.

LIT2008 8665218.10

3.      On January 18, 2005, the Plaintiff in the Slack Action, Christy Slack, commenced a putative class action in the United States District Court for the Northern District of California against Fair Isaac and MyFICO Consumer Services, Inc. alleging substantially similar causes of action as the Hillis Action, including: (1) violations of CROA, (2) violations of the California Credit Services Act, Cal. Civ. Code §§ 1789.10, et seq., and (3) unjust enrichment and money had and received. Slack is represented by Class Counsel.

4.      In the Slack Action, Fair Isaac and MyFICO Consumer Services, Inc. denied the allegations, denied wrongdoing of any kind, and further denied that the litigation satisfies the requirements for class certification under Federal Rule of Civil Procedure 23.

5.      For approximately two years, the parties in the Hillis Action engaged in vigorous litigation and extensive discovery. The parties in the Hillis Action conducted over 15 depositions, answered interrogatories, and responded to document requests. In the course of discovery, Equifax and Fair Isaac produced tens of thousands of documents. The parties in the Slack Action also conducted substantial discovery, including taking 12 depositions, responding to interrogatories, requests for admissions, and the production of documents, as well as engaging in extensive motion practice. In addition to the separate discovery conducted in the Hillis Action, Fair Isaac and Slack stipulated that all

2

of the discovery produced and taken by and between Fair Isaac and Hillis would be treated as if it had also been conducted in the Slack Action.

6.     The negotiations leading up to this Settlement first began in the Hillis Action in October 2005, and included the use of a mediator. The Parties continued to discuss the possibility of settlement. Nevertheless, the Parties in the Hillis and Slack Actions continued to vigorously litigate their respective cases. For example, the parties in the Slack Action completed briefing on Slack's Motions for Class Certification and Partial Summary Judgment and Fair Isaac's Motion for Partial Summary Judgment in August 2006.

7.     On August 18, 2006, the Court in the Hillis Action issued an order denying Hillis' Motion for Class Certification, and granting in part and denying in part Hillis' Motion for Partial Summary Judgment.

8.     On September 1, 2006, Hillis filed a Motion for Partial Reconsideration of the Court's August 18 order. On September 25, 2006, Defendants filed an opposition to Hillis' motion.

9.     A three-hour hearing was held by the Court on October 13, 2006 on Hillis' Motion for Partial Reconsideration. The Court heard argument on the structure and interpretation of the CROA, whether a class action was superior, and whether Hillis was an adequate class representative. The Court invited each

3

party to submit a 12-page supplemental brief to respond to issues raised at the October 13 hearing.

10.    On October 16, 2006, the court in the Slack Action heard argument on Slack's Motions for Partial Summary Judgment and Class Certification and Fair Isaac's Motion to Transfer the Slack Action to the Northern District of Georgia.

11.    Following the above court hearings, the Parties continued settlement negotiations. The Parties obtained three short extensions of time to file their supplemental briefing to the Court in the Hillis Action.

12.    Following several further discussions, an in-person negotiation was held on November 20, 2006. The Parties worked toward reaching an agreement in principle to resolve the Hillis and Slack Actions.

13.    As the settlement negotiations in the Hillis Action developed, it became apparent that any settlement would necessitate a complete resolution of all claims at issue, including those in the Slack Action. Because the claims asserted in the Hillis and Slack Actions are substantially similar, the Parties deemed it more efficient to present this Settlement to the Hillis Court, where all Defendants are parties.

14.    The Parties recognize that the outcome of this Litigation is uncertain, and that a final result through the litigation process would require substantial

4

risk and additional discovery, time, and expense.  The Parties and their counsel

therefore have agreed and desire to resolve this Litigation as a settlement class

action according to the terms of this Settlement Agreement.

15.     The Parties and their counsel believe that the Settlement Agreement

is a fair, reasonable, and adequate resolution of the Litigation.  The Parties

further believe that the prompt implementation of the Settlement Agreement is

preferable to further prosecution of the Litigation as a means for resolving all

claims, if any, that Hillis, Slack and Settlement Class Members may have

concerning:  (i) violations of the Credit Repair Organizations Act; (ii) violations

of any other federal or state statute or regulation that applies to credit repair; and

(iii) any legal or equitable claim relating to the Offerings.

**II.     Definitions**

16.     "Associated Literature" means the marketing and advertising used

in connection with the Offerings, including radio advertisements, television

advertisements, print advertisements, banner advertisements, email campaigns,

newsletters, marketing and advertising statements contained in Defendants'

Websites, internet keyword purchases/auctions, metatag embedment, and

search engine optimization.

17.     "Class Counsel" means Pope, McGlamry, Kilpatrick, Morrison &

Norwood, LLP, who are the attorneys of record for Hillis, Slack and the

USD2000 9663239.10

Settlement Class in the Hillis and Slack Actions; and Battle, Fleenor, Green, Winn & Clemmer LLP, who are the attorneys of record for Slack and the Settlement Class in the Slack Action.

18.    "Consumer List" means a list produced by each of the Defendants containing the following information for each and every consumer from November 19, 1999 through the date of entry of the Preliminary Approval Order who purchased an Offering from the Defendant:  (i) the consumer's first, middle and last name; (ii) the consumer's current address, if known; (iii) the consumer's date of birth; (iv) the consumer's Social Security Number and (v) the consumer's current email address, if known.

19.    "Contractual Associate" means any entity with which the Defendants have a contractual relationship whereby the entity (i) posts a link to a Defendant's Website on its website and receives a commission (or other compensation) for driving traffic to the Defendant's Website; (ii) advertises, promotes, markets, provides, and/or sells any Offering; or (iii) offers a private label or co-branded version of any of Defendants' Offerings; provided however, that Contractual Associate shall not include Trans Union LLC, Experian Information Solutions, Inc. and their corporate parents, affiliates and subsidiaries.

6

20.    "Court" means the United States District Court for the Northern District of Georgia.

21.    "Defendants" means Equifax and Fair Isaac.

22.    "Defendants' Websites" means the Equifax Consumer Website and the Fair Isaac Consumer Website.

23.    "Effective Date" shall mean the date on which the Judgment becomes Final.

24.    "Equifax" means Equifax Consumer Services, Inc.

25.    "Equifax Consumer Website" means www.equifax.com.

26.    "Fair Isaac" means Fair Isaac Corporation.

27.    "Fair Isaac Consumer Website" means www.myfico.com.

28.    "FICO® Kit" means the Suze Orman FICO® Kit.

29.    "Final" means the termination of the Litigation after each of the following events:  (i) the Settlement Agreement is approved in all respects by the Court; and (ii) a Judgment of dismissal with prejudice is entered with respect to the Plaintiffs and all Settlement Class Members who do not Opt-Out as provided by Rule 23 of the Federal Rules of Civil Procedure and the time for the filing of any appeals has expired or, if there are appeals, approval of the Settlement and Judgment has been affirmed in all respects by the appellate court of last resort to

7

which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

30.    "Hillis" means Robbie Hillis.

31.    "Hillis Action" means the action entitled <u>Hillis v. Equifax Consumer Services, Inc. and Fair Isaac Corporation</u>, No. 1:04-CV-3400-TCB (N.D. Ga.).

32.    "Injunctive Relief" means the injunctive relief that will be provided by Defendants as described in Section V of this Agreement.

33.    "Judgment" means the judgment and order entered by the Court approving the Settlement in all respects and dismissing with prejudice the claims of the Plaintiffs and the Class who do not Opt-Out as provided by Rule 23 of the Federal Rules of Civil Procedure.

34.    "Long-Form Notice" means the notice of the Settlement (in a form substantially similar to that mutually agreed upon by the Parties and approved by the Court) provided to the Settlement Class that provides the Class with all the information necessary to be provided to the Class pursuant to Federal Rule of Civil Procedure 23 and the requirements of due process.

35.    "Offering" means those products or services that are offered by Equifax or Fair Isaac for sale to consumers in return for the payment of money and are further identified as one of the following (including all components, features, content and variants thereof, regardless of the website from which the

8

US2000 9645219.10

purchase is made):  Score Power; Credit Watch; Score Watch; 3-in-1 Monitoring;

Credit Rankings with Score Power; Credit Rankings with 3-in-1 with Score

Power; Credit Rankings with Credit Report; Credit Rankings with 3-in-1; 3-in-1

with Score Power; Score Power by mail; Credit Watch by mail; FICO® Score (with

Equifax, TransUnion or Experian reports); FICO® Deluxe; Suze Orman FICO®

Kit; CreditSync; and Credit Advantage.

36.    "Opt-Out" means to timely request exclusion from the Settlement

pursuant to Federal Rule Civil Procedure 23(c)(2)(B).

37.    "Parties" or "Settling Parties" means Plaintiffs, Equifax and Fair

Isaac.

38.    "Plaintiffs" means Hillis and Slack.

39.    "Preliminary Approval Order" means the order of the Court:

(i) certifying the Settlement Class under Federal Rule of Civil Procedure 23(b)(3);

(ii) preliminarily approving the proposed Settlement Agreement; and

(iii) approving the proposed notices.

40.    "Released Claims" means any and all claims, actions, demands,

causes of action, suits, obligations, damages, rights or liabilities, of any nature

and description whatsoever, known or unknown, present or future, concealed or

hidden, liquidated or unliquidated, fixed or contingent, anticipated or

unanticipated, whether in tort, contract, law, equity or otherwise, that have been,

9

could have been or might in the future be asserted by Plaintiffs in the Hillis or

Slack Actions or the Settlement Class Members or any of their respective heirs,

spouses, executors, administrators, partners, attorneys, predecessors, successors,

assigns, agents and/or representatives, and/or anyone acting or purporting to

act on their behalf, arising out of the marketing, sale, purchase, representations

and advertisements concerning or use of the Offerings. Released Claims include,

but are not limited to, all claimed or unclaimed compensatory damages, damages

for emotional distress, damages for physical injury, damages for reputational

injury, statutory damages, consequential damages, incidental damages, punitive

and exemplary damages, as well as all claims for equitable, declaratory or

injunctive relief under any federal or state statute or common law or other theory

that was alleged or could have been alleged in the Hillis or Slack Actions with

respect to the marketing, sale, purchase, representations concerning or use of the

Offerings, including but not limited to any and all claims under the Credit Repair

Organizations Act, 15 U.S.C. § 1679, *et seq.*, State CROA Statutes, deceptive or

unfair practices statutes, common law, or any other statute, regulation or judicial

interpretation. Released Claims further include interest, costs and fees arising

out of any of the claims asserted or that could have been asserted in the Hillis or

Slack Actions. Released Claims do not include claims under the Fair Credit

Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and/or the Fair and Accurate

US2000 9663219.10

Credit Transactions Act of 2003, Pub. L. 108-159, 111 Stat. 1952 ("FACTA").

Notwithstanding the foregoing, nothing in this Agreement shall be deemed a

release of the Parties' respective rights and obligations under this Agreement.

41.    "Released Parties" means and refers to:  (i) Equifax Consumer

Services, Inc. and its present, former and future officers, directors, employees,

agents, attorneys, shareholders, predecessors, successors, subsidiaries, corporate

affiliates, parents, representatives, insurers, vendors and assigns, or interest

therein, jointly and severally; (ii) Fair Isaac Corporation and its present, former

and future officers, directors, employees, agents, attorneys, shareholders,

predecessors, successors, subsidiaries, corporate affiliates, parents,

representatives, insurers, vendors and assigns, or interest therein, jointly and

severally; and (iii) Contractual Associates who (a) acknowledge receipt of the

terms of Injunctive Relief, in accordance with Paragraph 66 hereof, and

(b) marketed, sold, or made representations concerning any of the Offerings;

provided however, that a Contractual Associate is a Released Party only with

respect to claims arising from the marketing, sale, purchase, representations

concerning, or use of the Offerings.

42.    "Settlement" means the agreement between Plaintiffs, on behalf of

themselves and on behalf of the Settlement Class, and Equifax and Fair Isaac to

settle and compromise the issues arising out of Plaintiffs' Complaints (and

11

amendments thereof) in the Hillis and Slack Actions and the issues arising out of
said Actions, finally and forever, as memorialized in this Settlement Agreement.

    43.    "Settlement Administrator" means a third-party settlement
administrator chosen by the Parties.

    44.    "Settlement Class" or "Class" means all consumers residing in the
United States who, between November 19, 1999, and the date of entry of the
Preliminary Approval Order, entered into an agreement with any of the
Defendants to purchase any of the Offerings, paid any of the Defendants for that
Offering but did not later obtain a complete refund from any source and received
said Offering. Settlement Class or Class, however, shall not include: (i) all
judicial officers in the United States and their families through third degree of
relationship; (ii) all officers, directors, employees or counsel of the Released
Parties; (iii) all persons who have already settled or otherwise compromised their
claims against the Defendants; (iv) all persons who Opt-Out; and (v) all persons
who have pending against any of the Defendants on the date of entry of the
Preliminary Approval Order any action wherein the recovery sought is
encompassed by the Released Claims.

    45.    "Slack" means Christy Slack.

    46.    "Slack Action" means Slack v. Fair Isaac Corporation and MyFICO
Consumer Services, Inc., No. 3:05-CV-00257-MHP (N.D. Cal.).

47.   "State CROA Statutes" means any state statute that is substantially similar, in scope and purpose, to the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, et seq.

**III.   General Terms and Conditions.**

48.   <u>Coordination of Litigation</u>.  As soon as reasonably practicable after the execution of the Settlement Agreement, the Parties and their counsel will take all reasonable steps and use best efforts to join with, support, and cooperate fully in the request that the court before which the <u>Slack</u> Action is pending transfer the <u>Slack</u> Action to the Court, where it will be coordinated for settlement purposes only with the <u>Hillis</u> Action.  The Parties contemplate conferring with the respective courts before making formal requests to those courts regarding transfer or settlement.

49.   <u>Benefit to Plaintiffs</u>.  Plaintiffs and Class Counsel have concluded, under the circumstances and considering the pertinent facts and applicable law, that it is in Plaintiffs' and the Settlement Class' best interests to enter into this Settlement Agreement to avoid the uncertainties of litigation and to ensure a benefit to Plaintiffs and all members of the Settlement Class.  Plaintiffs and Class Counsel consider this Settlement Agreement to be fair, reasonable, and adequate and in the best interests of the members of the Settlement Class.

