UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES IV, individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>TRANSUNION LLC and TRUELINK, INC.,<br><br>                Defendants. | Case No. 04-1488-JFF<br><br>REDACTED VERSION<br><br>Original Filing Date: June 4, 2007<br>Redacted Filing Date: June 11, 2007 |

### DECLARATION OF MICHAEL O'NEIL

I, Michael O'Neil, having been duly sworn, state as follows:

1. I am over 18 years of age and I make this Affidavit on personal knowledge and in support of Defendants' Brief in Opposition to Motion for Leave to Intervene.

2. I am an attorney with the law firm of DLA Piper US LLP, 203 North LaSalle Street, Suite 1800, Chicago, Illinois, 60601 and am lead counsel for defendants Trans Union LLC ("Trans Union") and TrueLink, Inc. ("TrueLink") in the above-captioned action (the "Townes Action") and I have been admitted pro hac vice to practice before this Court in the above-captioned action.

3. I am also lead counsel for defendant TrueLink in the case of Millett v. TrueLink, Inc., Case No. 05-599-SLR, pending before the Honorable Sue L. Robinson in the District Court for the District of Delaware (the "Millett Action").

4. As lead counsel for the Defendants in the Townes Action, I was primarily responsible for negotiating the Stipulation of Settlement which the Court preliminarily approved on April 16, 2007 (D.I. 69). Likewise, as lead counsel for defendant TrueLink in the Millett

Action, I was primarily responsible for negotiating a possible settlement with counsel for the Milletts in that litigation.

5. Plaintiff's counsel in the above-captioned action is also representing the plaintiffs in both Hillis v. Equifax Consumer Services, Inc., et al., No. 1:04 CV 03400 BBM (N.D. Ga.) ("Equifax") and Slack v. Fair Isaac Corp et al., No. 3:05 CV 00257 MEJ (ND Ca.) ("Fair Isaac"). Like plaintiff in the above-captioned action, the plaintiffs in both Equifax and Fair Isaac have also brought, on behalf of a putative nationwide class, claims that the sale of direct-to-consumer credit reporting products via the Internet violate the federal Credit Repair Organization Act, 15 U.S.C. § 1679 et seq. ("CROA").

6. Settlement discussions with counsel for plaintiff in the above-captioned action therefore were coordinated with negotiations occurring with the parties' counsel in the Equifax and Fair Isaac litigation.

7. Class settlement agreements were reached in both the above-captioned action and in the Equifax/Fair Isaac litigation. Although the coordinated settlement negotiation resulted in two separate agreements filed in two separate courts, the substantive terms of both agreements are nearly identical in structure and language.

8. A true and correct copy of the Equifax/Fair Isaac settlement agreement is attached hereto as Exhibit A.

9. At the Rule 26 meeting of counsel in the Millett Action in October 2006, I advised counsel for the Milletts of the existence and status of the settlement negotiations with plaintiff's counsel in the above-captioned action, and invited their participation in such negotiations.

10. As evidenced by the Milletts' counsel's declaration and exhibits, I corresponded and discussed with the Milletts' counsel a settlement of their claims in conjunction with the larger settlement discussion in the above-captioned action. Such settlement discussions eventually broke down.

11. By letter dated March 5, 2007, I informed plaintiffs' counsel in the Millett Action that, despite the impasse in our negotiations, we were continuing to discuss settlement in the Townes Action and that we expected to soon reach agreement on a class-wide settlement. A true and correct copy of the March 5, 2007 letter to plaintiffs' counsel in the Millett Action is attached hereto as Exhibit B.

12. Attached as Exhibit C are true and correct copies of excerpts from the deposition of plaintiff Melody Millett taken in the Millett Action.

13. Attached as Exhibit D is a true and correct copy of the Order Granting in part and Denying in part Motion for Summary Judgment in Millett v. Experian, No. SACV-05-879-JVS, pending in the U.S. District Court for the Central District of California.

14. Mr. Lafferty, local counsel for defendants Trans Union and TrueLink, pursuant to Local Rule 3.1(b) notified the Clerk of the Court that the Millett Action and Townes Action were related due to the "overlapping claims and putative classes." A true and correct copy of that letter which was filed in the above-captioned action is attached hereto as Exhibit E.

15. In response to TrueLink's notice of relatedness, Mr. Curtin, local counsel for the Milletts in the Millett Action, filed a letter with the Clerk of this Court stating the Milletts' belief that their case was "dissimilar," and advising that counsel would soon move to be appointed "interim counsel." A true and correct copy of that letter is attached hereto as Exhibit F.

16. A true and correct copy of Judge Robinson's Memorandum Opinion denying the Milletts' motion to have their counsel appointed interim counsel in the Millett Action is attached hereto as Exhibit G.

Under 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2007

*Michael O'Neil* (signature)
Michael O'Neil

## CERTIFICATE OF SERVICE

I, William E. Green, Jr., hereby certify that on June 11, 2007 I caused the foregoing Declaration of Michael O'Neil (Redacted Version) to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

| | |
|---|---|
| Christopher J. Curtin, Esq. | Carmella P. Keener, Esq. |
| Erisman & Curtin | Rosenthal, Monhait & Goddess, P.A. |
| 629 Mt. Lebanon Road | 919 North Market Street, Ste. 1401 |
| Wilmington, DE 19803 | Citizens Bank Building |
| | Wilmington, DE 19899 |

/s/ William E. Green, Jr. (#4864)
William E. Green, Jr. (#4864)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
bgreen@mnat.com
  Attorneys for Defendants

June 11, 2007