## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT V. TOWNES, IV,<br>Individually and on behalf of all<br>Persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 04-1488-JJF |
| TRANS UNION, LLC and<br>TRUELINK, INC., | ) ) ) | |
| Defendant, | ) ) | |
| STEVEN G. MILLETT and<br>MELODY J. MILLETT,<br>Individually and on behalf of all<br>Persons similarly situated, | ) ) ) ) ) | |
| Intervenors | ) | |

## REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

Christopher J. Curtin
ERISMAN & CURTIN
DE Bar Id. No. 0226
629 Mount Lebanon Road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

COUNSEL FOR STEVEN G. MILLETT
AND MELODY J. MILLETT, INTERVENORS

FILED:  June 14, 2007

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.      STATUS OF THE MILLETT ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.     FACTS PERTAINING TO OTHER CASES AND

           PRIOR COMPLAINTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    III.    SCOPE OF RELIEF PROVIDED IN THE SETTLEMENT

           AGREEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    IV.    INTERVENORS' POSITION WITH REGARD TO

           COORDINATING TREATMENT OF THE CLASS ACTIONS. . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.      IN ASSESSING THE RIGHT OF INTERVENORS TO

           INTERVENE, IT IS IMPORTANT TO CONSIDER THE

           STATUS OF INTERVENORS AS REPRESENTATIVES

           OF THE PUTATIVE CLASS IDENTIFIED IN THE

           MILLETT ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.     INTERVENORS SATISFY ALL FOUR ELEMENTS OF

           THE TEST FOR INTERVENTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

           A.     Intervenors' Motion is Timely. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

           B.     Intervenors have a Sufficient Interest in the

                 Underlying Litigation to Warrant Intervention. . . . . . . . . . . . . . . 12

i

1.    Intervenors may properly seek intervention on
      behalf of the putative class in the Millett Action. . . . . . . . . 12

2.    Intervenors have a personal stake in the certification
      of the putative class in the Millett Action that
      warrants intervention. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

C.    The Interests of Intervenors and the Putative Class in the Millett
      Action will be Impaired or Affected by the Settlement Agreement
      in the Townes Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D.    The Interests of Intervenors and the Putative Class in the Millett
      Action are not Adequately Represented by Plaintiffs and
      Defendants in the Townes Action. . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ii

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974). . . . . . . . . . . . . . . . . . . . . . . . 8

Bradburn Parent/Teacher Store, Inc. v. 3M, 2004 U.S. Dist. Lexis 25246

   (Dec. 10, 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Brody v. Spang, 957 F.2d 1108 (3rd Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19

Caston v. Mr. T's Apparel, Inc., 157 F.R.D. 31 (S.D. Miss. 1994). . . . . . . . . . . . . . . . . . . . . . 8

Commonwealth of Pennsylvania v. Rizzo, 530 F.2d 501 (3rd Cir. 1976). . . . . . . . . . . . . . . . . 19

Crawford v. Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir. 2000). . . . . . . . . . . . . . . . 8

Deposit Guaranty National Bank v. Roper, 445 U.S. 326 (1980). . . . . . . . . . . . . . . . . . . . . . . . 6

Duffy v. Delaware County Board of Prison Inspectors, 1991 U.S. Dist. Lexis

   13342 (Sept. 18, 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

EEOC v. Custom Companies, Inc., 2003 U.S. Dist. Lexis 19189 (Oct. 27, 2003). . . . . . . . . . 9-10

In re Community Bank of Northern Virginia, 418 F.3d 277 (3rd Cir. 2005). . . . . . . . . . . . . . . 4-5

In re World Health Alternatives, Inc. Securities Litigation, 2007 U.S. Dist.

   Lexis 6987 (Jan. 31, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Liberty Mutual Insurance Co. v. Treesdale, Inc., 419 F.3d 216 (3rd Cir. 2005). . . . . . . . . . . . . 4

London v. Wal-Mart Stores, Inc., 340 F.3d 1246 (11th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . 8

McDowall v. Cogan, 216 F.R.D. 46 (E.D.N.Y. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.,

   72 F.3d 361 (3rd Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Murray v. E*Trade Finanical Corp., 240 F.R.D. 392 (N.D. Ill. 2006). . . . . . . . . . . . . . . . . . . 8

Preferred MSO of America-Austin LLC v. Quadramed Corp., 85 F.Supp.2d 974

   (C.D. Cal. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Cases**                                                                                                                **Page**

United States v. Alcan Aluminum, Inc., 25 F.3d 1174 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . 19

United States Parole Comm. v. Geraghty, 445 U.S. 388 (1980). . . . . . . . . . . . . . . . . . . 6, 14-15

Wang v. Chinese Daily News, Inc., 2006 WL 1635423 (C.D. Cal. May 9, 2006). . . . . . . . . . . . 8

Weiss v. Regal Collections, 385 F.3d 337 (3rd Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7


