IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES, IV, Individually and on behalf of all persons similarly situated, ) ) ) ) | |
| | CIVIL ACTION |
| Plaintiff, ) | 04-1488-JJF |
| ) | |
| vs. ) ) | |
| TRANS UNION, LLC, AND TRUELINK, INC., ) ) ) | CLASS ACTION |
| Defendants. ) | |

**DECLARATION OF MICHAEL L. MCGLAMRY IN SUPPORT OF
CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES
AND EXPENSES AND IN SUPPORT OF MOTION FOR FINAL
APPROVAL OF SETTLEMENT AND BRIEF IN SUPPORT**

Pursuant to 28 U.S.C. 1746, I, Michael L. McGlamry, hereby declare the following to be true and correct, under penalty of perjury:

1. My name is Michael L. McGlamry. I am over the age of 19 years and have personal knowledge of the facts and matters set forth herein.

2. I am an attorney and partner in the law firm of Pope McGlamry Kilpatrick Morrison & Norwood, LLP. I offer this Declaration in support of Class Counsel's Motion For Award Of Attorneys' Fees And Expenses And Expenses And In Support Of Motion For Final Approval Of Settlement And Brief In Support in the above-referenced action.

3.  Pope McGlamry specializes in representing plaintiffs in complex cases and class actions. Pope McGlamry has been lead counsel and co-counsel in numerous class actions, including in cases concerning the rights of consumers. Pope McGlamry has extensive experience regarding all types of class action issues, including issues related to removal, MDL proceedings, class and merits discovery, class certification hearings, class notice issues, settlement issues, and trials. A partial listing of the cases in which Pope McGlamry has been determined to be adequate Class Counsel is as follows:

> Russell Henderson, et al. v. Scientific-Atlanta, Inc., Civil Action No. 1:88-CV-2208RLV, United States District Court, Northern District of Georgia;
>
> Edgar H. Battle, et al. v. Liberty National Life Insurance Co., et al., Civil Action No. 70-752, United States District Court, Northern District of Alabama;
>
> Elizabeth R. Meyer, et al. v. Citizens and Southern National Bank, Civil Action No. 84-103-COL, United States District Court, Middle District of Georgia;
>
> In re: Consolidated "Non-Filing Insurance" Fee Litigation, MDL-1130, United States District Court, Middle District of Alabama, Northern Division;
>
> Princess Nobels, et al. v. Associates Corporation of North America, et al., Civil Action No. CV-94-T-699-N, United States District Court, Middle District of Alabama, Northern Division;
>
> Elaine M. Jordan, et al. v. AVCO Financial Services, Inc., et al., Civil Action No. 95-51-COL, United States District Court, Middle District of Georgia, Columbus Division;

Carolyn Kirby, et al. v. Heilig-Meyers Furniture Co., et al., Civil Action NO. 2:95CV135PG, United States District Court, Southern District of Mississippi, Hattiesburg Division;

Tonya Gordon, et al. v. Kentucky Finance Co., et al., Civil Action No. 2:96CV423PG, United States District Court, Southern District of Mississippi, Hattiesburg Division;

Parsons, et al. v. Blazer Financial Services, Inc., Civil Action No. 5:96CV192-RH, United States District Court, Northern District of Florida, Panama City Division;

Robert Keckler, et al. v. Commercial Credit Corp., et al., Civil Action No. 5:96CV213-RH, United States District Court, Northern District of Florida, Panama City Division;

Vicki Foster, et al. v. TranSouth Financial Corporation, et al., Civil Action No. 1-96-1265, United States District Court, Western District of Tennessee, Eastern Division;

Keesler Doby Brown, et al. v. W. S. Badcock Corp., et al., Civil Action No. 2:96CV152PG, United States District Court, Southern District of Mississippi, Hattiesburg Division;

Tonya Gordon, et al. v. City Finance Company, et al., Civil Action No. 2:96CV367PG, United States District Court, Southern District of Mississippi, Hattiesburg Division;

Lynn Howell, et al. v. Security Finance Corporation of Georgia, et al., Civil Action No. 2:97CV63PG, United States District Court, Southern District of Mississippi, Hattiesburg Division;

