IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES, IV,<br>Individually and on behalf of<br>all persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC, AND<br>TRUELINK, INC.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CIVIL ACTION<br>04-1488<br><br><br><br>CLASS ACTION |

### DECLARATION OF MICHAEL O'NEIL IN SUPPORT OF
### <u>MOTION FOR FINAL APPROVAL</u>

Pursuant to 28 U.S.C. §1746, I, Michael O'Neil, hereby declare the following to be true and correct, under penalty of perjury:

1. My name is Michael O'Neil. I am over the age of 19 years and have personal knowledge of the facts and matters set forth herein.

2. I am an attorney and partner in the law firm of DLA Piper US LLP. I offer this Declaration in support of the parties' Motion For Final Approval Of Settlement in the above-referenced action.

3. I, along with other members of my law firm, have represented Trans Union LLC and TrueLink, Inc. (collectively, the "Defendants") throughout this litigation and I have been admitted *pro hac vice* to practice before this Court in the above-captioned action.

4.  As lead counsel for the Defendants in the above-captioned action, I was primarily responsible for negotiating the Stipulation of Settlement with counsel for the named plaintiff, Robert V. Townes IV, and the putative plaintiff class, which this Court preliminarily approved on April 16, 2007 (D.I. 69). Settlement negotiations began pursuant to the mediation session mandated by the Court and held by Magistrate Thynge on June 27, 2006.

5.  Plaintiff's counsel in the above-captioned action is also representing the plaintiffs in both Hillis v. Equifax Consumer Services, Inc., et al., No. 1:04 CV 03400 BBM (N.D. Ga.) ("Equifax") and Slack v. Fair Isaac Corp et al., No. 3:05 CV 00257 MEJ (N.D. Cal.) ("Fair Isaac"). Like the plaintiff in the above-captioned action, the plaintiffs in both Equifax and Fair Isaac had also brought, on behalf of a putative nationwide class, claims that the sale of direct-to-consumer credit reporting products via the Internet violate the federal Credit Repair Organization Act, 15 U.S.C. § 1679 et seq. ("CROA").

6.  Settlement discussions with counsel for plaintiff in the above-captioned action therefore were coordinated with negotiations occurring with the parties' counsel in the Equifax and Fair Isaac litigation. This included multiple in-person meetings in Atlanta as well as extensive telephone conferences, emails and exchanges of documents. These negotiations were conducted at arms-length, were vigorously engaged in by both counsel for plaintiffs and Defendants and resulted in

a fair and reasonable settlement on behalf of the Class Members in the above-captioned action.

7. The settlement talks and negotiations, which involved numerous in-person meetings and conference calls, were long and arduous. No detail was overlooked in those arms-length and hard-fought negotiations. Indeed, on several occasions those negotiations broke down.

8. Class settlement agreements were eventually reached in both the above-captioned action and in the Equifax/Fair Isaac litigation. Although the coordinated settlement negotiation resulted in two separate agreements filed in two separate courts, the substantive terms of both agreements are nearly identical in structure and language.

9. A true and correct copy of the Equifax/Fair Isaac settlement agreement is attached hereto as Exhibit A.

10. Based on my assessment and recognition of the risks associated with continued litigation, I, on behalf of the Defendants, believe that the settlement presented to this Court is fair, reasonable and adequate. I also believe that the requested attorneys' fees and reimbursable expenses are reasonable and appropriate. Finally, I believe that the $7500.00 incentive awards for the Plaintiff (Robert V. Townes, IV) is a proper incentive award for his efforts in this case.

11. Pursuant to this Court's April 16, 2007 Hearing Order, any objections from Class members to the Settlement in the above-captioned action are due to be served upon counsel for the parties on or before August 20, 2007, and are due to be filed with the Court on or before August 27, 2007. As of August 17, 2007, I have received only one such objection from an individual named Debbie Ashley. Ms. Ashley's objection appears in the docket at D.I. 87.

12. On August 13, 2007, Ms. Ashley moved to dismiss her own objection. Ms. Ashley's Motion to Dismiss her own objection, however, has not yet been docketed.

13. Finally, since the plaintiffs in <u>Millett v. TrueLink, Inc.</u>, No. 05-599-SLR (D. Del.), voluntarily dismissed their CROA claims upon learning of the settlement in the above-captioned action, defense counsel is aware of no other pending individual lawsuits brought for violations of the CROA against the Defendants.

Under 28 U.S.C. §1746, I verify under penalty of perjury that the foregoing is true and correct.

Dated this 20th day of August, 2007.

*Michael O'Neil*
Michael O'Neil

## CERTIFICATE OF SERVICE

I, Jay N. Moffitt, hereby certify that on August 20, 2007 I caused the foregoing Declaration of Michael O'Neil In Support Of Motion For Final Approval to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

Christopher J. Curtin, Esquire
Erisman & Curtin
629 Mount Lebanon Road
Wilmington, DE 19899

Carmella P. Keener, Esquire
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street
Suite 1401
P. O. Box 1070
Wilmington, Delaware 19899

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jay N. Moffitt

Jay N. Moffitt (#4742)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
jmoffitt@mnat.com
  Attorneys for Defendants

August 20, 2007