13

50.    <u>No Admission of Liability</u>.  By entering into this Agreement, the Settling Parties agree that Defendants are not admitting any liability to the Plaintiffs, the Settlement Class, or any other person or entity, and Defendants expressly deny all such liability.  Defendants' sole motivation for entering into this Settlement Agreement is to dispose expeditiously of the claims that have been asserted against them in the Litigation by settlement and compromise rather than incur the expense and uncertainty of protracted litigation.  No portion of this Agreement may be admitted into evidence in any action, except as required to enforce this Agreement and/or to cease or enjoin other litigation.

51.    <u>Settlement Class Definition</u>.  Plaintiffs shall propose, and Defendants shall join or not oppose, for settlement purposes only, that the District Court certify the Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, as the term "Settlement Class" is defined herein.

52.    <u>Cessation of Litigation Activity</u>.  Plaintiffs and Class Counsel agree not to initiate any additional litigation against Defendants concerning the claims alleged in the Litigation.  Immediately upon execution of this Agreement, Plaintiffs, Class Counsel and Defendants agree to cease all litigation activity in the Litigation (other than any activity to implement and/or enforce this Settlement Agreement) and to request the courts in the <u>Hillis</u> and <u>Slack</u> Actions to stay all motions or other pre-trial matters and to continue any hearing or trial

14

settings until each of the conditions precedent to the Settling Parties' obligations to proceed to consummate the Settlement provided for herein has been satisfied or waived.

53.    Class Certification.  The Court's certification of the Settlement Class shall not be deemed to be the adjudication of any fact or issue for any purpose other than the accomplishment of the settlement provisions set forth herein and shall not be considered as law of the case, res judicata, or collateral estoppel in this or any other proceeding unless the settlement receives final approval and the Judgment approving the terms of this Settlement Agreement is entered and becomes Final.  In the event the Settlement provided for herein is not accomplished according to all the terms of this Agreement, the Litigation for all purposes will revert to its status prior to the execution of this Settlement Agreement and the Court's certification order shall be null and void and shall be vacated, and thereafter no class will remain certified; provided that, thereafter Plaintiffs and Class Counsel may seek certification of a new class before the Court, and Defendants may oppose such certification on any grounds, as described below.  In such event, the Slack Action will be transferred back to Judge Patel in the Northern District of California without prejudice Fair Isaac's right to request from Judge Patel that the Slack Action be litigated in the Northern District of Georgia.

15

## IV.    Notice to the Settlement Class

54.    For purposes of providing Court-approved class notices and establishing that the best practicable notice has been given, membership in the Settlement Class and the provision of class notice will be accomplished in accordance with the provisions of this Section IV.

55.    <u>Combining of Consumer Lists</u>:  The Parties shall cause the Settlement Administrator to merge the Consumer Lists of the Defendants, eliminate any duplicative/overlapping entries, retain any and all of the email addresses associated with each consumer, and track which Defendant provided each consumer's name.  The list produced at the end of this process shall be a conclusive list of the members of the Settlement Class (hereafter the "Class List").

56.    <u>Email Notice</u>:  Within thirty (30) days after the Court's entry of the Preliminary Approval Order, the Defendants shall cause the Settlement Administrator to send the Email Notice (in a form substantially similar to that mutually agreed upon by the Parties and approved by the Court) by email to each Settlement Class Member at each member's last known email address(es) as provided by the Defendants.  A Class Member who purchased an Offering from both of the Defendants will only be sent one Email Notice.  The Email Notice will set forth the objection and Opt-Out dates, will contain the HTML or web address for the Settlement Website where pertinent information concerning the

16

Settlement will be available, and will include a toll-free telephone number at which assistance will be available. Not later than seven (7) days before the Final Fairness hearing, Defendants and/or the Settlement Administrator will cause proof of the emailing of the Email Notice to be filed with the Court.

57.    Postcard Notice: In the event that an Email Notice sent to a particular Settlement Class Member is "bounced back" from or is otherwise identified as having been undeliverable to the recipient's email server, or no email address is located, within twenty-one (21) days of the sending of the Email Notice, Defendants shall cause the Settlement Administrator to send Postcard Notice (in a form substantially similar to that mutually agreed upon by the Parties and approved by the Court) by first-class mail to each such Settlement Class Member. The Postcard Notice shall be sent to the last known address reflected in the Defendants' Consumer Lists, as updated by utilizing the National Change of Address process. The Postcard Notice will set forth the objection and Opt-Out dates, will contain the HTML or web address for the Settlement Website where the Long-Form Notice and pertinent information concerning the Settlement will be available, and will include a toll-free telephone number at which assistance will be available. Not later than seven (7) days before the Final Fairness hearing, Defendants and/or the Settlement Administrator will cause proof of the mailing of the Postcard Notice to be filed with the Court. Neither

17

the Defendants nor the Settlement Administrator shall have any further

obligation to send the Class Members notice of the Settlement, except as

provided in Paragraph 72 hereof.

58.    Internet Notice:  Defendants shall establish an internet web site

containing information about the Settlement.  The Settlement Website will be

accessible no later than five (5) days prior to the emailing of the Email Notice

described above.  The Settlement Website will set forth the following

information:  (i) the full text of the Settlement Agreement; (ii) a Long-Form

Notice (in a form substantially similar to that mutually agreed upon by the

Parties and approved by the Court); (iii) the Preliminary Approval Order and

other relevant orders of the Court; and (iv) contact information for Class Counsel

and the Settlement Administrator.  Nationwide access to the Settlement Website

will be ensured via the following methods:  (i) the Settlement Website will be

registered with Google so that appropriate queries on Google will yield a link to

the Settlement Website; (ii) a web link will be posted on the Defendants'

Websites so that visitors to the Defendants' Websites may jump directly to the

Settlement Website; and (iii) the Email Notice and Postcard Notice will reference

the Settlement Website.  Not later than seven (7) days before the Final Fairness

hearing, Defendants and/or the Settlement Administrator will cause proof of the

18

establishment and maintenance of the Settlement Website to be filed with the Court.

59.    Telephone Assistance Program:  Defendants will establish a toll-free telephone number, which will be staffed by the Settlement Administrator, to answer questions from the Settlement Class Members.  At Defendants' sole election, the toll-free number will provide access to live support, a voice response unit ("VRU") or a combination of VRU and live support; provided however, that the Class Members will have the option to leave a voice mail message with the Settlement Administrator, which message will be responded to, as appropriate. Not later than seven (7) days before the Final Fairness hearing, Defendants and/or the Settlement Administrator will cause proof of the establishment and maintenance of the Telephone Assistance Program to be filed with the Court.

60.    All costs associated with the notice program described in Section IV of the Agreement shall be paid by the Defendants.

61.    It is stipulated and agreed that the foregoing terms with respect to notice are material conditions precedent to Defendants' obligations under this Agreement.  If the extent, manner or form of notice provided for in this Agreement are not approved by the Court in all material respects, it is understood that Defendants will not be obligated to proceed with the Settlement provided for herein.

19

## V.    Injunctive Relief

62.    All of the affirmative relief contemplated by this Settlement is expressly contingent upon the proposed Settlement receiving the Court's Final Approval, the Court entering the Judgment and the Judgment becoming Final. Defendants shall implement the following changes for a term not to exceed two (2) years from the Effective Date:

i.    Defendants agree that their Offerings and Associated Literature will not use the following terms: "improve," "enhance," "boost," "raise" and "increase" in the same phrase as "score" or "rating"; however, an exception will be allowed when discussing hypothetical examples in the Score Simulator, such as "These Actions May Improve My Score";

ii.    Defendants agree that their Offerings and Associated Literature will not use the phrases "credit repair," "credit rebuilding," "credit fix," "repair your credit," "fix your credit" or combinations of those words; provided however, that the Defendants may use such terms in the disclaimer described in Paragraph 62.v. below and may post links on their Websites to the FTC's or similar state agencies' web sites.

iii.    Defendants agree that their Offerings and Associated Literature will not use the terms "advice", "tips", "suggestions" and

20

"instructions" in the same phrase as "improving," "enhancing," boosting,"

"raising" and "increasing" a credit score or credit rating;

      iv.    Defendants agree that their Offerings and Associated

Literature that refer to the Score Simulator will add an explanation regarding the

general nature of the simulated score associated with the Score Simulator, and

will not suggest that the simulated score is "always" (or its equivalent) predictive

of one's actual score;

      v.    A disclaimer that Defendants are not credit repair

organizations, or similarly regulated organizations under other applicable laws,

and do not provide credit repair advice shall be prominently displayed in bold at

the top of the Terms of Use displayed by Defendants during the purchase

process on the Defendants' Websites;

      vi.    Fair Isaac agrees that Associated Literature that refers to the

Personal Coaching modules in its FICO® Kit will make clear that any such

modules will focus on issues such as debt relief, buying a car, etc., and not the

improvement of an individual consumer's credit score;

      vii.    Fair Isaac agrees that its FICO® Kit will delete the "Suze's

FICO School" and "FICO Improvement Plan" modules;

      viii.    Fair Isaac agrees that it will also offer on its Website for free a

module similar to that offered in the FICO® Kit to assist a consumer to write a

US2000.9665290.10

letter to a credit bureau listing potential errors identified by the consumer in his or her credit report, and that Associated Literature related to this module will only list that feature as one of the several features of the FICO® Kit but will not emphasize that feature over any other feature or suggest that it has any independent value;

ix.     Equifax agrees to maintain a link to www.annualcreditreport.com on the Equifax Consumer Website; and

x.     Fair Isaac agrees that it will place a link to www.ftc.gov/credit on the home page of the Fair Isaac Consumer Website.

63.     To the extent that a webpage on a Defendant's Website does not comply with the Injunctive Relief defined above, such webpage shall not: (i) contain any marketing or advertisement of the Defendants' Offerings; or (ii) contain any links to web pages that market, advertise or offer for sale Defendants' Offerings; provided however, that such a webpage may contain the "Navigation Bar" that is the same as and contained on all of Defendants' web pages and such "Navigation Bar" may include an option that links to a webpage that describes, promote or offers for sale the Defendants' Offerings or similar products.

64.     Within sixty (60) days after the Effective Date, the Defendants shall implement the Injunctive Relief described above. Without any admission of

22

liability by the Defendants for their prior actions and statements, upon
implementation of the Injunctive Relief described above, the Settling Parties
believe that none of the Defendants will fall within the statutory definition of a
"credit repair organization" contained in 15 U.S.C. § 1679a, a "credit services
organization" contained in Cal. Civ. Code § 1789.12 or the equivalent term
defined in a substantially similar manner contained in a State CROA Statute.

65.    Without any admission of liability by the Defendants for their prior
actions and statements, the Settling Parties further agree to request that the Court
find, as part of its overall approval of the Settlement, that upon implementation
of the Injunctive Relief described above, none of the Defendants will fall within
the statutory definition of a "credit repair organization" contained in 15 U.S.C.
§ 1679a, a "credit services organization" contained in Cal. Civ. Code § 1789.12 or
the equivalent term defined in a substantially similar manner contained in a State
CROA Statute.

66.    Within sixty (60) days after the Effective Date, the Defendants shall
cause a summary of the Injunctive Relief terms of this Settlement applicable to
Contractual Associates to be sent (via email or mail) to each of their Contractual
Associates and Defendants shall (i) advise the Contractual Associates that the
Defendants will require the Contractual Associates to comply with the Injunctive
Relief terms applicable to Contractual Associates and (ii) request that the

23

Contractual Associate acknowledge receipt of the terms. Defendants will not encourage Contractual Associates to circumvent, or use Contractual Associates for the purpose of circumventing the Injunctive Relief terms of this Settlement. This Agreement does not create any additional obligation on the Defendants to monitor the compliance of their Contractual Associates with the Injunctive Relief herein. If either Defendant becomes aware that any of its Contractual Associates is not in compliance with the Injunctive Relief terms applicable to Contractual Associates, such Defendant shall contact the Contractual Associate and demand that the Contractual Associate comply with the Injunctive Relief. Beginning thirty (30) days after the Court's entry of the Preliminary Approval Order, the Defendants shall incorporate into all contracts that are executed in the future with their Contractual Associates a provision that the contract will incorporate the Injunctive Relief terms applicable to Contractual Associates contained herein as of the Effective Date.

67.    The Court shall retain jurisdiction of the Hillis and Slack Actions for the purpose of interpretation of, compliance with and enforcement of this Agreement, including enforcement of the Injunctive Relief herein.

68.    Nothing in this Settlement or Settlement Agreement shall prevent the Defendants from complying with the law as it may exist now or in the future, or from making future changes to adjust their websites if consistent with

24

US1DOCS 5643219.1a

applicable statutes, statutory amendments, exemptions, regulations or case law precedent. Furthermore, nothing in this Settlement or Settlement Agreement shall prevent Defendants from complying with their obligations under state and federal law.

69.    <u>Relation to Other Agreements, Laws, and Interpretations, Future Exemption from the CROA or Similar Statutes</u>: The Parties recognize that situations may arise in which provisions of the Agreement may conflict with, or differ from, other laws, rules, regulations, statutes, agreements, and the like. In that regard, the parties have agreed as follows:

i.    <u>Other Agreements or Legal Requirements</u>: In the event that in the future, in conjunction with any other matter, lawsuit, regulatory matter, or similar event, Equifax or Fair Isaac (or any of their successors, if applicable) enters into any agreement, consent judgment, settlement, injunction, consent decree, or other binding document regarding the subject matter of the Injunctive Relief or any section herein, or is otherwise required by a court or state or governmental agency to do something or refrain from doing something regarding the subject matter of any section herein, or concerning or relating to the subject matter of the Litigation ("Other Agreement or Requirement"), then, after notice to and consultation with Class Counsel, Equifax and/or Fair Isaac may petition the Court for relief from any provision of the Injunctive Relief or

25

this Agreement. If the Court grants such relief, then the Settlement will be modified accordingly without the requirement of notice to the Settlement Class or additional consideration by the requesting party or any other Defendant.

      ii.    <u>New Law or New Legal Interpretation</u>:  In the event any federal or state law, rule, regulation, or a judicial, agency, or administrative interpretation including but not limited to formal policy statement or letter ruling is passed, adopted, communicated or rendered after the Effective Date of this Agreement concerning or relating to the Injunctive Relief or the subject matter of any provision of the Injunctive Relief or this Agreement, or concerning the subject matter of the Litigation (a "New Law or Interpretation"), then, after notice to and consultation with Class Counsel, Equifax and/or Fair Isaac may petition the Court for relief from any provision of the Injunctive Relief or this Agreement. If the Court grants such relief, then the Settlement will be modified accordingly without the requirement of notice to the Settlement Class or additional consideration by the requesting party or any other Defendant.

      iii.    <u>Inconsistent Agreements, Law, or Legal Interpretation</u>:  In the event any New Law or Interpretation, or Other Agreement or Requirement, imposes requirements that are inconsistent with any provision of this Agreement, or Equifax and/or Fair Isaac directly or indirectly becomes bound by any agreement, consent judgment, settlement, or other binding document

26

LEGAL02/0000000.00

regarding the subject matter of any provision or section herein, or is otherwise required by a court or state or governmental agency to do something or refrain from doing something regarding the subject matter of any provision herein, or concerning or relating to the subject matter of the Injunctive Relief or the Litigation, then, in the good faith exercise of their discretion, Defendants may comply with such inconsistent requirement(s) or inconsistent agreement(s), and such actions will constitute compliance with this Agreement and shall not be deemed a breach thereof. Provided, however, that Defendants (either individually or jointly) shall timely provide written notice to Class Counsel and the Court of the inconsistent New Law or Interpretation, or Other Agreement or Injunction, with which either or both Defendants intend to comply, and if Class Counsel disputes the inconsistency, then Class Counsel may petition the Court for an order requiring Defendants to comply with the claimed inconsistent provision of this Agreement.

iv.     For purposes of this Agreement, a requirement of a New Law or Interpretation, or Other Agreement or Requirement, shall be deemed to be inconsistent with a provision or provisions of this Agreement if Equifax and/or Fair Isaac cannot comply with the New Law or Interpretation, or Other Agreement or Requirement, without violating a corresponding provision or provisions in this Agreement.