**Other Authorities**                                                                                           **Page**

Newberg on Class Actions, § 11:65 (4th ed.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATEMENT OF FACTS**[1]

The parties in <u>Robert V. Townes, IV v. Trans Union, et al.</u>, Case No. 04-1488-JJF, District of Delaware ("Townes Action") have entered into a settlement agreement that has been preliminarily approved by this Court ("Settlement Agreement"). Steven G. Millett and Melody J. Millett ("Intervenors") are named plaintiffs in a separate class action, <u>Millett v. Truelink, Inc.</u>, Case No. 05-599-SLR, District of Delaware ("Millett Action"). One of the defendants in the Millett Action, Truelink, Inc. ("Truelink"), is also a defendant in the Townes Action.

Intervenors have previously provided a detailed factual statement in association with their Motion for Leave to Intervene and Brief in Support of Motion for Leave to Intervene (hereinafter collectively "Motion") and will not reiterate those facts in this Reply Brief in Support of Motion for Leave to Intervene ("Reply"). However, several factual issues were raised in Plaintiff's Brief in Opposition to Motion for Leave to Intervene and Defendant's Brief in Opposition to Motion for Leave to Intervene (hereinafter collectively "Opposition Briefs") that warrant additional attention. Intervenors address those specific issues below.

I.    **STATUS OF THE MILLETT ACTION.**

The Millett Action has been vigorously litigated on behalf of the putative class that Intervenors seek to represent. Intervenors' counsel have deposed three individuals in Illinois and have two additional depositions scheduled in California at the end of June, 2007. (Declaration of Michael W. Blanton, ¶ 3, attached hereto as Exhibit G). Intervenors' counsel have reviewed over 18,000 pages of documents in the Millett Action. (Exhibit G, ¶ 4). Intervenors' counsel have served multiple rounds of discovery on Truelink in the Millett Action. (Exhibit G, ¶ 5).

---

[1]

Intervenors' Motion included six exhibits designated A through F. For purposes of continuity, the one additional exhibit to this Reply will be designated Exhibit G. All references to exhibits herein refer to the exhibits that were attached to Intervenors Motion or to the exhibit that is attached to this Reply.

Intervenors' counsel are in the final stages of securing expert witnesses for designation in the Millett Action. (Exhibit G, ¶ 6). Counsel for Intervenors have incurred over $44,000 in expenses to date and anticipate incurring an additional $17,000, at minimum, for depositions and experts prior to the filing of their motion for certification on August 15, 2007. (Exhibit G, ¶ 7). Discovery in the Millett Action closes on July 15, 2007 and counsel for Intervenors will have completed discovery by that date. (Scheduling Order, attached to Motion as Exhibit F; Exhibit G, ¶ 8). Expert reports in the Millett Action are due on July 30, 2007 and counsel for Intervenors will have secured the requisite reports by that date. (Exhibit F; Exhibit G, ¶ 9). The motion for class certification in the Millett Action is due on August 15, 2007 and counsel for Intervenors will be filing a motion for certification by that date. (Exhibit F; Exhibit G, ¶ 10).

In short, the Millett Action is substantially developed, discovery is nearly complete, and Intervenors are in the final stages of preparing for class certification proceedings. Thus, any implication that the Millett Action is in its preliminary stage is inaccurate.

## II.    FACTS PERTAINING TO OTHER CASES AND PRIOR COMPLAINTS.

Plaintiffs and Defendants devote a significant portion of their Opposition Briefs to discussing cases other than the Millett Action and the Townes Action, and discussing prior complaints that have been filed in the Millett Action. These other cases and prior complaints are simply inapposite. The issue before this Court is whether the Settlement Agreement impinges upon the claims stated in the Millett Action to such an extent that intervention is warranted. In order to address this issue, this Court needs to consider the current pleadings in the Townes Action, including the Settlement Agreement, and the current pleadings in the Millett Action.

## III.    SCOPE OF RELIEF PROVIDED IN THE SETTLEMENT AGREEMENT.

The Townes Complaint focuses solely upon credit repair services, while the Millett Complaint focuses solely upon identity theft protection services. The Settlement Agreement is

2

geared to provide relief pertaining to credit repair services (the focus of the Townes Action), not

identity theft protection services (the focus of the Millett Action).

The Settlement Agreement provides that Defendants agree to make changes to their

contracts and marketing materials. (D.I. 66; Settlement Agreement, ¶¶ 5.1.1 - 5.1.6, attached to

Motion as Exhibit C). With one limited exception, all of these changes pertain to credit repair

services. (D.I. 66; Exhibit C, ¶¶ 5.1.1 - 5.1.5). The exception is a section which provides that

Defendants will provide the following disclaimer on their websites:

> A disclaimer explaining that Defendants' credit monitoring Offerings monitor
> only the credit file associated with the purchasing consumer, and do not monitor,
> compare or cross-reference the credit file associated with the purchasing
> consumer to any other credit file(s) maintained by the applicable credit
> bureau(s).