Willis v. Quality Mortgage USA, Inc., Civil Action No. CV-94-T-1370-N, United States District Court, Middle District of Alabama, Northern Division;

Adams v. Southern Farm Bureau Life Insurance Company, Civil Action No. 1:98-CV-0983-JOF, United States District Court, Northern District of Georgia, Atlanta Division;

Patterson v. CUNA Mutual Insurance Society, Inc., Civil Action No. 1:98-CV-0983-JOF, United States District Court, Northern District of Georgia, Atlanta Division;

Anderson v. Fidelity and Guaranty Insurance Underwriters, Inc., et al., Civil Action File No. SU2000CV-4571, Superior Court of Muscogee County, State of Georgia;

Bagley v. Auto-Owners Insurance Company, et al., Civil Action File No. SU-02-CV-2273, Superior Court of Muscogee County, State of Georgia;

Bickerstaff and Shearon v. Alfa Insurance Corporation, et al., Civil Action File No. SU02CV2287, Superior Court of Muscogee County, State of Georgia;

Bristol, et al. v. Allstate Insurance Company, et al., Civil Action File No. SU04CV2971, Superior Court of Muscogee County, State of Georgia;

Brookes v. Grange Mutual Casualty Company, et al., Civil Action File No. SU02CV325, Superior Court of Muscogee County, State of Georgia;

Brown v. Liberty Mutual Insurance Company, et al., Civil Action File No. SU-2002-CV-207-7, Superior Court of Muscogee County, State of Georgia;

Case v. GuideOne Insurance, et al., Civil Action File No. SU03CV2033, Superior Court of Muscogee County, State of Georgia;

Colquitt v. Southern Guaranty Insurance Company, et al., Civil Action File No. SU02CV2651, Superior Court of Muscogee County, State of Georgia;

Cudd v. American Home Assurance Company, et al., Civil Action File No. SU03CV1783, Superior Court of Muscogee County, State of Georgia;

Daughtry and Morgan v. Direct General Insurance Company, et al., Civil Action File No. SU02CV1380-7, Superior Court of Muscogee County, State of Georgia;

Earl v. Allstate Insurance Company, et al., Civil Action No. SU01CV193, Superior Court of Muscogee County, State of Georgia;

Granberry and Gordon v. Amex Assurance Company, et al., Civil Action File No. SU03CV1923, Superior Court of Muscogee County, State of Georgia;

Griffin v. Gateway Insurance Company, Civil Action File No. SU-03-CV-2588-7, Superior Court of Muscogee County, State of Georgia;

Head and Hamlet v. Georgia Farm Bureau, et al., Civil Action File No. SU2000CV-4573, Superior Court of Muscogee County, State of Georgia;

Hole v. Metropolitan Life, et al., Civil Action File No. SU02CV364, Superior Court of Muscogee County, State of Georgia;

Humes v. The Continental Insurance Company, et al., Civil Action File No. SU02CV2275, Superior Court of Muscogee County, State of Georgia;

Hyatt v. Cotton States Mutual Insurance Company, Civil Action File No. SU2001CV-3783-9, Superior Court of Muscogee County, State of Georgia;

Lovelace, et al. v. Vesta Insurance Corporation, et al., Civil Action File No. SU03CV2035, Superior Court of Muscogee County, State of Georgia;

Mabry v. State Farm Mutual Automobile Insurance Co., et al., Civil Action No. SU99CV4915, Superior Court of Muscogee County, Georgia;

Martin and Wicker v. Government Employees Insurance Company, et al., Civil Action File No. SU01CV312, Superior Court of Muscogee County, State of Georgia;

McLean v. Progressive Casualty Insurance Company, et al., Civil Action File No. SU01CV1030, Superior Court of Muscogee County, State of Georgia;

Meier v. Hartford Casualty Insurance, et al., Civil Action File No. SU02CV2416-7, Superior Court of Muscogee County, State of Georgia;

Miller v. Horace Mann Insurance Company, Civil Action File No. SU02CV1295-7, Superior Court of Muscogee County, State of Georgia;