US2000944322910

v.    Future Exemption from the CROA:  If, following the Effective Date, Equifax and/or Fair Isaac qualifies for one of the exemptions currently or in the future provided in 15 U.S.C. § 1679a(3)(B) or in any similar provisions under federal or state law then, after notice to Class Counsel and the Court, said party shall be relieved from the Injunctive Relief provisions in this Agreement.  If Class Counsel disputes that the notifying Party falls within the exclusion, then Class Counsel may petition the Court for an order requiring the requesting party to continue to comply with the Injunctive Relief provisions of this Agreement.

## VI.    In-Kind Relief

70.    In addition to the Injunctive Relief described above, each Defendant agrees to offer, without charge, to any eligible Settlement Class Member who purchased an Offering from it the following In-Kind Relief.  If a Class Member purchased Offerings from both of the Defendants, then the Class Member will be eligible to receive In-Kind Relief from each of the Defendants.

71.    In-Kind Relief:  Each of the Defendants will provide three (3) months of Score Watch (the "In-Kind Relief") to each Class Member who purchased any Offering from it.  If a Class Member purchased an Offering from both of the Defendants, the Class Member will be eligible to receive two (2) units of In-Kind Relief, one from each of the Defendants.  To obtain the In-Kind Relief, the Class Member must complete the Authentication Process described below.

28

72.    <u>Authentication Process</u>:

i.    The Class Member must fully complete the Authentication Form (in a form substantially similar to that mutually agreed upon by the Parties and approved by the Court).  The Authentication Form will request that the Class Member provide the following information:  (a) name; (b) current address; (c) previous address, if the Class Member has changed addresses within the prior two (2) years; (d) date of birth; (e) the last four (4) digits of his Social Security Number; and (f) current email address.  The Authentication Form will be available online at the Settlement Website from the date of sending of the Email Notice through seventy-five (75) days after the Effective Date.  The Authentication Form may be submitted either on-line or by U.S. mail.  The Authentication Form, if completed on-line, must be submitted not later than seventy-five (75) days after the Effective Date.  The Authentication Form, if submitted by U.S. mail, must be postmarked not later than seventy-five (75) days after the Effective Date and mailed to the Settlement Administrator, at the address so designated on the Authentication Form.

ii.    Upon receipt of a completed Authentication Form, the Defendants and/or the Settlement Administrator will verify that the person submitting it is a Class Member by comparing the information on the Authentication Form to the information contained in the Class List.  Defendants

29

and/or the Settlement Administrator will review the completed Authentication

Form and determine if there is sufficient evidence that the person submitting it is

likely to fit within the Settlement Class. If there is a reasonable probability that

the person submitting a Authentication Form is a Class Member, he or she will

be treated as a Class Member. If Defendants and/or the Settlement

Administrator regard the Authentication Form as deficient (i.e., the form

contains insufficient information from which to determine whether the person

submitting the form is a Class Member), Defendants and/or the Settlement

Administrator will notify the person who submitted it and give him an

opportunity to cure the deficiency. If Defendants and/or the Settlement

Administrator continue to regard any Authentication Form as deficient,

Defendants or the Settlement Administrator will provide the person's

information (excluding Social Security Number) to Class Counsel. If Class

Counsel and Defendants cannot resolve the dispute, the Authentication Form

will be rejected and the person who submitted it will be notified of the rejection

by Defendants or the Settlement Administrator with a copy of the notice of

rejection served upon Class Counsel. Neither the Defendants nor the Settlement

Administrator shall have any further obligation to any person whose

Authentication Form is rejected.

30

    iii. Within fifteen days (15) after the Effective Date, the

Defendants shall cause the Settlement Administrator to send a Notice of

Eligibility (in a form substantially similar to that mutually agreed upon by the

Parties and approved by the Court) by email to the Class Members. Neither the

Defendants nor the Settlement Administrator shall have any further obligation to

send the Notice of Eligibility to the Class Members. The Notice of Eligibility

shall (i) advise the Class Members of the last date on which Authentication

Forms may be submitted; and (ii) provide an estimated timeframe for the

distribution of Benefit Code Notices.

    iv. On or about ninety days (90) after the Effective Date, but in no

event sooner than August 1, 2007, the Defendants shall cause the Settlement

Administrator to begin sending the Benefit Code Notice (in a form substantially

similar to that mutually agreed upon by the Parties) by email to the Class

Members who completed and timely submitted a Authentication Form at the

email address provided on the Authentication Form. Either or both of the

Defendants, in their sole discretion, may elect to stagger the distribution the

Benefit Code Notices over a six (6) month period; provided however that for

every 30-day period following the initial distribution of the Benefit Code Notices,

at least one-sixth of the Benefit Code Notices must be distributed. If a Defendant

elects to stagger the distribution of the Benefit Code Notices, the order of

31

distribution will be alphabetical. Neither the Defendants nor the Settlement Administrator shall have any further obligation to send the Benefit Code Notice to the Class Members.

       v.    The Benefit Code Notice will provide the Class Member with the website address at which the In-Kind Relief may be obtained, a benefit code that will be used in place of payment and instructions on how to obtain the In-Kind Relief. In order for the Class Members to obtain the In-Kind Relief, they will be required to successfully complete the authentication process required by the Defendants for all purchasers of Defendants' Offerings and otherwise must be eligible to receive Score Watch. The Defendants agree that at the time the Class Member redeems his benefit code, the Class Member will not be solicited to purchase any additional products or services, unless such solicitation is made in the normal course of the purchase process and is made to all purchasers of Score Watch. The Defendants shall not have any further obligation to provide In-Kind Relief other than as outlined above.

       vi.    If a Class Member is eligible to receive In-Kind Relief from only one Defendant, the Benefit Code will expire ninety (90) days after it is delivered to the Class Member. If a Class Member is eligible to receive In-Kind Relief from both of the Defendants, he will receive two (2) benefit codes, one for

32

each Defendant, and the Benefit Codes will expire one hundred and eighty (180) days after they are delivered to the Class Member.

vii.   For any Class Member who (a) is currently enrolled in Score Watch through one of the Defendants, (b) submits a Authentication Form and (c) uses the benefit code, the three (3) months of Score Watch provided in this Settlement will be added to end of the Class Member's current Score Watch enrollment period. If the Class Member's membership in Score Watch is paid on a monthly basis, the applicable Defendant will suspend the automatic credit card deduction for the three-month period following use of the benefit code. Upon expiration of the three-month period, the Defendant may resume the automatic credit card deduction at the end of the then current monthly term without further notice to the Class Member. If the Class Member's membership in Score Watch is paid on a yearly basis, the applicable Defendant will suspend the automatic credit card deduction at the end one-year enrollment period for the three-month period following use of the benefit code. Prior to charging the Class Member's credit card for the next one-year enrollment period, the Defendant will provide the Class Member with its customary notice regarding charging the Class Member for the next one-year enrollment period.

## VII.   Releases

73.    <u>Release</u>:  Upon the Effective Date, Plaintiffs and each member of the Settlement Class, their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf with respect to the Offerings marketed and sold by the Defendant(s), shall conclusively be deemed to have fully, finally and forever released, relinquished and discharged the Released Parties from and against any and all of the Released Claims.

74.    <u>Waiver of Unknown Claims</u>:  Plaintiffs and the Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns, and all those acting or purporting to act on their behalf, hereby warrant, represent and agree that unknown losses or claims could possibly exist and that present losses may have been underestimated in amount or severity.  Plaintiffs and the Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns, and all those acting or purporting to act on their behalf, explicitly take that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein have been bargained for between Plaintiffs and the

34

Settlement Class Members, on the one hand, and Defendants, on the other hand,

with the knowledge of the possibility of such unknown claims and losses, and

were given in exchange for a full accord, satisfaction and discharge of all such

Released Claims. Consequently, Plaintiffs and the Settlement Class Members

expressly waive and are deemed to waive all rights under California Civil Code

Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
>
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN
>
> HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
>
> RELEASES, WHICH IF KNOWN BY HIM OR HER MUST HAVE
>
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
>
> DEBTOR.

75.    Plaintiffs and all Settlement Class Members do and are deemed to

understand and acknowledge the significance of this waiver of California Civil

Code Section 1542 and/or of any other applicable law relating to limitations on

releases. In connection with such waiver and relinquishment, Plaintiffs and all

Settlement Class Members do and are deemed to acknowledge that they are

aware that they may hereafter discover facts in addition to, or different from,

those facts which they now know or believe to be true with respect to the subject

matter of this Settlement, but that it is their intention to release fully, finally and

US2000 8443378.10

forever all claims against the Released Parties relating to the Offerings, the Hillis

Action, and the Slack Action, and in furtherance of such intention, the release of

all claims will be and remain in effect notwithstanding the discovery or existence

of any such additional or different facts.

## VIII. Attorneys' Fees and Costs

76.    Defendants agree to pay reasonable attorney's fees and costs as

determined by the Court up to $4,000,000.00 (Four Million Dollars and No Cents)

Defendants further agree that they will not oppose any request by Class Counsel

for attorney's fees and costs to the extent such request does not exceed

$4,000,000.00.  In no event shall Defendants be liable for attorney's fees and costs

of more than $4,000,000.00.  That amount includes not only the payment of all

attorney's fees, costs, and expenses to Class Counsel, but also payment for all

attorneys and other persons working under the direction of Class Counsel in the

Hillis and Slack actions.  Class Counsel agrees not to request attorney's fees and

costs exceeding $4,000,000.00.  Defendants shall pay the amount of attorney's

fees and costs approved by the Court (not to exceed $4,000,000.00) within seven

days (7) of the Effective Date.  No other agreement exists between the Parties as

to attorney's fees and costs.

36

**IX.    Incentive Award Payment to Plaintiffs**

77.    In recognition of the time and effort the Plaintiffs Hillis and Slack expended in pursuing the lawsuits, in participating in discovery, in fulfilling their obligations and responsibilities as Class Representatives, and of the benefits conferred on all of the Class Members by the Settlement, Class Counsel will ask the Court to award an Incentive Award to each Plaintiff in an amount not to exceed $7,500.00 (Seven Thousand Five Hundred Dollars) per award. Defendants agree that they will not oppose any request by Class Counsel for Incentive Awards to the extent such requests do not exceed $7,500.00 (Seven Thousand Five Hundred Dollars) per Plaintiff.  Defendants shall pay the Incentive Award approved by the Court (not to exceed $7,500.00 (Seven Thousand Five Hundred Dollars) per Plaintiff) within seven days (7) of the Effective Date.  No other agreement exists between the Parties as to payments to be made to the Plaintiffs.

**X.    Court Approval**

78.    Court Submission:  Class Counsel and Defendants' counsel will submit this Settlement Agreement, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Settlement Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure.  If the Court declines to grant preliminary approval of this Settlement Agreement and

DDB1:000 9643228.13

to order notice of hearing with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Settlement Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Settlement Agreement will not be approved. In the event the Court grants preliminary approval of the Settlement Agreement, the parties will request that the Court enter a scheduling order setting the dates by which Class Members must Opt-Out of the Settlement and file any objections, as well as schedule the Final Fairness hearing in this matter.

79.     <u>Final Judgment</u>: The Settling Parties agree that the Settlement is expressly conditioned upon dismissal with prejudice of the Litigation, entry of a Judgment and the Judgment becoming Final. The Settling Parties will jointly submit a proposed Judgment prior to the Final Fairness hearing.

80.     The <u>Hillis</u> Action was commenced on November 19, 2004 and the <u>Slack</u> Action was commenced on January 18, 2005. No amendment to the originally filed complaints or other event in the Actions has caused either Action to be recommenced for purposes of the Class Action Fairness Act ("CAFA"). Therefore, no notices are required to be sent under CAFA and the Preliminary Approval Order shall so recite.

38

## XI.    Termination

81.    Any Party shall have the unilateral and unfettered right to individually terminate this Agreement and the Settlement and declare it null and void, if any of the following conditions occurs:

      i.    The Court (or any other court) requires a Notice Program materially different from the Notice Program outlined in Section IV of this Agreement or as finally agreed upon by the Parties as reflected in the Settlement Agreement;

      ii.    The Court fails to issue a Preliminary Approval Order in accordance with the terms of the Settlement Agreement;

      iii.    The Court fails to enter a Judgment dismissing the Hillis and Slack Actions with prejudice and integrating the material terms of the Settlement Agreement, including but not limited to the scope of the Released Claims and Released Parties;

      iv.    The Judgment is appealed and such Judgment is finally reversed or modified on appeal; and

      v.    The Slack court fails to transfer the Slack Action to this Court.

82.    Each Defendant shall have the unilateral and unfettered right to individually terminate this Agreement and the Settlement and declare it null and

39

void if more than 0.7% of the Settlement Class Members who purchased an
Offering from that Defendant elect to Opt-Out.