(D.I. 66; Exhibit C, ¶ 5.1.6). Plaintiffs and Defendants both point to this paragraph as the basis

for their claim that the Settlement Agreement provides relief to the putative class in the Millett

Action. However, Plaintiffs and Defendants conveniently overlook the fact that this is one

paragraph in a forty-four page agreement. The vast majority of the Settlement Agreement

focuses upon issues that would be significant to the class in the Townes Action but that are not

significant to the putative class in the Millett Action.

Plaintiffs and Defendants also claim that members of the putative class in the Millett

Action obtain a substantial benefit from the like-kind relief provided for in the Settlement

Agreement. However, Plaintiff and Defendants overlook the fact that the like-kind relief is

limited solely to three free months of the Credit Monitoring service. One of the primary points

of the Millett Action is that the Credit Monitoring service does not and cannot adequately protect

consumers from identity theft. Thus, three free months of a service that does not work is hardly

substantial relief. In the context of the Townes Action, this like-kind relief might make sense.

However, in the Millett Action this in-kind relief simply adds insult to injury.

**IV.    INTERVENORS' POSITION WITH REGARD TO COORDINATING TREATMENT OF THE CLASS ACTIONS.**

Defendants claim that Intervenors "rebuffed" prior efforts to coordinate the Millett Action with the Townes Action for settlement purposes.  That is simply incorrect.  As Intervenors explained in their Motion, Truelink and Intervenors did engage in settlement discussions that eventually broke down.  However, Intervenors did not "rebuff" efforts to coordinate settlement of the Millett Action and the Townes Action.  To the contrary, Intervenors have no basic objection to coordinating the settlement of these two actions.  The problem was that the settlement agreement being proposed by Truelink was primarily geared toward the claims in the Townes Action and did very little to address the claims in the Millett Action.

## ARGUMENT

The Third Circuit has recognized that there are generally four requirements for intervention of right: (1) timeliness, (2) sufficient interest in the underlying litigation, (3) impaired interest, and (4) inadequate representation.  <u>Liberty Mutual Insurance Co. v. Treesdale, Inc.</u>, 419 F.3d 216, 220 (3rd Cir. 2005).  However, in class actions, the Third Circuit has dispensed with the second and third elements.  <u>In re Community Bank of Northern Virginia</u>, 418 F.3d 277, 314 (3rd Cir. 2005).  Plaintiffs and Defendants acknowledge the special rule for intervention in class actions that is set forth in <u>Community Bank</u>, but claim that this special rule does not apply in this case because Intervenors have been excluded from the release in the Townes Action.  This argument is not well-founded.

First, the argument of Plaintiffs and Defendants is circular.  Plaintiffs and Defendants argue that Intervenors are not entitled to dispense with the elements of sufficient interest and impairment, pursuant to <u>Community Bank</u>, because Intervenors cannot satisfy the elements of sufficient interest and impairment.  Obviously it makes no sense to require a party seeking

4

intervention to establish sufficient interest and impairment before applying a special rule that dispenses with the requirements of sufficient interest and impairment.  In short, Plaintiffs and Defendants are attempting to read additional requirements into the special rule from <u>Community Bank</u> that would render that special rule meaningless.

Plaintiffs and Defendants also fail to recognize that Intervenors are acting as representatives of the putative class in the Millett Action.  As <u>Community Bank</u> recognized, the normal test for intervention does not apply in class actions because "[i]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation."  Because Intervenors are acting as representatives of the putative class, the special rule from <u>Community Bank</u> clearly applies to Intervenors' Motion.

Finally, even if the special rule from <u>Community Bank</u> did not apply, intervention would still be appropriate because Intervenors meet all four elements of the test for intervention. Before discussing those elements, however, it is important to consider the relationship between Intervenors and the putative class of persons that they seek to represent in the Millett Action.

I.    **IN ASSESSING THE RIGHT OF INTERVENORS TO INTERVENE, IT IS IMPORTANT TO CONSIDER THE STATUS OF INTERVENORS AS REPRESENTATIVES OF THE PUTATIVE CLASS IDENTIFIED IN THE MILLETT ACTION.**

Intervenors have not located any case that directly addresses the right of named plaintiffs to intervene in a class action under circumstances similar to those at issue in this case.  However, the courts have addressed the interest of the named plaintiff in acting as a representative of the putative class in other contexts.  Specifically, the United States Supreme Court has recognized that the named plaintiff has an interest in acting on behalf of a putative class to secure certification even when the named plaintiff does not have any personal interest in the outcome of the litigation.