Miller v. Travco Insurance Company, et al., Civil Action File No. SU-2002-CV-255, Superior Court of Muscogee County, State of Georgia;

Moore v. Massachusetts Bay Insurance Co., et al., Civil Action File No. SU-04-CV-316-7, Superior Court of Muscogee County, State of Georgia;

Nash v. SAFECO, et al., Civil Action File No. SU03CV1972, Superior Court of Muscogee County, State of Georgia;

Oldham v. Nationwide Mutual Insurance Company, et al., Civil Action File No. SU01-CV-4132-7, Superior Court of Muscogee County, State of Georgia;

Oldham v. American Manufacturers Mutual Insurance Company, et al., Civil Action File No. SU-02-CV-2271, Superior Court of Muscogee County, State of Georgia;

Powell v. National General Insurance Company, et al., Civil Action File No. SU03CV1924, Superior Court of Muscogee County, State of Georgia;

Pressley v. Chicago Insurance Company, et al., Civil Action File No. SU-03-CV-2059, Superior Court of Muscogee County, State of Georgia;

Spangler v. Atlanta Casualty, et al., Civil Action File No. SU-02-CV-1075, Superior Court of Muscogee County, State of Georgia;

Stahl v. St. Paul Fire & Marine Insurance Company, et al., Civil Action File No. SU01CV1032, Superior Court of Muscogee County, State of Georgia;

Walton v. United Services Automobile Association, et al., Civil Action File No. SU01CV1732-7, Superior Court of Muscogee County, State of Georgia; and

Yodlowski v. Merastar Insurance Company, et al., Civil Action File No. SU02CV2272, Superior Court of Muscogee County, State of Georgia.

4. I and other members of my law firm, including but not limited to several of my partners (Wade H. Tomlinson, C. Neal Pope, Alan G. Snipes), have been involved in the above-referenced case from its inception. We have had substantial involvement in the initial investigation of the facts and the law, in the taking and defending of discovery matters, in the research and briefing on the class certification and summary judgment issues (which motions were never filed), and in attending the scheduled mediation other proceedings in this Court.

5. Attached hereto as Exhibit "1" are true and accurate copies of articles published in the Fulton County Daily Report and/or the National Law Journal (Exhibit "1").

6. Based on my personal knowledge and involvement, as well as a review of appropriate records and/or materials, our firm has incurred approximately 1200

hours of attorney time in prosecuting this action from inception to date. This time was almost exclusively partner time, primarily by Michael L. McGlamry, Wade H. Tomlinson and C. Neal Pope, each of whom has a minimum of 20 years of legal experience in complex and class action litigation.

7. Our records and/or materials also show that our firm has incurred a total of at least $91,620.99 in expenses in connection with our involvement as Class Counsel in this case. Those expenses include travel expenses, copying expenses, and other expenses (research, court reporter and videographer fees, etc.) associated with discovery, the depositions of witnesses, the preparation of documents and filings and appearances in the Court in which this action was and is pending, and such expenses are all reasonable and directly related to the prosecution of this case. This expense figure does not include expenses which have not yet been incurred but which will be reasonable and necessary in order to effectuate the terms of the Settlement.

8. Attorneys at Milberg, Weiss, have also participated in this case. Based on information provided to me by members of that firm, Milberg, Weiss, attorneys expended approximately 116.50 hours in the prosecution of this case, and incurred approximately $2,539.96 in connection with its involvement in this case.

9. Professor Arthur R. Miller, formerly the Bruce Bromley Professor of Law at the Harvard Law School, and currently a professor of law at New York University, also participated in the prosecution of this case.

10. The time records we maintain on the above-referenced cases show that our firm has incurred in excess of 1200 hours of attorney time in prosecuting this action from inception to date. In reviewing the time records and task descriptions contained therein, however, it is clear to us that our time records do not contain time entries for many, many phone conferences with co-counsel, some phone conferences with referring counsel, substantial numbers of phone calls with the client, and other necessary communications and other tasks for which time records would normally be maintained and which services would be reasonably incurred in the prosecution of these cases. Accordingly, while our time records show that in excess of 1200 hours of attorney time have been expended in our involvement in this case, those numbers are substantially lower than the actual amount of time our firm has expended in this case.