83.    If any of conditions described above occur and any of the Parties
elect to terminate the Settlement and the Settlement Agreement then: (i) the
Settlement and the Settlement Agreement (including without limitation the class
certification provisions thereof) shall have no further force and effect with
respect to any Party to the Hillis and Slack Actions and shall not be offered in
evidence or used in the Hillis Action, the Slack Action or any other proceeding;
(ii) counsel for the Parties shall seek to have any Court orders, filings, or other
entries on the Court's file that result from the Agreement, the Settlement and the
Settlement Agreement set aside, withdrawn, and stricken from the record;
(iii) the Settlement and the Settlement Agreement, and all negotiations,
proceedings, and documents prepared, and statements made in connection with
either of them, shall be without prejudice to any Party and shall not be deemed
or construed to be an admission or confession by any Party of any fact, matter, or
proposition of law; and (iv) all Parties to the Hillis Action and the Slack Action
shall stand in the same procedural position as if the Settlement and the
Settlement Agreement had not been negotiated, made, or filed with the Court. In
such event, the Slack Action will be transferred back to Judge Patel in the
Northern District of California without prejudice Fair Isaac's right to request

40

from Judge Patel that the Slack Action be litigated in the Northern District of
Georgia.

## XII.  Miscellaneous Provisions

84.    Integration Clause:  This Settlement Agreement contains a full,
complete, and integrated statement of each and every term and provision agreed
to by and among the Settling Parties and supersedes any prior writings or
agreements (written or oral) between or among the Settling Parties, which prior
agreements may no longer be relied upon for any purpose.  This Settlement
Agreement shall not be orally modified in any respect and can be modified only
by the written agreement of the Settling Parties.  In the event a dispute arises
between the Settling Parties over the meaning or intent of this Agreement, the
Settling Parties agree that prior drafts, notes, memoranda, discussions or any
other oral communications or documents regarding the negotiations, meaning or
intent of this Agreement shall not be offered or admitted into evidence.  Plaintiffs
and Class Counsel acknowledge that, in entering into this Settlement Agreement,
they have not relied upon any representations, statements, actions, or inaction by
Defendant or its counsel that are not expressly set forth herein.

85.    Headings:  Headings contained in this Agreement are for
convenience of reference only and are not intended to alter or vary the
construction and meaning of this Agreement.

US2000.9663721130

86.   Governing Law:  To the extent not governed by the Federal Rules of
Civil Procedure, the contractual terms of this Agreement shall be interpreted and
enforced in accordance with the substantive law of the State of Georgia without
regard to principles of conflict of laws.

87.   Arbitration:  By participating in this Settlement, some members of
the Settlement Class are waiving their existing rights to pursue individual
arbitration claims against Equifax and Fair Isaac for the Released Claims as
defined in Paragraph 40.  Pursuant to the Terms of Use between Equifax or Fair
Isaac and some members of the Class, the parties generally agreed to resolve all
claims and disputes by binding arbitration.  By participating in the Settlement,
neither Equifax, Fair Isaac nor members of the Settlement Class are waiving their
rights under the Terms of Use to pursue arbitrations involving claims other than
the Released Claims or from seeking to compel arbitration of similar claims that
may arise in the future.  Nothing in this Agreement shall be deemed to create a
right of any Party to seek arbitration.

88.   Mutual Interpretation:  The Settling Parties agree and stipulate that
this Agreement was negotiated on an "arms'-length" basis between parties of
equal bargaining power.  Also, the Agreement has been drafted jointly by Class
Counsel and counsel for Defendants.  Accordingly, this Agreement shall be

42

neutral, and no ambiguity shall be construed in favor of or against any of the

Settling Parties.

89.    Notice:  Except as otherwise specifically provided herein, whenever

any written notice is required by the terms of this Agreement, it shall be deemed

effective on the date received, addressed as follows:

If to Plaintiffs or the Class to:

C. Neal Pope                          Michael L. McGlamry
Wade H. Tomlinson, III                Pope McGlamry, Kilpatrick,
Pope, McGlamry, Kilpatrick,                Morrison & Norwood
     Morrison & Norwood             The Pinnacle, Suite 925
1111 Bay Avenue, Suite 450            3455 Peachtree Road, N.E.
P.O. Box 2128 (31902-2128)            P.O. Box 191625 (31119-1625)
Columbus, GA 31901                    Atlanta, GA 30326-3243

If to Fair Isaac to:

Charles M. Osborne                    Frederick Brown
Chief Executive Officer               Gibson Dunn & Crutcher
Fair Isaac Corporation                One Montgomery Street
901 Marquette Avenue                  Suite 3100
Suite 3200                            San Francisco, CA 94104
Minneapolis, MN 55402

If to Equifax to:

Kent E. Mast                          A. Stephens Clay
Corporate Vice President and          Kilpatrick Stockton LLP
     General Counsel                 1100 Peachtree Street
Equifax Inc.                          Suite 2800
1550 Peachtree Street                 Atlanta, GA 30309
Atlanta, GA 30309

43

90.    Counterpart Execution:  This Agreement may be executed in any number of counterparts and will be binding when it has been executed and delivered by the last signatory hereto to execute a counterpart.  A facsimile signature shall be deemed to constitute an original signature for purposes of this Agreement.  After execution of counterparts by each designated signatory, Defendants agrees to furnish each Party with a composite conformed copy of this Agreement reflecting all counterparts signatures.

91.    Binding Upon Successors:  This Agreement shall be binding upon and inure to the benefit of the Settling Parties hereof and their representatives, heirs, successors, and assigns.

92.    Severability:  In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Settling Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

93.    Warranty of Counsel:  Class Counsel unconditionally represent and warrant that they are fully authorized to execute and deliver this Agreement on behalf of the Class Plaintiff.  Defendants unconditionally represent and warrant

44

that they are fully authorized to execute and deliver this Agreement on behalf of
Defendants.

94.    The Parties to this Settlement and their counsel agree that they shall
act in good faith and exercise their best efforts to effectuate this Settlement and
its Final Approval.

US2000 9641719.10

The undersigned Parties have executed this Agreement as of the date first above written.

Dated: February ⎣, 2007

ROBBIE HILLIS

By: _Robbie Hillis_
Robbie Hillis

Dated: February __, 2007

CHRISTY SLACK

By: _____
Christy Slack

Dated: February __, 2007

EQUIFAX CONSUMER SERVICES, INC.

By: _____

Its:

Dated: February __, 2007

FAIR ISAAC CORPORATION

By: _____

Its:

The undersigned Parties have executed this Agreement as of the date first above written.

Dated: February ___, 2007          ROBBIE HILLIS

                                    By: _____
                                            Robbie Hillis

Dated: February 1, 2007            CHRISTY SLACK

                                    By: _____
                                            Christy Slack

Dated: February ___, 2007          EQUIFAX CONSUMER SERVICES, INC.

                                    By: _____

                                    Its: _____

Dated: February ___, 2007          FAIR ISAAC CORPORATION

                                    By: _____

                                    Its: _____

The undersigned Parties have executed this Agreement as of the date first above written.

Dated: February ___, 2007          ROBBIE HILLIS

                                   By: _____
                                            Robbie Hillis

Dated: February ___, 2007          CHRISTY SLACK

                                   By: _____
                                            Christy Slack

Dated: February 5, 2007            EQUIFAX CONSUMER SERVICES, INC.

                                   By: _____
                                   Its:    Kent W. Mast
                                           Vice President & General Counsel

Dated: February ___, 2007          FAIR ISAAC CORPORATION

                                   By: _____
                                   Its:

The undersigned Parties have executed this Agreement as of the date first above written.

Dated: February ___, 2007          ROBBIE HILLIS

                                    By: _____
                                              Robbie Hillis

Dated: February ___, 2007          CHRISTY SLACK

                                    By: _____
                                              Christy Slack

Dated: February ___, 2007          EQUIFAX CONSUMER SERVICES, INC.

                                    By: _____

                                    Its:

Dated: February _5_, 2007          FAIR ISAAC CORPORATION

                                    By: _____

                                    Its: CEO / CFO

APPROVED AS TO FORM:

Dated: February 5, 2007

POPE, McGLAMRY, KILPATRICK,
MORRISON & NORWOOD LLP
C. NEAL POPE
MICHAEL McGLAMRY
WADE H. TOMLINSON, III

By: _____

Attorneys for Robbie Hillis, Christy Slack
and the Settlement Class

Dated: February 5, 2007

KILPATRICK STOCKTON LLP
A. STEPHENS CLAY
CRAIG E. BERTSCHI
CINDY D. HANSON

By: _Cindy S Hanson_____

Attorneys for Equifax Consumer Services,
Inc.

Dated: February ___, 2007

GIBSON, DUNN & CRUTCHER LLP
FREDERICK BROWN
REBECCA JUSTICE-LAZARUS
JAYESH HINES-SHAH

By: _____

Attorneys for Fair Isaac Corporation

APPROVED AS TO FORM:

Dated: February ___, 2007

POPE, McGLAMRY, KILPATRICK,
MORRISON & NORWOOD LLP
C. NEAL POPE
MICHAEL McGLAMRY
WADE H. TOMLINSON, III

By: _____

Attorneys for Robbie Hillis, Christy Slack
and the Settlement Class

Dated: February ___, 2007

KILPATRICK STOCKTON LLP
A. STEPHENS CLAY
CRAIG E. BERTSCHI
CINDY D. HANSON

By: _____

Attorneys for Equifax Consumer Services,
Inc.

Dated: February 5, 2007

GIBSON, DUNN & CRUTCHER LLP
FREDERICK BROWN
REBECCA JUSTICE-LAZARUS
JAYESH HINES-SHAH

By: _____

Attorneys for Fair Isaac Corporation

## EMAIL NOTICE

From: www.hillisslacksettlement.com

Subject: Federal Court's Notice of Proposed Class Action Settlement. Please Read.

*Hillis v. Equifax Consumer Services, Inc. and Fair Isaac Corp.,* Case No. 1:04-CV-3400 (USDC, ND GA) and
*Slack v. Fair Isaac Corp. and MyFICO Consumer Services, Inc.,* Case No. 1:06-CV-___ (USDC, ND GA)

A FEDERAL COURT ORDERED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER. THIS IS NOT
A SOLICITATION FROM EQUIFAX OR FAIR ISAAC TO PURCHASE ANYTHING. .

### PLEASE READ.

**You may be eligible to receive a benefit from a class action settlement if you purchased, paid for and
received a credit score or credit monitoring offering from an Equifax website (Equifax.com) or entity
or a Fair Isaac website (myFICO.com) between November 19, 1999 and February 8, 2007**

A federal court has directed that this notice be sent to inform you of a proposed class action settlement.
Records show that you entered into an agreement with an Equifax and/or Fair Isaac entity (including
through a web site) between November 19, 1999 and February 8, 2007 to purchase one or more of the
following "Offerings": Score Power; Credit Watch; Score Watch; 3-in-1 Monitoring; Credit Rankings
with Score Power; Credit Rankings with 3-in-1 with Score Power; Credit Rankings with Credit Report;
Credit Rankings with 3-in-1; 3-in-1 with Score Power; Score Power by mail; Credit Watch by mail;
FICO® Score (with Equifax, TransUnion or Experian reports); FICO® Deluxe; Suze Orman FICO® Kit;
CreditSync; and Credit Advantage. If so, you may be eligible to receive a benefit under the proposed
Settlement.

The Settlement will resolve two lawsuits in which claims are made that Equifax Consumer Services,
Inc. ("Equifax") and Fair Isaac Corporation ("Fair Isaac") (collectively, the "Defendants") violated the
federal Credit Repair Organizations Act and similar state laws. Under the Settlement, the Defendants
deny that they are liable, but have agreed to make certain changes to the Offerings and to the
advertising and marketing of the Offerings. In addition, a Settlement Class member who purchased an
Offering from one of the Defendants will receive 3 free months of Score Watch from that Defendant. A
Settlement Class member who purchased an Offering from both of the Defendants will receive 3 free
months of Score Watch from each of the Defendants for a total of 6 months of Score Watch. You will
not be required to purchase anything. These benefits are truly free. All that is necessary is for you to
fill out a Authentication Form to protect your privacy rights. Score Watch is a valuable benefit.

Score Watch™ is offered for sale by both Equifax and Fair Isaac. It monitors a consumer's Equifax
credit file and FICO® score, and provides up to two Equifax Score Power reports. The current retail
value of Score Watch™ is approximately $7.95-8.95 per month.

To see if you are a Class Member and to obtain a full Notice of the proposed Settlement, the required
procedures, the Effective Date, the deadlines, your obligations, and your options, you must visit
www.hillisslacksettlement.com. This email is only a brief summary of the full Notice that is posted on
the website. You may also obtain the full Notice by calling the Settlement Administrator at 800-262-
0454 or writing the Settlement Administrator at Hillis Slack Settlement, c/o Garden City, P.O. Box 9114,
Dublin, OH 43014-4114.

1

US2000.5758747.1

If you are an eligible Settlement Class member you have rights, obligations and options under the proposed Settlement. You have until May 4, 2007, to make your decision. **Your legal rights are affected whether you act or not.**

### SUMMARY OF YOUR OPTIONS

1.    PARTICIPATE IN THE SETTLEMENT AND SUBMIT A AUTHENTICATION FORM

In order to receive the free months of Score Watch, you need only submit a Authentication Form either on-line or by mail. An Authentication Form may be obtained on-line at **www.hillisslacksettlement.com.com**, by calling 1-800-262-0454 or by sending a written request to the Settlement Administrator at Hillis Slack Settlement, c/o Garden City, P.O. Box 9114, Dublin, OH 43014-4114. Your Authentication Form must be submitted on-line or postmarked (if sent by mail) not later than 75 days after the Effective Date. For more information on these deadlines, the Effective Date of the Settlement, the Authentication procedure, and the settlement benefits, you may visit **www.hillisslacksettlement.com**. Do not contact the Court.

2.    EXCLUDE YOURSELF FROM THE SETTLEMENT

This is the only option that allows you to bring your own lawsuit against Equifax and Fair Isaac over the claims in this case. Your request for exclusion must be mailed to the Settlement Administrator and postmarked on or before May 4, 2007. Do not contact the Court

3.    OBJECT TO OR COMMENT ON THE SETTLEMENT/ATTEND THE HEARING

Write the Court and the Parties about why you do, or do not, support the Settlement or any of its provisions or about speaking to the Court about the fairness of the Settlement. The Court will hold a hearing on June 4, 2007, at 10:00 a.m. Your objection must be filed with the Court and served on counsel for the Parties on or before May 4, 2007.