5

In <u>Deposit Guaranty National Bank v. Roper</u>, 445 U.S. 326 (1980), the Court considered whether a named plaintiff could challenge a denial of certification when his claim had been rendered moot as a result of the defendant tendering the full amount of available damages. In addressing this issue, the Court expressed its concern that defendants should not be able to unilaterally limit the ability of the named plaintiff to represent the putative class:

> A district court's ruling on the certification issue is often the most significant decision rendered in these class-action proceedings. To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions.

<u>Id.</u> at 349.

In <u>United States Parole Comm. v. Geraghty</u>, 445 U.S. 388 (1980), the Court addressed an issue similar to that addressed in <u>Roper</u> and again concluded that a named plaintiff has a right to appeal a denial of certification even if the named plaintiff's claim has become moot:

> We therefore hold that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied. The proposed representative retains a "personal stake" in obtaining class certification sufficient to assure that Art. III values are not undermined.

<u>Id.</u> at 404. The Court further recognized that a named plaintiff's interest in certification is separate from the named plaintiff's personal interest in his or her own claim: "A plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class." <u>Id.</u> at 402.

In <u>Weiss v. Regal Collections</u>, 385 F.3d 337 (3rd Cir. 2004), the Court faced a situation similar to that addressed in <u>Roper</u> and <u>Geraghty</u>. The individual claim of the named plaintiff was rendered moot after the initial filing of the complaint and the district court dismissed the action

6

prior to the time that the plaintiff could seek certification of the class. Id. at 339-40.   The Third Circuit acknowledged that the named plaintiff no longer had any personal interest in the outcome of the litigation. Id. at 340.  Nevertheless, the Court held that the named plaintiff had the right to pursue certification on behalf of the putative class. Id. at 348.  In reaching this conclusion, the Court relied upon the decisions in Roper and Geraghty as analogous precedent.  Specifically, the Court noted that, like the plaintiff in Geraghty, the named plaintiff retained a "personal stake" in the class certification decision regardless of whether his individual claim was moot. Id. at 343. The Court also noted the concern expressed in Roper regarding the ability of a defendant to "pick off" the named plaintiff. Id.  The Court further noted that these principles applied regardless of the fact that the named plaintiff had not yet filed a motion for certification. Id. at 344.

The principles noted in Roper, Geraghty and Weiss are equally applicable in relation to Intervenors' Motion in the instant case.  In this case, the parties to the Townes Action are trying to eliminate the ability of the putative class in the Millett Action to have their complaints heard collectively by specifically excluding the only persons who could speak on behalf of the Millett class collectively – the named plaintiffs in the Millett Action.  In essence, the parties to the Townes Action are attempting to "pick off" the named plaintiffs in the Millett Action so that the putative class in the Millett Action cannot be heard collectively.  The efforts of Plaintiffs and Defendants to prevent Intervenors from acting on behalf of the putative class in the Millett Action run afoul of the general principles recognized in Roper, Geraghty and Weiss.

Plaintiffs and Defendants also fail to recognize that Intervenors are acting as fiduciaries of the putative class in the Millett Action.  "The general rule is that the named plaintiff and counsel bringing the action stand as fiduciaries for the entire class, commencing with the filing of a class complaint." Newberg on Class Actions, § 11:65 (4th ed.).  Federal courts generally recognize that the named plaintiff in a class action owes a fiduciary duty to the class. See, e.g.,

7

Crawford v. Equifax Payment Services, Inc., 201 F.3d 877, 880 (7th Cir. 2000); London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1254 (11th Cir. 2003); Murray v. E*Trade Finanical Corp., 240 F.R.D. 392, 399 (N.D. Ill. 2006); Wang v. Chinese Daily News, Inc., 2006 WL 1635423, *1 (C.D. Cal. May 9, 2006). The courts have further recognized that this fiduciary obligation arises upon the filing of the complaint and prior to certification or the filing of a motion for certification. See, e.g., McDowall v. Cogan, 216 F.R.D. 46, 49 (E.D.N.Y. 2003); Caston v. Mr. T's Apparel, Inc., 157 F.R.D. 31, 33 (S.D. Miss. 1994); Preferred MSO of America-Austin LLC v. Quadramed Corp., 85 F.Supp.2d 974, 979 (C.D. Cal. 1999).

Plaintiffs and Defendants ignore the fiduciary duty of Intervenors when they argue that Intervenors have no interest in acting on behalf of the putative class in the Millett Action. As fiduciaries for the putative class, Intervenors clearly have a substantial interest in acting on behalf of the putative class. In fact, Intervenors have an affirmative obligation to act on behalf of the putative class and could be held accountable for any failure to meet their fiduciary duties.

Once Intervenors assumed the position of named plaintiffs in the Millett Action, they became the representatives of the putative class in that action. Thus, when they act on behalf of the putative class, it is as if the putative class itself was taking the action. This is the very nature of representative litigation under Rule 23. "Rule 23 is not designed to afford class action representation only to those who are active participants in or even aware of the proceedings in the suit prior to the order that the suit shall or shall not proceed as a class action." American Pipe and Construction Co. v. Utah, 414 U.S. 538, 552 (1974).