11. On behalf of Plaintiff Townes, and on behalf of the putative and now certified class, the attorneys at Pope McGlamry and/or Battle Fleenor, and to a lesser extent Milberg Weiss and Professor Miller, have reviewed approximately 50,000 pages of documents, including documents produced by third parties, and taken or participated in 10 depositions. Also, Plaintiff propounded and/or

9

responded to 104 interrogatories, 114 requests for admission and 157 requests for production. At the time of settlement, Plaintiff's counsel were actively preparing to file Plaintiff's Motion for Class Certification.

12.  Prior to the filing of this action, I and other members of my law firm, including my partners C. Neal Pope, Wade H. Tomlinson, Alan G. Snipes and others had been involved in class action litigation regarding the Credit Repair Organizations Act. Prior to the filing of this action, my law firm filed *Hillis v. Equifax Consumer Services, Inc. and Fair Isaac Corporation*, No. 1:04-CV-3400-TCB, Northern District of Georgia and *Slack v. Fair Isaac Corporation and MyFICO Consumer Services*, No. 3:05-CV-00257-MHP Northern District of California, San Francisco Division.

13.  Settlement discussions in Slack and Hillis began in October of 2005, culminating initially in an April 2006 "global" mediation in Atlanta which, as explained below, included representatives of the Defendants in the Townes case. Following the August 18, 2006 Order in Hillis, discussions resumed, and ultimately, after months of intense and time-consuming negotiations, the parties reached an agreement in January of 2007 which would effect the settlement of both Hillis and Slack. The parties agreed to consolidate the Slack case with the Hillis case for purposes of settlement, and so the Slack case was transferred to the Northern District of Georgia. The primary terms of the Hillis-Slack settlement are

the same as the primary terms of the settlement in this case. The class in the <u>Hillis-Slack</u> Settlement approximated some seven million persons. Only 835 persons opted-out. Only five objections were filed on behalf of a total of 15 class members persons objected. The <u>Hillis-Slack</u> Court overruled these few objections. The <u>Hillis-Slack</u> settlement was approved as fair, reasonable, and adequate by the <u>Hillis</u> court in June of 2007. <u>Hillis v. Equifax Consumer Services, Inc.</u>, --- F. Supp. 2d ---, 2007 WL 1953464 (N.D. Ga. June 12, 2007). Currently, one objector is pursuing an appeal, and both the District Court and the Eleventh Circuit Court have inquired as to the viability of that appeal. <u>See</u> Exhibit "2" (Eleventh Circuit's jurisdictional question) and Exhibit "3" (District Court's Notice of Hearing).

14. Though the <u>Hillis</u>, <u>Slack</u> and <u>Townes</u> cases were litigated and settled relatively contemporaneously, and though each case has benefited significantly from Class Counsel's involvement in three similar actions, Class Counsel does not seek an award of fees or the reimbursement of expenses in this case as a consequence of time and effort expended in furtherance of the <u>Hillis</u> and <u>Slack</u> cases. Such time was maintained separately. Nor did Class Counsel include time, effort or expense incurred in this matter (<u>Townes</u>) in its petition for an award of fees and reimbursement of expenses in <u>Hillis</u> and <u>Slack</u>.

15. I and other members of my law firm, as well as members of the law firm, Battle, Fleenor, Green, Winn & Clemmer, participated in settlement

11

negotiations with counsel for TransUnion and TrueLink for over a year prior to the settlement of this action. Settlement negotiations began pursuant to the mediation session ordered by the Court and held by Magistrate Thynge. Thereafter, counsel for Plaintiffs and counsel for Defendants herein participated in settlement negotiations separately and in conjunction with settlement negotiations ongoing in the *Hillis* and *Slack* actions, particularly after the Court in *Hillis* entered its decision on the Plaintiff's motions for class certification and for summary judgment in August 18, 2006. This included numerous in person meetings in Atlanta as well as extensive telephone conferences, emails and exchanges of documents. These negotiations were conducted at arms length, were vigorously engaged in by both counsel for Plaintiffs and Defendants and resulted in a fair and reasonable settlement on behalf of the Class Members. The fee agreement here was negotiated only after all of the substantive provisions of the Settlement were determined.