4.    DO NOTHING

You will automatically be included in the Settlement Class and give up your right to be part of any other lawsuit about the claims in this case, but you will not be eligible to receive the economic relief unless you submit a Authentication Form.

### ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD:

Counsel for the Settlement Class have pursued the Litigation on a contingent basis and have paid all the costs of the Litigation. These lawyers have not yet been paid or recovered any of their expenses. As part of the Settlement, Class Counsel will seek up to $4.0 million in attorneys' fees and expenses. The Court will determine a reasonable fee and expense award at the Fairness Hearing based on Class Counsel's Fee and Expense Application and responses thereto. Defendants will not oppose Class Counsel's Fee and Expense Application. Class Counsel will also ask the Court to approve a $7,500 Incentive Award to each of the Plaintiffs (Robbie Hillis and Christy Slack). None of these payments will reduce the benefits you receive. Any money the Court awards Class Counsel and the Plaintiffs will be paid by the Defendants.

US2000 9758747.1

To get complete information about the proposed Settlement, the Authentication procedures, the Effective Date, the deadlines, your obligations, and your options, you must visit www.hillisslacksettlement.com. Do not contact the Court.

Please do not reply to this message. We are unable to respond to inquiries send in reply to this email. To contact us, please access the official Settlement Website at www.hillisslacksettlement.com.

US2000.9751747.1

## POSTCARD NOTICE

[FRONT]

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**THE BACK OF THIS CARD PROVIDES A WEBSITE, TELEPHONE NUMBER AND ADDRESS WHERE YOU CAN OBTAIN INFORMATION IN ORDER TO SUBMIT A AUTHENTICATION FORM.**

**THIS NOTICE ADVISES YOU OF A PROPOSED CLASS ACTION SETTLEMENT WITH EQUIFAX AND FAIR ISAAC.**

**THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.**

**PLEASE READ IT CAREFULLY.**

[BACK]

*Hillis v. Equifax Consumer Services, Inc. and Fair Isaac Corp.*, Case No. 1:04-CV-3400 (USDC, ND GA) and *Slack v. Fair Isaac Corp. and MyFICO Consumer Services, Inc.*, Case No. 1:06-CV-_____ (USDC, ND GA)

**THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THIS SETTLEMENT**

Your rights may be affected by a proposed class action Settlement of claims against Equifax Consumer Services, Inc. and Fair Isaac Corp. (collectively, the "Defendants"). The Settlement would resolve two lawsuits in which Plaintiffs claim that Defendants violated the Credit Repair Organizations Act and similar state laws by their advertising, marketing and sale of certain credit score and credit monitoring offerings (the "Offerings"). Defendants deny the allegations. Defendants' records indicate that you may be a member of the proposed Settlement Class, having purchased an Offering between 11/19/1999 – 2/8/2007.

The Settlement provides for the Defendants to make changes to the Offerings and to the marketing and advertising of the Offerings. The settlement also provides for Settlement Class members to receive free months of Score Watch. To receive the free Score Watch, you need only complete and submit an Authentication Form by the deadline – to protect your privacy rights – and those of the Defendants, not later than 75 days after the Effective Date. You may obtain complete information about the settlement (including the Long Form Notice) and an Authentication Form and Deadlines by visiting the Settlement Website at www.hillisslacksettlement.com, telephoning 1-800-262-0454, or writing the Settlement Administrator at Hillis Slack Settlement, c/o Garden City, P.O. Box 9114, Dublin, OH 43014-4114.

IF YOU DO NOT WISH TO BE PART OF THIS SETTLEMENT, you may exclude yourself. To do so, you must mail a request to "OPT OUT," postmarked no later than May 4, 2007. The request must include an unambiguous statement that you wish to be excluded for the Settlement Class. Mail it to: Hillis Slack Settlement, c/o Garden City, P.O. Box 9114, Dublin, OH 43014-4114. The Court, located at 75 Spring Street SW, Atlanta, GA 30303, Courtroom 1708, will conduct a hearing on whether to approve the settlement, and if so, determine what amount of fees and expenses should be awarded to class counsel (up to $4.0 Million) and what Incentive Awards should be given to the two Plaintiffs (up to $7,500 each) on June 4, 2007 at 10:00 a.m. You may object to the Settlement in advance of that hearing by following the procedure set forth in the Long Form Notice.

*All future Notices with respect to the Settlement will be provided by email ONLY. Go to www.hillisslacksettlement.com to provide the Settlement Administrator with your current email address.*

### UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

*Robbie Hillis v. Equifax Consumer Services, Inc. and Fair Isaac Corporation,*
Case No. 1:04-CV-3400

and

*Christy Slack v. Fair Isaac Corporation and My FICO Consumer Services, Inc.,*
Case No. 1:06-CV-____

## NOTICE OF SETTLEMENT OF CLASS ACTION,
## FAIRNESS HEARING AND AUTHENTICATION PROCEDURE

**You may be eligible to receive a benefit from a class action settlement if you purchased and paid for a credit score or credit monitoring from an Equifax website or entity or a Fair Isaac website between November 19, 1999 and February 8, 2007**

*A Federal Court ordered this notice. This is not a solicitation from a lawyer. This is not a solicitation from Equifax or Fair Isaac to purchase anything.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **YOUR RIGHT AND OPTIONS** | **WHAT THEY MEAN** | **DEADLINES** |
| PARTICIPATE IN THE SETTLEMENT AND SUBMIT AN AUTHENTICATION FORM | In order to receive 3 months of Score Watch* free, you must submit an Authentication Form either on-line or by mail. Authentication is a simple process to assure that Equifax, Fair Isaac and class members' privacy rights are protected, and to assure that only class members receive the free Score Watch benefit. An Authentication Form may be obtained on-line at **www.hillisslacksettlement.com** or by calling 1-800-262-0454. | Authentication Form must be submitted on-line or postmarked no later than 75 days after the Effective Date. To check on the Effective Date, visit **www.hillisslacksettlement.com** or call 1-800-262-0454. Do not contact the Court. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT | If you exclude yourself, you will not be eligible for any settlement benefit. This is the only option that allows you to bring your own lawsuit against Equifax or Fair Isaac over the claims in this case. | Requests for Exclusion must be mailed to the Settlement Administrator and postmarked on or before May 4, 2007. |
| OBJECT OR COMMENT ON THE SETTLEMENT AND/OR ATTEND THE HEARING | Write the Court and the Parties about why you do, or do not, support the Settlement or any of its provisions. Ask to speak to the Court about the fairness of the Settlement. | Objections to the Settlement or requests to speak at the Hearing must be filed with the Court and served on Counsel for the parties on or before May 4, 2007. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **YOUR RIGHT AND OPTIONS** | **WHAT THEY MEAN** | **DEADLINES** |
| DO NOTHING | You will automatically be included in the Settlement Class and give up your right to be part of any other lawsuit about the claims in this case, but you will not be eligible to receive the economic relief unless you submit an Authentication Form. | None |

## I.    THE LITIGATION:

On November 19, 2004, Robbie Hillis filed suit against Equifax Consumer Services, Inc. ("Equifax") and Fair Isaac Corporation ("Fair Isaac") in the United States District Court for the Northern District of Georgia. Mr. Hillis alleged that Equifax and Fair Isaac had violated federal law (specifically, the Credit Repair Organizations Act ("CROA")) with respect to the marketing, sale and representations they made concerning certain credit score and credit monitoring Offerings sold by Equifax and Fair Isaac (including on their web sites, Equifax.com and myFICO.com), or through Contractual Associates' web sites that link to Equifax.com or myFICO.com. Plaintiff alleged that Equifax and Fair Isaac were credit repair organizations because they sold services for the express or implied purpose of improving a consumer's credit record, credit history or credit rating, and, failed to comply with the requirements of the CROA statute. Mr. Hillis brought suit on his own behalf and on behalf of all consumers who purchased certain credit score and credit monitoring Offerings from Equifax or Fair Isaac since November 19, 1999. Mr. Hillis sought the recovery of damages and attorney's fees.

On January 18, 2005, Christy Slack filed suit against Fair Isaac and MyFICO Consumer Services, Inc. in the United States District Court for the Northern District of California. Similar to Mr. Hillis' claims, Ms. Slack alleged that Fair Isaac had violated federal law (specifically, the CROA) and a similar California statute with respect to the marketing, sale and representations Fair Isaac made concerning certain credit score Offerings sold by Fair Isaac on its web sites, myFICO.com, or through Contractual Associates' web sites that link to myFICO.com. Plaintiff alleged that Fair Isaac was a credit repair organization because it sold services for the express or implied purpose of improving a consumer's credit record, credit history or credit rating, and, failed to comply with the requirements of the statute. Ms. Slack brought suit on her own behalf and on behalf of all consumers who purchased certain credit score Offerings from Fair Isaac through its web site myFICO.com since January 18, 2000. Ms. Slack sought the recovery of damages and attorney's fees. For purposes of this settlement, Ms. Slack's case was transferred from the United States District Court for the Northern District of California to the United States District Court of the Northern District of Georgia. The two lawsuits are collectively called the "Litigation."

## II.    THE DEFENDANTS' POSITION:

Equifax and Fair Isaac (collectively called the "Defendants") deny all allegations of wrongdoing in this Litigation and contend that they complied with all applicable laws. Nevertheless, Defendants desire to settle the Litigation solely to avoid the burden, expense, risk and uncertainty of continuing the proceedings, and for the purpose of putting to rest the controversies at issue.

2

III.   PRELIMINARY APPROVAL BY THE COURT AND NOTICE:

On February 8, 2007, the Court preliminarily approved the proposed Settlement of the claims described above, preliminarily certified the Settlement Class for purposes of the Settlement and directed that this Notice of the proposed Settlement be sent to the Settlement Class. The purpose of this Notice is to advise you of your rights with respect to the proposed Settlement and that the Court will hold a Fairness Hearing on June 4, 2007 to determine whether to approve the Settlement.

This Notice is only a summary of the terms of the Settlement of the Litigation. The complete terms of the Settlement are set forth in a Agreement for Settlement of the Hillis and Slack Litigation (the "Agreement"), which is on file with the Court identified, and which also may be downloaded from the "Settlement Website" located at www.hillisslacksettlement.com. In the event there is any conflict between this Notice and the Agreement, the terms of the Agreement shall control, because it and the orders of the Court are the official documents governing the Settlement.

IV.   SETTLEMENT CLASS AND CLASS COUNSEL:

The following settlement Class has been conditionally certified. If you are a member of the Class described here, the proposed Settlement will affect your legal rights. Please read this Notice carefully.

All consumers, residing in the United States, who between November 19, 1999 and February 8, 2007 entered into an agreement with any of the Defendants to purchase an Offering (defined below), paid any of the Defendants for that Offering, received the Offering and did not later obtain a complete refund from any source.

An Offering is defined as the following products or services offered for sale by Equifax or Fair Isaac:  Score Power; Credit Watch; Score Watch; 3-in-1 Monitoring; Credit Rankings with Score Power; Credit Rankings with 3-in-1 with Score Power; Credit Rankings with Credit Report; Credit Rankings with 3-in-1; 3-in-1 with Score Power; Score Power by mail; Credit Watch by mail; FICO® Score (with Equifax, TransUnion or Experian reports); FICO® Deluxe; Suze Orman FICO® Kit; CreditSync; and Credit Advantage.

The Settlement Class does not include:  (1) all judicial officers in the United States and their families through third degree of relationship; (2) all officers, directors, employees or counsel of the Defendants; (3) all persons who have already settled or otherwise compromised their claims against the Defendants; (4) all persons who elect to exclude themselves from the Settlement (i.e., Opt-Out); and (5) all persons who have pending against any of the Defendants on the date of entry of the Preliminary Approval Order any action wherein the recovery sought is encompassed by the Litigation.

The Court has appointed Pope, McGlamry, Kilpatrick, Morrison & Norwood LLP and Battle, Fleenor, Green, Winn & Clemmer LLP as Class Counsel.

V.   SETTLEMENT BENEFITS:

If the Court approves the proposed Settlement at the Fairness Hearing scheduled for June 4, 2007, the Defendants will provide the following benefits to the Settlement Class Members:

3

## A.    CHANGES DEFENDANTS WILL MAKE TO THE OFFERINGS AND ASSOCIATED LITERATURE

Defendants will make certain changes to the Offerings and to "Associated Literature." Associated Literature includes all marketing and advertising used in connection with the Offerings, including radio, television, print, and internet banner advertisements, email campaigns, newsletters, marketing and advertising statements contained in Defendants' websites, internet keyword purchases/auctions, metatag embedment, and search engine optimization. Defendants agree to implement the following changes within 60 days after the Effective Date:

1.    Defendants agree that their Offerings and Associated Literature will not use the following terms: "improve," "enhance," "boost," "raise" and "increase" in the same phrase as "score" or "rating"; however, an exception will be allowed when discussing hypothetical examples in the Score Simulator, such as "These Actions May Improve My Score";

2.    Defendants agree that their Offerings and Associated Literature will not use the phrases "credit repair," "credit fix," "credit fix," "repair your credit," "fix your credit" or combinations of those words; provided however, that the Defendants may use such terms in the disclaimer described in Paragraph v. below and may post links on their Websites to the FTC's or similar state agencies' webs sites;

3.    Defendants agree that their Offerings and Associated Literature will not use the terms "advice", "tips", "suggestions" and "instructions" in the same phrase as "improving," "enhancing," boosting," "raising" and "increasing" a credit score or credit rating;

4.    Defendants agree that their Offerings and Associated Literature that refer to the Score Simulator will add an explanation regarding the general nature of the simulated score associated with the Score Simulator, and will not suggest that the simulated score is "always" (or its equivalent) predictive of one's actual score;

5.    A disclaimer that Defendants are not credit repair organizations, or similarly regulated organizations under other applicable laws, and do not provide credit repair advice shall be prominently displayed in bold at the top of the Terms of Use displayed by Defendants during the purchase process on the Defendants' Websites;

6.    Fair Isaac agrees that Associated Literature that refers to the Personal Coaching modules in its FICO® Kit will make clear that any such modules will focus on issues such as debt relief, buying a car, etc., and not the improvement of an individual consumer's credit score;

7.    Fair Isaac agrees that its FICO® Kit will delete the "Suze's FICO School" and "FICO Improvement Plan" modules;

8.    Fair Isaac agrees that it will also offer on its Website for free a module similar to that offered in the FICO® Kit to assist a consumer to write a letter to a credit bureau listing potential errors identified by the consumer in his or her credit report, and that Associated Literature related to this module will only list that feature as one of the several features of the FICO® Kit but will not emphasize that feature over any other feature or suggest that it has any independent value; and

9.    Equifax agrees to maintain a link to www.annualcreditreport.com on the Equifax Consumer Website.

10.    Fair Isaac agrees that it will place a link to www.ftc.gov/credit on the home page of the Fair Isaac Consumer Website.