It is also important to recognize that Intervenors **do** have a personal interest in making use of the class action mechanism. "The use of the class-action procedure for litigation of individual claims may offer substantial advantages for named plaintiffs; it may motivate them to bring cases that for economic reasons might not be brought otherwise." Id. at 338.

In many instances, named plaintiffs in a class action will pursue a claim as a class action when it would not be economically feasible to pursue that same claim individually. The named plaintiffs rely upon the class action framework in that it allows a method of covering attorney fees that would otherwise be out of proportion to the benefit of the action. The named plaintiffs also rely upon the class action framework in that it allows them to recover an incentive award that will at least partially offset the expenditure of time and money that they may commit to pursuing the class action. Thus, if the named plaintiffs are denied the opportunity to pursue their class action, they are not merely being denied a procedural right, but are also being denied substantial benefits that are inextricably linked to that procedural right. This is precisely the situation in the instant case.

Finally, Intervenors will briefly address a few of the cases that were cited in the Opposition Briefs. Plaintiffs and Defendants briefly reference several cases which they represent as being pertinent to the issue of a named plaintiff's right to intervene under facts similar to the instant case. However, a close examination of those cases indicates that they are inapposite.

In Duffy v. Delaware County Board of Prison Inspectors, 1991 U.S. Dist. Lexis 13342 (Sept. 18, 1991), the party seeking intervention had not previously filed a class action. Id. at *5. He simply sought intervention on behalf of himself and a previously unidentified class. Id. The court noted that the party seeking intervention could not establish an interest to support intervention because he had not sought any relief on behalf of the class that he sought to represent, nor had he asserted any protectable interest on behalf of that class. Id. at *11-12.

In EEOC v. Custom Companies, Inc., 2003 U.S. Dist. Lexis 19189 (Oct. 27, 2003), the party seeking intervention was not a member of any class that might be effected by the litigation in which she was attempting to intervene. Id. at *6-7. Her individual claim was time barred and fell outside the time frame of the class in which she sought to intervene. Id. The court

9

recognized that intervention was not appropriate under these circumstances because it was only being used as a means of attempting to revive a time-barred individual complaint by incorporating that complaint into the class action.  Id. at *12.

In Bradburn Parent/Teacher Store, Inc. v. 3M, 2004 U.S. Dist. Lexis 25246 (Dec. 10, 2004), the court considered an attempt to intervene in a class action that had previously been certified.  Id. at *3.  Prior to certification, the court had specifically excluded an entire sub-class of persons.  Id.  A member of the excluded sub-class thereafter sought to intervene in the action that had been certified.  Id. *3-4.  The court found that the intervenor did not have an adequate interest to support intervention because the entire sub-class of persons that intervenor sought to represent had previously been excluded from the class action in which intervention was sought. Id. at 12.  Thus, it was not just that the individual intervenor's interest had been excluded, but that the entire sub-class of persons for whom intervention was sought had been excluded.

In In re World Health Alternatives, Inc. Securities Litigation, 2007 U.S. Dis. Lexis 6987 (Jan. 31, 2007), a bankruptcy trustee attempted to intervene in a class action on behalf of a group of shareholders who were previously represented in a derivative claim against the debtor company.  Id. at *9.  The court held that the trustee did not have an interest sufficient to support intervention because the debtor company was not a party to the class action and the claims asserted in the prior derivative action were not the subject of the class action.  Id. at *11-12.

Clearly, none of these cases addresses the situation at issue in the instant case.  In Duffy, the prospective intervenor was seeking intervention on behalf of a class that had not previously been identified.  In contrast, Intervenors are seeking to intervene on behalf of a class that they have been representing for years and for which they are about to seek certification.  In Custom Companies, the prospective intervenor was not seeking intervention on behalf of a class, but was merely seeking intervention in order to revive her own time-barred claim.  That is completely

10

different from the situation in the instant case.  In <u>Bradburn</u>, the prospective intervenor was

seeking to intervene on behalf of a sub-class of persons that had been expressly excluded from

the certified class in the prior certification proceedings.  In contrast, the putative class in the

Millett Action is not excluded from the Townes Action.  In <u>World Health Alternatives</u>, the

prospective intervenor sought to intervene on behalf of a class of persons who were in no way

affected by the certified class action.  In contrast, there is no question that the class in the Millett

Action will be affected by the Settlement Agreement in the Townes Action.  In short, while each

of the above-referenced cases involves an attempt to intervene in a class action, they involve

completely different situations and bear no factual similarity to the instant case.

**II.     INTERVENORS SATISFY ALL FOUR ELEMENTS OF THE TEST FOR INTERVENTION.**

      As previously noted, pursuant to <u>Community Bank</u> a party seeking to intervene in a class

action need only establish the first and fourth elements (timeliness and inadequacy of

representation) of the general test for intervention.  Because Intervenors are seeking to intervene

in a class action, this special rule should apply.  Nevertheless, Intervenors address all four

elements of the intervention test below.