16. The settlement talks and negotiations, which involved numerous in-person meetings and conference calls, were long and arduous. No detail was overlooked in those arms-length and hard-fought negotiations. Indeed, on several occasions those negotiations broke down.

17. Congress and the Federal Trade Commission ("FTC") have recognized the importance of and value in knowing and monitoring one's credit

score and credit report to insure the lowest possible credit terms and to prevent identity theft. The FTC and Congress have determined that a reasonable charge for a credit report is $10. *See* 15 U.S.C. § 1681j; and FTC Press Release dated December 12, 2006, attached hereto as Exhibit "4"

18.     Furthermore, the FTC, by Federal Register Notice, solicited comments from the public concerning proposed fees for credit scores. In the notice, the FTC recognized that credit scores were available on the open market at between $4 and $8. *See* FTC Press Release dated November 3, 2004, a copy of which is attached hereto as Exhibit "5."

19.     Plaintiff's expert economist, Professor Michael Daniels, has estimated the full potential settlement values at approximately $347,220,000 and he has discounted that amount to account for relatively low take rates of 5% and 10%, creating a range of potential settlement values of $17,360,000 to $34,722,000. *See* Declaration of Professor Michael Daniels, attached hereto as Exhibit "6."

20.     Based on my involvement in *Hillis* and in *Slack*, on my familiarity with the issues, on my assessment and recognition of the risks associated with continued litigation, I, on behalf of all Class Counsel and associate counsel, believe that the settlement presented to this Court is fair, reasonable and adequate. I also believe that the requested attorneys' fees and reimbursable expenses are reasonable

and appropriate. Finally, I believe that the $7500.00 incentive award for Plaintiff (Robbie Townes, IV) is a proper incentive award for his efforts in this case.

21. Mike McGlamry, Neal Pope and Wade Tomlinson of Pope McGlamry committed an enormous amount of time and effort to the Hillis and Slack cases. In making that commitment, Pope McGlamry limited its ability to accept other cases.

22. Pope, McGlamry has extensive experience in prosecuting, as well as settling, class action lawsuits. In most of these settlements, attorneys' fees are based on a percentage of the common fund approach. However, in most such cases, in addition to researching and presenting the case law in the subject jurisdiction on the common fund percentage recovery, Pope, McGlamry typically presents a cross-check of the attorneys' fees measurement by reference to the lodestar analysis. Pope, McGlamry does not typically charge an hourly rate in cases such as this. Nevertheless, Pope, McGlamry researched the hourly rate of attorneys in Georgia that offer similar experience, ability and effectiveness. *See*, ¶ 5 infra. Consistent with that research, a blended hourly rate of the senior attorneys, mixed with junior attorneys and associates would be in the $400-$450 range.

23. Pope, McGlamry has incurred over 1200 hours of attorney time; Battle, Fleenor over 1,000 hours, Milberg Weiss approximately 115 hours, and Carmella Keener with Rosenthal, Monhait, Gross & Goddess, P.A. approximately 20. The total amount of hours Plaintiff's attorneys have committed to this case is

14

approximately 2500 hours. Utilizing the blended hourly rate, and applying the lodestar, the attorney's fees requested by Class Counsel is equal to a lodestar fee, without any multiplier, or, results in a multiplier of 1.0.

Dated this the 17th day of August 2007.

_____
Michael L. McGlamry

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 20th day of August, 2007, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

| | |
|---|---|
| William M. Lafferty, Esquire<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | Christopher J. Curtin, Esquire<br>Erisman & Curtin<br>P.O. Box 250<br>Wilmington, DE 19899-0250 |

/s/ *Carmella P. Keener*
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT & GODDESS, P.A.
919 Market Street, Suite 1401
Citizens Bank Building
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com

*ATTORNEYS FOR PLAINTIFF*