### B.    BENEFITS THAT DEFENDANTS WILL PROVIDE TO THE SETTLEMENT CLASS

Under the Settlement, a Class Member who purchased an Offering from only one of the Defendants is eligible to receive 3 free months of Score Watch from that Defendant. A Class Member who purchased an Offering from both of the Defendants is eligible to receive 3 free months of Score Watch from each of the Defendants making a possible total of 6 free months. **THERE ARE NO PREREQUISITES TO RECEIVING YOUR FREE SCORE WATCH. YOU WILL NOT HAVE TO PURCHASE ANYTHING OR PROVIDE CREDIT CARD INFORMATION. THESE MONTHS OF SCORE WATCH COME WITH NO STRINGS ATTACHED. IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE THESE BENEFITS, YOU MUST TIMELY SUBMIT AN AUTHENTICATION FORM TO THE SETTLEMENT ADMINISTRATOR AS DESCRIBED BELOW.** Score Watch™ is offered for sale by both Equifax and Fair Isaac. It monitors a consumer's Equifax credit file and FICO® score, and provides up to two Equifax Score Power reports. The current retail value of Score Watch™ is approximately $7.95-8.95 per month.

#### 1.    OBTAIN AN AUTHENTICATION FORM

If you are a Class Member and you wish to receive free Score Watch under this Settlement, you need only complete and submit an Authentication Form. This Authentication Form is necessary to assure that Equifax, Fair Isaac and Class Members' privacy rights are protected and to assure that only class members receive the free Score Watch. The Authentication Form is available at the Settlement Website at www.hillisslacksettlement.com. An Authentication Form may also be requested by calling the Settlement Administrator at 1-800-262-0454 or by sending a written request to the Settlement Administrator at Hillis Slack Settlement, c/o Garden City, P.O. Box 9114, Dublin, OH 43014-4114.

#### 2.    DEADLINE FOR SUBMISSION OF THE AUTHENTICATION FORM

The Authentication Form may be completed and submitted On-Line at the Settlement Website at www.hillisslacksettlement.com. The Authentication Form may also be mailed to the Settlement Administrator at Hillis Slack Settlement, c/o Garden City, P.O. Box 9114, Dublin, OH 43014-4114.

The deadline for submission of the Authentication Form is 75 days after the Effective Date. The Effective Date is the date when the settlement will become completely final, all appeals have been resolved, and no one will have a right to seek further appeals of the Settlement. You can visit the Settlement Website at www.hillisslacksettlement.com to check on the progress of the Settlement and the Effective Date. Mailed Authentication Forms must be postmarked by the Effective Date and addressed to Settlement Administrator at Hillis Slack Settlement, c/o Garden City, P.O. Box 9114, Dublin, OH 43014-4114.

#### 3.    DISTRIBUTION OF FREE SCORE WATCH

You will receive 3-6 months of free Score Watch only if the Court approves the proposed Settlement following the Fairness Hearing on June 4, 2007 and if you timely submit an Authentication Form.

If the Settlement is approved by the Court, you will receive a Benefit Code via email. A Benefit Code is simply number provided to you by e-mail with a link to Equifax.com or myFICO.com where all you will have to do to receive your free Score Watch is complete the verification process and plug in the benefit code. You will not be asked or solicited to purchase anything. If your email changes, you must

provide the Settlement Administrator with your updated email address, otherwise you may not receive the Benefit Code. You will be able to use this Benefit Code at the appropriate Defendants' website in order to obtain your free Score Watch. Distribution of the Benefit Codes will begin approximately 90 days after the Effective Date and may be staggered over a period of time not to exceed 6 months. You may check the Settlement Website at www.hillisslacksettlement.com for updates on the Settlement and distribution of the Benefit Codes.

### 4.    AUTHENTICATION FORM ASSISTANCE

You may obtain an Authentication Form by sending a written request to the Settlement Administrator Hillis Slack Settlement, c/o Garden City, P.O. Box 9114, Dublin, OH 43014-4114 or by accessing the website www.hillisslacksettlement.com. You also may call the Settlement Administrator at 1-800-262-0454 between the hours of __ a.m. and __ p.m. Monday through Friday Pacific/Standard/Eastern time to obtain an Authentication Form or to request assistance in filling it out. However, you cannot make a claim over the telephone, and must still submit your Authentication Form in writing by the deadline.

## VI.    ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD:

Counsel for the Settlement Class have pursued the Litigation on a contingent basis and have paid all the costs of the Litigation. These lawyers have not yet been paid or recovered any of their expenses. As part of the Settlement, Class Counsel will seek up to $4.0 million in attorneys' fees and expenses. The Court will determine a reasonable fee and expense award at the Fairness Hearing based on Class Counsel's Fee and Expense Application and responses thereto. Defendants will not oppose Class Counsel's Fee and Expense Application. Class Counsel will also ask the Court to approve a $7,500 Incentive Award to each of the Plaintiffs (Robbie Hillis and Christy Slack). None of these payments will reduce the benefits you receive. Any money the Court awards Class Counsel and the Plaintiffs will be paid by the Defendants.

## VII.    RESULT IF COURT APPROVES THE SETTLEMENT:

If the Court approves the proposed Settlement, it will dismiss the Litigation and the Defendants will provide the benefits described above to the Settlement Class members who have not excluded themselves from the Class.

Unless you exclude yourself, your rights will be affected. In general terms, the Court's Final Judgment will provide that any Class Member who does not exclude himself from the Settlement will be forever barred from suing Equifax, Fair Isaac and any company that is a subsidiary, parent, or corporate affiliate of Equifax or Fair Isaac alleging violations of CROA or other state and federal law based on the marketing, sale, purchase, representations and advertisements concerning or use of the Offerings purchased during the applicable class period (11/19/1999 - 2/8/2007). You will also be releasing any such claims you may have against Equifax's and Fair Isaac's Contractual Associates that receive and acknowledge receipt of the changes described in paragraph V.A. above. Contractual Associates means any entity which (1) posts a link to a Defendant's Website and receives a commission (or other compensation) for driving traffic to the Defendant's Website; (2) advertises, promotes, markets, provides, and/or sells any Offering; or (3) offers a private label or co-branded version of any of Defendants' Offerings.

The precise terms of the dismissal and release are set forth in paragraphs ___ of the Settlement Agreement. If you have any questions about the scope of the release, you should visit www.hillisslacksettlement.com for more information, or consult a lawyer.

## VIII.  YOUR OPTIONS:

If you are a member of the Settlement Class, you have the following options:

A.    PARTICIPATE IN THE SETTLEMENT:  IF YOU AGREE WITH THE PROPOSED SETTLEMENT, AND WISH TO RECEIVE THE FREE SCORE WATCH, YOU MUST TIMELY SUBMIT AN AUTHENTICATION FORM TO THE SETTLEMENT ADMINISTRATOR AS DESCRIBED ABOVE.  If the Court approves the Settlement, you will receive all the benefits to which you are entitled.  You will also release all claims arising from the Offerings you may have against Equifax and Fair Isaac.  If you wish to comment in favor of the Settlement, you may send you comment to the Settlement Administrator at Hillis Slack Settlement, c/o Garden City, P.O. Box 9114, Dublin, OH 43014-4114.

B.    REQUEST TO BE EXCLUDED:  If you wish to be individually excluded from the Settlement Class, the Settlement Administrator must receive a letter or postcard from you that is postmarked on or before May 4, 2007.  Objections can only be filed individually – not on behalf of a group or class.  Your letter must include your name, address, last 4 digits of your Social Security Number, email address and telephone number; and an unambiguous statement that you wish to be excluded from the Settlement Class.  You must send your request to the Settlement Administrator at Hillis Slack Settlement, c/o Garden City, P.O. Box 9114, Dublin, OH 43014-4114.  If you do not submit a clear request for exclusion to the proper location or if you do not do so timely, you will be bound by the Settlement Agreement and all your claims will be released.  If you validly and timely request exclusion from the Settlement Class, you will not be bound by the Final Judgment, and you will not be precluded from instituting or prosecuting any individual claim you otherwise have against the Defendants.

C.    OBJECT TO THE SETTLEMENT:  If you are a member of the Settlement Class and you do not request to be excluded, you may object to the terms of the settlement, to Class Counsel's request for attorneys' fees and expenses, or to the Plaintiffs' Incentive Awards.  If you object and the Settlement is approved, you will be barred from bringing your own lawsuit, and you will be bound by the Final Judgment and release and all Orders entered by the Court.  You may, but need not, enter an appearance through counsel of your choice.  If you do, you will be responsible for your own attorneys' fees and expenses.  If you object to the settlement, you must, on or before May 4, 2007:  (1) file with the Clerk of the United States District Court for the Northern District of Georgia, and (2) serve upon C. Neal Pope, POPE, MCGLAMRY, KILPATRICK, MORRISON & NORWOOD, 1111 Bay Avenue, Suite 450, Columbus, GA 31901 (Class Counsel); A. Stephens Clay, KILPATRICK STOCKTON LLP, 1100 Peachtree Street, Suite 2800, Atlanta, GA 30309 (counsel for Equifax); and Frederick Brown, GIBSON DUNN & CRUTCHER, One Montgomery Street, Suite 3100, San Francisco, CA 94104 (counsel for Fair Isaac), a written objection including: (a) your full name, address and telephone number, (b) the Offering(s) you purchased, the Defendant(s) from which you purchased the Offering(s) and the approximate date(s) of purchase, (c) a written statement of all grounds for the objection accompanied by any legal support for your objection, (d) copies of any papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of the objection, (f) a statement of whether you intend to appear at the Fairness Hearing; (g) a list of other cases in which you or your counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five (5) years, and (h) your signature, even if you are also represented by counsel.  If you intend to appear at the Fairness Haring through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

7

# EXHIBIT 7

MEDIATION

## U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00599-SLR

Millett et al v. TrueLink Inc.

Assigned to: Honorable Sue L. Robinson

Demand: $75,000

Case in other court: USDC/Kansas, 04-02448-CM-GLR

Cause: 28:1332 Diversity-Other Contract

Date Filed: 08/16/2005

Jury Demand: Both

Nature of Suit: 190 Contract: Other

Jurisdiction: Diversity

### Plaintiff

**Steven G. Millett**

represented by **Christopher J. Curtin**
Erisman & Curtin
P.O. Box 250
Wilmington, DE 19899-0250
(302) 764-6698
Email: ccurtin659@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Melody J. Millett**
*on behalf of themselves and all other*
*similarly situated*

represented by **Christopher J. Curtin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Truelink Inc.**
*a Trans Union Company*

represented by **William M. Lafferty**
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Email: wlafferty@mnat.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2005 | 35 | Record of case ( with Jury Demand) transferred in from District of Kansas; Case Number in Other District: 04-2448-CM-GLR. Copy of Docket Sheet and original file with documents numbered 1-13 attached-filed by Melody J. Millett. (Attachments: # 1 DI #1# 2 DI #2# 3 DI #3# 4 |

| | | |
|---|---|---|
| | | DI #4# 5 DI #5# 6 DI #6# 7 DI #6 Exhibit# 8 DI #7# 9 DI #8 Order Reassigning Case (no PDF)# 10 DI #9 Order Granting DI #7 (no PDF)# 11 DI # 10# 12 DI #11# 13 DI #12 Order Granting DI #10 (no PDF)# 14 DI #13)(dab, ) (Entered: 08/16/2005) |
| 08/16/2005 | 36 | Continued record of case transferred in from District of Kansas; Case number in Other District 04-2448. Copy of Docket Sheet and original file with documents numbered 14-27 attached. (Attachments: # 1 DI #14# 2 DI #14 Exhibit A# 3 DI #15# 4 DI #16# 5 DI #17# 6 DI #17 Affidavit# 7 DI #18 Order Setting Status Conference (no PDF)# 8 DI #19 Order Granting DI #16 (no PDF)# 9 DI #20# 10 DI #21# 11 DI #22# 12 DI #23# 13 DI #24# 14 DI #24 Exhibit A# 15 DI #25# 16 DI #26# 17 DI #27) (dab, ) (Entered: 08/16/2005) |
| 08/16/2005 | 37 | Continued Record of case transferred in from District of Kansas; Case Number in Other District 04-2448. Copy of Docket Sheet and original file with documents numbered 28-35 attached. (Attachments: # 1 DI #28 Order Continuing Telephone Scheduling Conf (no PDF)# 2 DI #29# 3 DI #29 Exhibits# 4 DI #30 Order Reassigning Case (no PDF)# 5 DI #31# 6 DI #32 Order Granting DI #31 (no PDF)# 7 DI #33# 8 DI #34 Order Rescheduling Telephone Conf (no PDF)# 9 DI #35) (dab, ) (Entered: 08/16/2005) |
| 08/16/2005 | | ORDER Granting Motion to Dismiss/Transfer. Signed by Judge Carlos Murguia on 8/9/05 in USDC/Kansas - Docket Item in other district DI #35(dab, ) (Entered: 08/16/2005) |
| 08/16/2005 | 38 | COMPLAINT filed with Jury Demand against Truelink Inc. - Magistrate Consent Notice to Pltf. - filed by Steven G. Millett, Melody J. Millett (filed in USDC/Kansas on 9/9/04)(dab, ) (Entered: 08/16/2005) |
| 08/16/2005 | 39 | ANSWER to Complaint by Transunion LLC. (filed in USDC/Kansas on 11/19/04 as DI #4)(dab, ) (Entered: 08/16/2005) |
| 08/16/2005 | 40 | AMENDED COMPLAINT against all defendants- filed by Steven G. Millett, Melody J. Millett. (filed in USDC/Kansas 4/8/05 as DI #27) (dab, ) (Entered: 08/16/2005) |
| 08/16/2005 | 41 | Local Counsel Letter sent to atty for Plaintiff. Notice of Compliance deadline set for 9/15/2005. (dab, ) (Entered: 08/16/2005) |
| 08/16/2005 | 42 | Local Counsel Letter sent to atty for Defendant. Notice of Compliance deadline set for 9/15/2005. (dab, ) (Entered: 08/16/2005) |
| 08/24/2005 | | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb, ) (Entered: 08/24/2005) |
| 09/13/2005 | 43 | MOTION for Pro Hac Vice Appearance of Attorney Michael O'Neil and Paula D. Friedman, DLA Piper Rudnick Gray Cary US LLP - filed by Truelink Inc.. (Tross, Erika) (Entered: 09/13/2005) |
| 09/16/2005 | | SO ORDERED, re 43 MOTION for Pro Hac Vice Appearance of Attorney Michael O'Neil and Paula D. Friedman, DLA Piper Rudnick |