      **A.     Intervenors' Motion is Timely.**

      Plaintiffs and Defendants assert that Intervenors should have sought intervention when

they first learned of the Townes Action.  However, Plaintiffs and Defendants fail to recognize

that there was no reason for seeking intervention prior to the time that Plaintiffs and Defendants

submitted their exceptionally broad Settlement Agreement.

      While the Townes Action and the Millett Action address some of the same services and

parties, they state completely different claims.  Thus, based solely upon the pleadings,

Intervenors had no reason to seek intervention.  The problem arises from the broad release in the

Settlement Agreement. That release is so broad that it would release claims that are not stated in the Townes Action and that have no relation to the Townes Action. It is this exceptionally broad release that impinges upon the interests of the putative class in the Millett Action. Thus, the need for intervention did not arise (i.e. the interests of the putative class in the Millett Action were not threatened) until the Settlement Agreement was filed in the Townes Action. Because Intervenors sought intervention shortly after this point, Intervenors' Motion is timely.

**B.    Intervenors have a Sufficient Interest in the Underlying Litigation to Warrant Intervention.**

Plaintiffs and Defendants argue that Intervenors do not have an interest sufficient to support intervention because Intervenors' personal claim is not affected by the Settlement Agreement. As explained below, Intervenors disagree with the assertion that they have no personal stake that would warrant intervention. But more important, this argument overlooks the fact that Intervenors are seeking intervention on behalf of the putative class in the Millett Action.

**1.    Intervenors may properly seek intervention on behalf of the putative class in the Millett Action.**

Plaintiffs and Defendants take the position that Intervenors are not entitled to act on behalf of the putative class in the Millett Action. This is a curious position, given that Defendant Truelink has previously dealt with Intervenors as representatives of the putative class for purposes of pursuing a joint settlement in conjunction with the Townes Action. If Intervenors may properly represent the interests of the putative class for purposes of pursuing joint settlement negotiations with respect to the Townes Action, then it is difficult to see why Intervenors may not also represent the interests of the putative class when the Settlement Agreement impinges upon the interests of the putative class in the Millett Action.

Aside from the fact that Defendant Truelink has previously treated Intervenors as the proper representatives of the putative class in the Millett Action, the law clearly recognizes that

12

Intervenors act in that capacity.  As Intervenors have explained, the United States Supreme Court and the Third Circuit both recognize that a named plaintiff in a class action has a right to act on behalf of the class for purposes of securing certification regardless of whether the named plaintiff has a personal interest at stake.  The Third Circuit has further indicated that this right of representation exists regardless of whether a motion for certification has been filed.

Intervenors have sought over a period of years to protect the interests of the putative class in the Millett Action.  Intervenors are now in the final stages of pursuing certification and will be filing their motion for certification by August 15, 2007.  Intervenors have conducted substantial discovery and have engaged in significant legal research and other preparation in order to be in a position to seek certification on behalf of the putative class.  Now, on the eve of the certification proceedings in the Millett Action, the parties to the Townes Action have sought approval of a settlement that would foreclose certification of the putative class in the Millett Action while providing essentially no relief to the putative class that is geared to the claims being pursued in the Millett Action. Given these facts, Intervenors are clearly entitled to seek intervention in the Townes Action, on behalf of the putative class in the Millett Action, for the purpose of protecting the rights of the putative class and the interests of the putative class in obtaining certification as a class to pursue the separate claims stated in the Millett Action.

In arguing that Intervenors are not entitled to act on behalf of the putative class in the Millett Action, Plaintiffs and Defendants ignore the very nature of class representation.  The named plaintiffs in a class action are entitled to act on behalf of the putative class; otherwise they would not be able to seek certification on behalf of the class and to affect legal issues pertaining to the class.  These basic principles of class representation underlie the opinions in Roper, Geraghty and Weiss.

Plaintiffs and Defendants also ignore the fiduciary duty of Intervenors.  As fiduciaries for the putative class in the Millett Action, Intervenors have a substantial interest in acting on behalf of the putative class.  In fact, Intervenors have an affirmative obligation to act on behalf of the putative class and could be held accountable for any failure to meet their fiduciary duties.

Finally, Plaintiffs and Defendants ignore the fact that Intervenors are uniquely suited to protect the interests of the putative class in the Millett Action.  Because the class in the Millett Action has not yet been certified, the members of that putative class have not yet received notice that they are members of the putative class and are not aware that they have separate claims in the Millett Action that are not addressed in the Townes Action.  Thus, individual members of the putative class in the Millett Action would not have any reason to seek intervention on their own behalf, or to otherwise object to the Settlement Agreement in the Townes Action, because they are not even aware of the fact that they have other claims that are being released.  As named plaintiffs in the Millett Action, Intervenors serve to protect the interests of the putative class at a stage when the individual members of the putative class are not yet aware of their interests.