| | | |
|---|---|---|
| | | Gray Cary US LLP filed by Truelink Inc., . Signed by Judge Sue L. Robinson on 9/15/05. (fmt, ) (Entered: 09/16/2005) |
| 09/16/2005 | 44 | MOTION for Extension of Time to Comply With Local Rule 83.5 - filed by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Exhibit A - Order Transfer# 2 7.1.1 Statement)(fmt, ) (Entered: 09/17/2005) |
| 09/22/2005 | 45 | ORDER granting 44 Motion for Extension of Time; Plaintiffs shall have until 11/14/05 in which to retain local counsel representation . Signed by Judge Sue L. Robinson on 9/22/05. (fmt, ) (Entered: 09/22/2005) |
| 09/22/2005 | | Copy of D.I. 45 was mailed to B. Joyce Yeager, Esq., Yeager Law Firm, L.L.C., 7270 W. 98th Terrace, Building 7, Suite 220, Overland Park, KS 66212 (fmt, ) (Entered: 09/22/2005) |
| 11/10/2005 | 46 | NOTICE of Appearance by Christopher J. Curtin on behalf of all plaintiffs (Curtin, Christopher) (Entered: 11/10/2005) |
| 11/10/2005 | 47 | MOTION for Pro Hac Vice Appearance of Attorney Barry R. Grissom - filed by Steven G. Millett, Melody J. Millett. (Curtin, Christopher) (Entered: 11/10/2005) |
| 11/10/2005 | 48 | MOTION for Pro Hac Vice Appearance of Attorney B. Joyce Yeager - filed by Steven G. Millett, Melody J. Millett. (Curtin, Christopher) (Entered: 11/10/2005) |
| 11/10/2005 | 49 | MOTION for Pro Hac Vice Appearance of Attorney Bryson R. Cloon - filed by Steven G. Millett, Melody J. Millett. (Curtin, Christopher) (Entered: 11/10/2005) |
| 11/10/2005 | 50 | MOTION for Pro Hac Vice Appearance of Attorney Michael W. Blanton - filed by Steven G. Millett, Melody J. Millett. (Curtin, Christopher) (Entered: 11/10/2005) |
| 11/16/2005 | | SO ORDERED, re 48 MOTION for Pro Hac Vice Appearance of Attorney B. Joyce Yeager filed by Steven G. Millett,, Melody J. Millett,, 49 MOTION for Pro Hac Vice Appearance of Attorney Bryson R. Cloon filed by Steven G. Millett,, Melody J. Millett,, 47 MOTION for Pro Hac Vice Appearance of Attorney Barry R. Grissom filed by Steven G. Millett,, Melody J. Millett. Signed by Judge Sue L. Robinson on 11/15/05. (rld, ) (Entered: 11/16/2005) |
| 11/16/2005 | | SO ORDERED, re 50 MOTION for Pro Hac Vice Appearance of Attorney Michael W. Blanton filed by Steven G. Millett,, Melody J. Millett, . Signed by Judge Sue L. Robinson on 11/15/05. (rld, ) (Entered: 11/16/2005) |
| 11/17/2005 | 51 | NOTICE OF SUBSTITUTION OF COUNSEL re Truelink Inc.: Entry of appearance of attorney William M. Lafferty. Attorney Erika Y. Tross, Esquire terminated. (Lafferty, William) (Entered: 11/17/2005) |
| 11/17/2005 | 52 | NOTICE OF SUBSTITUTION OF COUNSEL re Truelink Inc.: Entry of appearance of attorney Jerry Clyde Harris, Jr. Attorney Erika Y. Tross terminated. (Harris, Jerry) (Entered: 11/17/2005) |

| 12/06/2005 | 53 | MOTION to Amend/Correct *First Amended Complaint* - filed by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Certificate of Compliance LR 7.11 Certificate# 2 Text of Proposed Order Granting Leave to File Second Amended Complaint# 3 Exhibit Proposed Second Amended Complaint)(Curtin, Christopher) (Entered: 12/06/2005) |
| --- | --- | --- |
| 12/06/2005 | 54 | OPENING BRIEF in Support re 53 MOTION to Amend/Correct *First Amended Complaint and file Second Amended Complaint* filed by Steven G. Millett, Melody J. Millett.Answering Brief/Response due date per Local Rules is 12/20/2005. (Attachments: # 1 Exhibit Proposed Second Amended Complaint)(Curtin, Christopher) (Entered: 12/06/2005) |
| 12/14/2005 | 55 | ORDER granting 53 Motion for leave to file a 2nd amended complaint; To view the 2nd amended complaint SEE Exhibit A attached to D.I. 53. Signed by Judge Sue L. Robinson on 12/14/05. (rld, ) (Entered: 12/14/2005) |
| 12/14/2005 | | Second AMENDED COMPLAINT against Truelink Inc.- filed by Steven G. Millett, Melody J. Millett, per the court's granting of D.I. 53; TO VIEW THIS AMENDED COMPLAINT SEE EXHIBIT A ATTACHED TO D.I. 53.(rld, ) (Entered: 12/14/2005) |
| 12/19/2005 | 56 | Letter to Peter T. Dalleo, Clerk of Court from William Lafferty regarding pursuant to L.R. 3.1(b) informing Court of related case, Townes v. TransUnion LLC and TrueLink, Inc., C.A. 04-1488-JJF. (Lafferty, William) (Entered: 12/19/2005) |
| 12/21/2005 | 57 | Letter to Peter C. Dalleo from Christopher J. Curtin regarding Response to Defense Identification of Related Case, Townes v. TransUnion LLC and TrueLink, Inc. - re 56 Letter. (Curtin, Christopher) (Entered: 12/21/2005) |
| 12/21/2005 | 58 | First MOTION to Appoint Counsel *Interim Class Counsel and Notice of Service* - filed by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Certificate of Compliance LR 7.1.1# 2 Text of Proposed Order Appointing Interim Class Counsel)(Curtin, Christopher) (Entered: 12/21/2005) |
| 01/10/2006 | 59 | RESPONSE to Motion re 58 First MOTION to Appoint Counsel *Interim Class Counsel and Notice of Service* filed by Truelink Inc.. (Attachments: # 1 Exhibit A -- Townes Complaint# 2 Exhibit B -- Second Amended Millett Complaint# 3 Exhibit C -- Memorandum Opinion in Townes) (Lafferty, William) (Entered: 01/10/2006) |
| 01/13/2006 | 60 | MOTION to Dismiss Based upon Federal Rules of Civil Procedure 12(b)(6) and 12(e) and upon the grounds stated therein - filed by Truelink Inc.. (Attachments: # 1 Text of Proposed Order)(Lafferty, William) (Entered: 01/13/2006) |
| 01/13/2006 | 61 | OPENING BRIEF in Support re 60 MOTION to Dismiss Based upon Federal Rules of Civil Procedure 12(b)(6) and 12(e) and upon the grounds stated therein -- *Defendant's Motion to Dismiss Counts I, II, III, and V of the Second Amended Complaint or for More Definite Statement* |

|  |  |  |
|---|---|---|
|  |  | *[See D.I. 53 for Second Amended Complaint]* -- filed by Truelink Inc..Answering Brief/Response due date per Local Rules is 1/30/2006. (Attachments: # 1 Exhibit A -- USDC/District of Kansas D.I. No. 1 (Complaint)# 2 Exhibit B -- USDC/District of Kansas D.I. No. 27 (First Amended Complaint))(Lafferty, William) (Entered: 01/13/2006) |
| 01/27/2006 | 62 | ANSWERING BRIEF in Opposition to D.I. 60*to DefendantsMotion to Dismiss Counts I, II, III, and V of the Second Amended Complaint or for More Definite Statement* filed by Steven G. Millett, Melody J. Millett.Reply Brief due date per Local Rules is 2/3/2006. (Curtin, Christopher) Modified on 1/30/2006 (fmt, ). (Entered: 01/27/2006) |
| 01/30/2006 |  | CORRECTING ENTRY: D.I. 62 has been linked to D.I. 60 (Motion) (fmt, ) (Entered: 01/30/2006) |
| 02/03/2006 | 63 | REPLY BRIEF re 60 MOTION to Dismiss Based upon Federal Rules of Civil Procedure 12(b)(6) and 12(e) and upon the grounds stated therein filed by Truelink Inc.. (Harris, Jerry) (Entered: 02/03/2006) |
| 02/08/2006 | 64 | First MOTION Leave to file Sur-Reply to Defendant's Motion to Dismiss, or in the alternative leave to conduct discovery in order to fully brief the choice of law issues raised. re 63 Reply Brief *in Support of Motion to Dismiss Counts I, II, III and V of the Second Amended Complaint or For More Definite Statement* - filed by Steven G. Millett, Melody J. Millett. (Attachments: # 1)(Curtin, Christopher) (Entered: 02/08/2006) |
| 02/15/2006 | 65 | RESPONSE to Motion re 64 First MOTION Leave to file Sur-Reply to Defendant's Motion to Dismiss, or in the alternative leave to conduct discovery in order to fully brief the choice of law issues raised. re 63 Reply Brief *in Support of Motion to Dismiss Counts I, II, I filed by* Truelink Inc.. *(Lafferty, William) (Entered: 02/15/2006)* |
| 02/16/2006 | 66 | REQUEST for Oral Argument by Steven G. Millett, Melody J. Millett re 64 First MOTION Leave to file Sur-Reply to Defendant's Motion to Dismiss, or in the alternative leave to conduct discovery in order to fully brief the choice of law issues raised. re 63 Reply Brief *in Support of Motion to Dismiss Counts I, II, I, 60 MOTION to Dismiss Based upon Federal Rules of Civil Procedure 12(b)(6) and 12(e) and upon the grounds stated therein. (Curtin, Christopher) (Entered: 02/16/2006)* |
| 04/26/2006 | 67 | Letter to The Honorable Sue L. Robinson from William M. Lafferty regarding calling Court's attention to an opinion in Millett v. Equifax issued after the close of briefing on TrueLink's motion to dismiss Counts I, II, III and V of Second Amended Complaint - re 66 Request for Oral Argument,, 65 Response to Motion,. (Attachments: # 1 Exhibit Exhibit A to Letter to Judge Robinson calling Court's attention to an opinion in Millett v. Equifax that was issued after close of briefing on TrueLink's motion to dismiss Courts I, II, III and V of Second Amended Complaint) (Lafferty, William) (Entered: 04/26/2006) |
| 05/02/2006 | 68 | Letter to The Honorable Sue L. Robinson from Christopher J. Curtin regarding Response to Defense Letter dated April 26, 2006. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit Exhibit A, Georgia Amended Complaint# 2 Exhibit Exhibit B, Letter with Equifax information)(Curtin, Christopher) (Entered: 05/02/2006) |
| 05/03/2006 | 69 | Letter to The Honorable Sue L. Robinson from Christopher J. Curtin regarding adding Exhibit C to Letter dated May 2, 2006. (Attachments: # 1 Exhibit Exhibit C, TrueLink Credit Rejection Letter)(Curtin, Christopher) (Entered: 05/03/2006) |
| 06/12/2006 | 70 | Third MOTION to Amend/Correct 55 Order on Motion to Amend/Correct *for leave to file third amended Complaint* - filed by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Text of Proposed Order Granting Motion to File Third Amended Complaint# 2 Certificate of Compliance Certificate Pursuant to L.R. 7.1.1)(Curtin, Christopher) (Entered: 06/12/2006) |
| 06/12/2006 | 71 | OPENING BRIEF in Support of D.I. 70 *of Plaintiffs' Motion for Leave to file Third Amended Complaint* filed by Steven G. Millett, Melody J. Millett.Answering Brief/Response due date per Local Rules is 6/26/2006. (Attachments: # 1 Exhibit Contract# 2 Exhibit B. Third Amended Complaint# 3 Certificate of Compliance Pursuant to L.R. 7.1.1# 4 Exhibit D: Third Amended Complaint Marked# (Curtin, Christopher) Modified on 6/12/2006 (fmt, ). Modified on 6/12/2006 (fmt, ). (Entered: 06/12/2006) |
| 06/12/2006 | | CORRECTING ENTRY: The Opinions attached as Exhibits E, F and G to D.I. 71 have been deleted from the docket; Please see "Important Filing Info." on Chief Judge Robinson's website: Counsel should not file copies of court decisions unless the case involves a pro se litigant or there is reference in the brief to court decisions that are NOT electronically retrievable via Westlaw or Lexis. D.I. 71 has been linked to D.I. 70 (fmt, ) (Entered: 06/12/2006) |
| 06/29/2006 | 72 | ANSWERING BRIEF in Opposition re 70 Third MOTION to Amend/Correct 55 Order on Motion to Amend/Correct *for leave to file third amended Complaint* filed by Truelink Inc..Reply Brief due date per Local Rules is 7/7/2006. (Lafferty, William) (Entered: 06/29/2006) |
| 08/31/2006 | 73 | ORDER denying 58 Motion to Appoint Counsel . Signed by Judge Sue L. Robinson on 8/31/06. (rld, ) (Entered: 08/31/2006) |
| 09/07/2006 | 74 | MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 9/7/06. (rld, ) (Entered: 09/07/2006) |
| 09/07/2006 | 75 | ORDER denying 64 Motion, granting in part 70 Motion to Amend/Correct, denying 60 Motion to Dismiss; pltfs. may file a 4th amended complaint no later than 9/22/06 . Signed by Judge Sue L. Robinson on 9/7/06. (rld, ) (Entered: 09/07/2006) |
| 09/20/2006 | 76 | Fourth AMENDED COMPLAINT -*CLASS ACTION* against Truelink Inc.- filed by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Exhibit Marked 4th Amended Complaint)(Curtin, Christopher) (Entered: 09/20/2006) |