2. **Intervenors have a personal stake in the certification of the putative class in the Millett Action that warrants intervention.**

Plaintiffs and Defendants are mistaken in their argument that Intervenors have no personal claim that will be impacted by the Settlement Agreement in the Townes Action.  The Settlement Agreement provides that claims of members of the putative class in the Millett Action would be released.  This release clearly has the potential effect of barring Intervenors from pursuing certification on behalf of the putative class in the Millett Action.

As the United States Supreme Court has recognized, an action for certification is a separate claim.  "A plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a

14

class." Geraghty, 445 U.S. at 402.  Thus, even if the named plaintiff does not have a personal interest in the outcome of the litigation, the named plaintiff still has an interest in the certification of the class.  In this case, Intervenors' interest in certification is impacted by the Settlement Agreement regardless of whether Intervenors' individual claims are impacted.

Aside from Intervenors' general interest in pursuing the certification claim in their Complaint, Intervenors also have a personal stake in certification.  If Intervenors are denied the opportunity to pursue their claims as a class action, they are not merely being denied a procedural right, but are also being denied substantial benefits that are inextricably linked to that procedural right.  Intervenors are pursuing their claims in a class action framework because it would not be economically feasible to pursue those claims otherwise.  Relying upon the fact that they are pursuing a class action, Intervenors have retained a team of attorneys and have made substantial commitments of time and money in pursuit of the action.  If Intervenors are denied the opportunity to continue pursuing their class action, they will be denied the benefit of the resources that they and their counsel have committed to pursuing a class action.  This denial would substantially impair the interests of Intervenors.

   C.   **The Interests of Intervenors and the Putative Class in the Millett Action will be Impaired or Affected by the Settlement Agreement in the Townes Action.**

As noted in the immediately preceding section, Intervenors **do** have a personal interest in pursuing a class action in that the class action framework provides Intervenors with a method of pursuing claims that would not otherwise be economically feasible.  If this Court agrees that Intervenors have an interest in pursuing their class action, then it is clear that this interest is impaired by the Settlement Agreement in that the claims of the putative class that Intervenors seek to represent would be foreclosed by the Settlement Agreement.

Regardless of whether this Court agrees that Intervenors have a personal interest that is impaired by the Settlement Agreement, there can be no question that the interests of the putative class in the Millett Action would be foreclosed by the Settlement Agreement. The Settlement Agreement specifically provides that it releases all types of claims pertaining to the service that is the subject of the Millett Action. Thus, the Settlement Agreement would release all claims that are being pursued on behalf of the putative class in the Millett Action.

**D.    The Interests of Intervenors and the Putative Class in the Millett Action are not Adequately Represented by Plaintiffs and Defendants in the Townes Action.**

The Settlement Agreement would release claims of the putative class in the Millett Action and would effectively bar pursuit of class certification in the Millett Action. This might not be a problem if the Settlement Agreement adequately protected the interests of Intervenors and the putative class in the Millett Action. However, the Settlement Agreement is geared almost entirely toward addressing claims of the type stated in the Townes Action, and does not adequately address claims of the type stated in the Millett Action.

The Townes Action focuses exclusively upon credit repair services and potential violations of the CROA. In contrast, the Millett Action focuses upon identity theft protection services and violations of the Kansas Consumer Protection Act and contract law. Plaintiffs and Defendants do not deny that the Townes Action and the Millett Action involve totally different claims. Nevertheless, they argue that the Settlement Agreement provides adequate relief to the putative class in the Millett Action. As explained below, the injunctive relief and in-kind relief in the Settlement Agreement provide very little relief to the putative class in the Millett Action.

In terms of injunctive relief, Plaintiffs and Defendants claim that the Settlement Agreement provides relief to the putative class in the Millett Action because the injunctive relief section contains one provision which calls for the following relief:

16

> A disclaimer explaining that Defendants' credit monitoring Offerings monitor only the credit file associated with the purchasing consumer, and do not monitor, compare or cross-reference the credit file associated with the purchasing consumer to any other credit file(s) maintained by the applicable credit bureau(s).

(D.I. 66; Exhibit C, ¶ 5.1.6). This is the only paragraph in the entire section on injunctive relief that relates in any way to the claims stated in the Millett Action. All of the other paragraphs in the section on injunctive relief pertain to the claims stated in the Townes Action.

Although Plaintiffs and Defendants suggest that the Settlement Agreement calls for changes to marketing language that will benefit the putative class in the Millett Action, that is simply not the case. There are four paragraphs in the injunctive relief section that contain specific injunctions regarding specific language that pertains to credit repair services. There are no similar paragraphs regarding language that pertains to identity theft protection services. In fact, there are no paragraphs that call for the use or non-use of any specific language in relation to identity theft protection services. The only provision in the Settlement Agreement pertaining in any way to identity theft protection services is the above-referenced sentence which calls for an undefined disclaimer. Presumably Defendants will draft this disclaimer after the fact – so there is no guarantee that this disclaimer will even be effective.