| 09/21/2006 | 77 | NOTICE of Withdrawal of Jerry C. Harris, Jr., Esquire as Counsel of Record by Truelink Inc. (Lafferty, William) (Entered: 09/21/2006) |
|---|---|---|
| 09/26/2006 | 78 | ORDER, Setting Hearings: Scheduling TeleConference set for 10/24/2006 08:45 AM before Honorable Sue L. Robinson. Signed by Judge Sue L. Robinson on 9/21/06. (rld, ) (Entered: 09/26/2006) |
| 10/13/2006 | 79 | ANSWER to Amended Complaint -- *TrueLink, Inc. Answer to Plaintiffs Fourth Amended Complaint* -- by Truelink Inc..(Lafferty, William) (Entered: 10/13/2006) |
| 10/18/2006 | 80 | ORDER ReSetting Deadlines/Hearings Scheduling TeleConference reset for 10/24/2006 09:00 AM before Honorable Sue L. Robinson. Signed by Judge Sue L. Robinson on 10/17/06. (rld, ) (Entered: 10/18/2006) |
| 10/20/2006 | 81 | PROPOSED ORDER Scheduling Order by Steven G. Millett, Melody J. Millett. (Curtin, Christopher) (Entered: 10/20/2006) |
| 10/24/2006 | | Minute Entry for proceedings held before Judge Sue L. Robinson : Scheduling TeleConference held on 10/24/2006. (Court Reporter n/a.) (rld, ) (Entered: 10/24/2006) |
| 10/24/2006 | 82 | SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Joinder of Parties due by 8/15/2007. Amended Pleadings due by 8/15/2007. Discovery due by 8/30/2007. Dispositive Motions due by 9/28/2007. Motions in Limine due by 2/26/2008. Responses to Motions in Limine due by 3/4/2008. Pretrial Conference set for 3/11/2008 04:30 PM in Courtroom 6B before Honorable Sue L. Robinson. Jury Trial set for 3/24/2008 09:30 AM in Courtroom 6B before Honorable Sue L. Robinson. Signed by Judge Sue L. Robinson on 10/24/06. (rld, ) Additional attachment(s) added on 10/25/2006 (rld, ). (Entered: 10/24/2006) |
| 10/24/2006 | | CASE REFERRED to Mediation. (cab, ) (Entered: 10/24/2006) |
| 10/24/2006 | 83 | Order Setting Teleconference: Telephone Conference set for 1/17/2007 at 9:30 AM before Honorable Mary Pat Thynge to discuss ADR. Signed by Judge Mary Pat Thynge on 10/24/2006. (cab, ) (Entered: 10/24/2006) |
| 10/25/2006 | | CORRECTING ENTRY: The pdf attached to D.I. 82 has been updated to reflect the scheduling order entered by Chief Judge Robinson on 10/24/06. (rld, ) (Entered: 10/25/2006) |
| 11/09/2006 | 84 | NOTICE of Change of Law Firm Name to DLA Piper US LLP by Truelink Inc. (Lafferty, William) (Entered: 11/09/2006) |
| 11/27/2006 | 85 | NOTICE OF SERVICE of TrueLink, Inc. Rule 26 Initial Disclosures by Truelink Inc..(Lafferty, William) (Entered: 11/27/2006) |
| 12/04/2006 | 86 | NOTICE OF SERVICE OF INITIAL DISCLOSURES pursuant to Rule 26 by Steven G. Millett, Melody J. Millett.(Curtin, Christopher) Modified on 12/4/2006 (fmt, ). (Entered: 12/04/2006) |
| 12/04/2006 | | CORRECTING ENTRY: The docket text of D.I. 86 has been corrected. |

| | | |
|---|---|---|
| | | The incorrect code was used to docket D.I. 86. "Notice of Service" under "Discovery Documents" should have been used. (fmt) (Entered: 12/04/2006) |
| 12/11/2006 | 88 | NOTICE OF SERVICE of Plaintiff's First Request for Production of Documents to Defendant Truelink, Inc. by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Certificate of Compliance Service of Notice of Service)(Curtin, Christopher) (Entered: 12/11/2006) |
| 12/12/2006 | | CORRECTING ENTRY: D.I. 87 (REQUEST for Production of Documents directed to Defendant Truelink, Inc.) has been deleted from the docket. Discovery document erroneously filed (See Local Rule 5.4). (fmt) (Entered: 12/12/2006) |
| 12/22/2006 | 89 | NOTICE OF SERVICE of Plaintiffs' Second Request for Production of Documents to Defendant Truelink, Inc. by Steven G. Millett, Melody J. Millett. (Attachments: # 1)(Curtin, Christopher) (Entered: 12/22/2006) |
| 12/22/2006 | 90 | NOTICE OF SERVICE of Plaintiffs' First Interrogatories to Defendant Truelink, Inc. by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Certificate of Compliance Notice of Service)(Curtin, Christopher) (Entered: 12/22/2006) |
| 01/16/2007 | 91 | NOTICE of Service of (1) TrueLink, Inc.'s First Set of Interrogatories to Plaintiff Steven G. Millett and (2) TrueLink, Inc.'s First Request for Production of Documents to Plaintiffs by Truelink Inc. re 76 Amended Complaint, 79 Answer to Amended Complaint (Moffitt, Jay) (Entered: 01/16/2007) |
| 01/17/2007 | 92 | Order Setting Teleconference: Telephone Conference set for 5/18/2007 at 9:30 AM before Honorable Mary Pat Thynge to discuss ADR. Signed by Judge Mary Pat Thynge on 1/17/2007. (cak) (Entered: 01/17/2007) |
| 01/18/2007 | 93 | NOTICE of Service of Response To Plaintiffs' First Request for Production of Documents to Defendant TrueLink, Inc. by Truelink Inc. re 88 Notice of Service (Moffitt, Jay) (Entered: 01/18/2007) |
| 01/24/2007 | 94 | PROPOSED ORDER Agreed Protective Order by Steven G. Millett, Melody J. Millett. (Attachments: # (1) Certificate of Compliance Service) (Curtin, Christopher) Additional attachment(s) added on 1/25/2007 (fmt, ). (Entered: 01/24/2007) |
| 01/25/2007 | | CORRECTING ENTRY: The Agreed Protective Order was attached twice to D.I. 94. The extra attachment has been deleted and the certificate of service has been attached to D.I. 94. (fmt) (Entered: 01/25/2007) |
| 01/26/2007 | 95 | NOTICE of OF SERVICE of (1) Response to Plaintiffs' First Interrogatories to Defendant TrueLink, Inc. and (2) Response to Plaintiffs' Second Request for Production of Documents to Defendant TrueLink, Inc., both served on 1-24-2007, by Truelink Inc. re 90 Notice of Service, 89 Notice of Service (Moffitt, Jay) (Entered: 01/26/2007) |
| 01/30/2007 | | SO ORDERED, re 94 Proposed Protective Order filed by Steven G. Millett, Melody J. Millett. Signed by Judge Sue L. Robinson on 1/29/07. |

|  |  | (rld) (Entered: 01/30/2007) |
|---|---|---|
| 02/01/2007 | 96 | NOTICE of OF SERVICE of TrueLink, Inc.'s First Set of Interrogatories to Plaintiff Melody J. Millett by Truelink Inc. (Moffitt, Jay) (Entered: 02/01/2007) |
| 02/08/2007 | 97 | NOTICE of Service of TrueLink, Inc.'s Second Request For Production of Documents to Plaintiffs by Truelink Inc. (Moffitt, Jay) (Entered: 02/08/2007) |
| 02/09/2007 | 98 | First MOTION Leave to Voluntarily Dismiss Counts III and IV of the Complaint - filed by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Certificate of Compliance Rule 7.1.1# 2 Text of Proposed Order Leave to dismiss Counts III and IV of Complaint)(Curtin, Christopher) (Entered: 02/09/2007) |
| 02/21/2007 | 99 | NOTICE OF SERVICE of Plaintiffs' Response to Truelink's First Interrogatories to Steven Millett, and Plaintiffs' Response to Truelink's First Request for Production by Steven G. Millett, Melody J. Millett. (Attachments: # 1 Certificate of Compliance Service)(Curtin, Christopher) (Entered: 02/21/2007) |
| 03/02/2007 | 100 | NOTICE OF SERVICE of Plaintiffs' Response to Truelink, Inc.'s Second Request for Production of Documents by Steven G. Millett, Melody J. Millett.(Curtin, Christopher) (Entered: 03/02/2007) |
| 03/05/2007 |  | SO ORDERED, re 98 First MOTION Leave to Voluntarily Dismiss Counts III and IV of the Complaint filed by Steven G. Millett, Melody J. Millett. Signed by Judge Sue L. Robinson on 3/2/07. (rld) (Entered: 03/05/2007) |
| 03/19/2007 | 101 | NOTICE OF SERVICE of Plaintiffs' Supplemental Response to Truelink's First Interrogatories to Steven Millett by Steven G. Millett, Melody J. Millett.(Curtin, Christopher) (Entered: 03/19/2007) |
| 03/19/2007 | 102 | NOTICE to Take Deposition of John Danaher on March 27, 2007 by Steven G. Millett, Melody J. Millett.(Curtin, Christopher) (Entered: 03/19/2007) |
| 03/19/2007 | 103 | NOTICE to Take Deposition of Lucy Duni on March 28, 2007 by Steven G. Millett, Melody J. Millett.(Curtin, Christopher) (Entered: 03/19/2007) |
| 03/19/2007 | 104 | NOTICE to Take Deposition of Barbara Kozel on March 29, 2007 by Steven G. Millett, Melody J. Millett.(Curtin, Christopher) (Entered: 03/19/2007) |
| 03/20/2007 | 105 | NOTICE to Take Deposition of Steven G. Millett on March 30, 2007 by Truelink Inc.. (Attachments: # 1 Certificate of Service)(Lafferty, William) (Entered: 03/20/2007) |
| 03/28/2007 | 106 | NOTICE OF SERVICE of Plaintiffs' Response to Truelink's First Interrogatories to Plaintiff Melody Millett by Steven G. Millett, Melody J. Millett.(Curtin, Christopher) (Entered: 03/28/2007) |
|  |  |  |

| 04/05/2007 | 107 | NOTICE of DEPOSITION OF PLAINTIFF MELODY J. MILLETT by Truelink Inc. re 82 Scheduling Order,, (Moffitt, Jay) (Entered: 04/05/2007) |
| 05/18/2007 | 108 | Order Setting Teleconference: Telephone Conference set for 6/26/2007 at 4:30 PM before Honorable Mary Pat Thynge to discuss the status of the case and mediation. Signed by Judge Mary Pat Thynge on 5/18/2007. (cak) (Entered: 05/18/2007) |
| 05/25/2007 | 109 | NOTICE OF SERVICE of Plaintiff's First Request for Admissions; Plaintiffs' Second Interrogatories; and Plaintiffs' Third Request for Production by Steven G. Millett, Melody J. Millett.(Curtin, Christopher) (Entered: 05/25/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/30/2007 09:56:24 | | | |
| **PACER Login:** | pm0158 | **Client Code:** | townes |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-00599-SLR Start date: 1/1/1970 End date: 5/30/2007 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEVEN G. MILLETT, MELODY J.      )
MILLETT, on behalf of             )
themselves and all others         )
similarly situated,               )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )     Civ. No. 05-599-SLR
                                  )
TRUELINK, INC., a Trans Union     )
Company,                          )
                                  )
          Defendant.              )

### MEMORANDUM ORDER

Pending before the court is plaintiffs' motion to appoint interim counsel. (D.I. 58)  For the reasons discussed, the motion will be denied.

### I.    BACKGROUND

On September 9, 2004, plaintiffs filed their complaint in the United States District Court for the District of Kansas.  On August 16, 2005, the case was transferred to this court.  In their second amended complaint,[1] plaintiffs allege breach of contract and violations of the Delaware Consumer Fraud Act, the Delaware Consumer Contracts Act, the Credit Repair Organizations Act, and the Credit Reporting Agencies Act.

By their motion, plaintiffs seek the appointment of Bryson

---

[1]Plaintiffs have amended their complaint twice. (D.I. 36 at Part 18, D.I. 55) Currently pending before the court is plaintiffs' motion for leave to file third amended complaint. (D.I. 70)

R. Cloon, Barry R. Grissom, B. Joyce Yeager, and Michael W.
Blanton as interim class counsel.  In support of their motion,
plaintiffs contend that these lawyers have experience in class
actions and complex litigation and have been responsible for
handling this case to date.  Plaintiffs further contend that
discovery will be necessary prior to class certification and that
it is in the best interest of the putative class for the court to
designate counsel for the discovery and certification processes.

In response, defendant contends that this action is related
to another action pending in the District of Delaware, Townes v.
TransUnion, LLC and TrueLink, Inc., Case No. 04-1488-JJF, in
which Judge Joseph J. Farnan, Jr. has already appointed interim
class counsel.  Defendant contends that the appointment of
different interim counsel in this case may create the rivalry
among lawyers and uncertainty among the putative class that Judge
Farnan intended to avoid by appointing interim counsel in Townes.

II.  DISCUSSION

As a rule, the lawyer who files a potential class action
conducts discovery, files motions, and prepares for the
certification decision prior to the appointment of class counsel.
However, Federal Rule of Civil Procedure 23 allows a court to
designate interim counsel when such a designation is "necessary
to protect the interests of the putative class."  Fed. R. Civ. P.
23(g)(2)(A).  Designation of interim class counsel may be

2

particularly helpful where there is rivalry among lawyers or where "overlapping, duplicative, or competing class suits are pending before a court." <u>Donaldson v. Pharmacia Pension Plan</u>, 2006 U.S. Dist. LEXIS 28607, at *2-3 (S.D. Ill. May 10, 2006).

The court concludes that, at this juncture, appointment of interim counsel is not necessary. There has been no showing that other lawyers are competing to handle this litigation. Further, plaintiffs contend that this case is unrelated to <u>Townes</u>. (D.I. 57). Accepting that contention as true for the purposes of the instant motion only, the court concludes that there are not overlapping, duplicative, or competing class suits. Accordingly, the court will deny plaintiffs' motion to appoint interim counsel. (D.I. 58)

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that plaintiffs' motion to appoint interim counsel (D.I. 58) is denied.

August __31__, 2006                                      _____
                                                        UNITED STATES DISTRICT JUDGE

3