Intervenors contend that in order to adequately protect the interests of the putative class in the Millett Action, there would need to be specific injunctions regarding specific language that pertains to identity theft protection services. For example, one of the prime contentions in the Millett Action is that the marketing materials erroneously indicate that the identity theft protection services provide "complete identity theft protection." Intervenors assert that this is absolutely untrue. Accordingly, it would be appropriate for a settlement agreement relating to the Millett Action to include an injunction against the use of this phrase and similar phrases.

17

This is but one example of the types of injunctions that should be included in a settlement agreement that actually addresses the interests of the putative class in the Millett Action.

As for the in-kind relief provided under the Settlement Agreement, it is wholly unacceptable in terms of the putative class in the Millett Action.  The Settlement Agreement provides for three free months of the Credit Monitoring service – the very service that Intervenors contend is insufficient to protect consumers against identity theft.  Clearly it makes no sense to provide the putative class with three free months of the very service that the putative class is claiming does not work.

In the settlement discussions that Intervenors held with Truelink, Intervenors suggested that the in-kind relief include free services **other than** the Credit Monitoring service, such as free credit reports.  This would at least provide the putative class in the Millett Action with some in-kind relief that might actually be of use to the class members.  Unfortunately, the Settlement Agreement in the Townes Action provides no in-kind relief that is of any use to the putative class in the Millett Action.  In fact, by offering the putative class three free months of the very service that Intervenors allege does not work, the Settlement Agreement merely adds insult to injury.

As the above analysis illustrates, the Settlement Agreement provides essentially no relief that addresses the issues raised in the Millett Action.  The fact that the Settlement Agreement contains one lone paragraph that minimally addresses issues raised in the Millett Action does not transform the Settlement Agreement into an instrument that provides adequate relief to the putative class in the Millett Action.  Given the minimal relief that the Settlement Agreement would provide to the putative class in the Millett Action, it is clear that the parties in the Townes Action are not adequately protecting the interests of the putative class in the Millett Action.

The Third Circuit has recognized that the burden of establishing inadequate representation is minimal.  See, e.g., Brody v. Spang, 957 F.2d 1108, 1123 (3rd Cir. 1992);

18

Commonwealth of Pennsylvania v. Rizzo, 530 F.2d 501, 505 (3rd Cir. 1976).  "'[T]he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.'" Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 368 (3rd Cir. 1995) (Quoting Trbovich v. United Mine Workers, 404 U.S. 528 (1972)).  Representation will be considered inadequate if the applicant for intervention shows "that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests." Brody, 957 F.2d at 1123; see also United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1186 n.15 (1994).  In this case, Intervenors have established inadequate representation.

The focus of the Millett Action is so different from the focus of the Townes Action that the parties to the Townes Action cannot be expected to adequately represent the interests of the putative class in the Millett Action.  More important, it is clear that the parties to the Townes Action have actually failed to protect the interests of the putative class in the Millett Action.  As noted above, the parties to the Townes Action have entered into a Settlement Agreement that is focused almost entirely upon the claims raised in the Townes Action and that provides essentially no relief that directly addresses the claims raised in the Millett Action.

## CONCLUSION

For the reasons stated in this Reply Brief in Support of Motion for Leave to Intervene and in Intervenors' original Brief in Support of Motion for Leave to Intervene, Intervenors respectfully request that this Court grant Intervenors leave to intervene in the Townes Action for the purpose of challenging the Settlement Agreement and participating in any future settlement negotiations between the parties to the Townes Action.

19

Respectfully submitted,


/s/ Christopher J. Curtin
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon Road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com


/s/ Barry R. Grissom
Barry R. Grissom, Esq.
KS Bar. Id. No. 10866
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, Kansas 66212
Phone: (913) 341-6616

and

Michael W. Blanton,
MO Bar. Id. No. 46490
Swanson Midgley, LLC
2420 Pershing Road, Ste. 400
Kansas City, Missouri 64108
Phone: (816) 842-6100

COUNSEL FOR INTERVENORS

## CERTIFICATE OF SERVICE

I, Christopher J. Curtin, Esq., hereby certify that on June 14, 2007, I electronically filed the foregoing Reply Brief In Support of Motion for Leave to Intervene with the Clerk of the District Court using CM/ECF, which will send notification of such filing to the following:

William M. Lafferty, Esq.
Jay N.  Moffitt, Esq.
Morris Nichols Arsht & Tunnell
1201 N. Market St.
Wilmington, DE 19801


ERISMAN & CURTIN

/s/ Christopher J. Curtin
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon Road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

DATE: June 14, 2007