IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT V. TOWNES, IV, individually and on behalf of all persons similarly situated, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-1488-JJF |
| TRANS UNION, LLC and TRUELINK, INC., | : | |
| Defendant. | : | |

---

Wade H. Tomlinson, Esquire and C. Neal Pope, Esquire of POPE, McGLAMRY, KILPATRICK, MORRISON & NORWOOD, LLP, Columbus, Georgia.
Michael L. McGlamry, Esquire of POPE, McGLAMRY, KILPATRICK, MORRISON & NORWOOD, LLP, Atlanta, Georgia.
Arthur R. Miller, Esquire of HARVARD LAW SCHOOL, Cambridge, Massachusetts.
Wilson F. Green, Esquire and Harlan F. Winn, III, Esquire of BATTLE, FLEENOR, GREEN, WINN & CLEMMER, LLP, Birmingham, Alabama.
Carmella P. Keener, Esquire of ROSENTHAL, MONHAIT & GODDESS, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Michael O'Neil, Esquire and Paula D. Friedman, Esquire of DLA PIPER US LLP, Chicago, Illinois.
William M. Lafferty, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Defendants.

Barry R. Grissom, Esquire of THE LAW OFFICES OF BARRY R. GRISSOM, ESQUIRE, Overland Park, Kansas.
Michael W. Blanton, Esquire of SWANSON MIDGLEY, LLC, Kansas City, Missouri.
Christopher J. Curtin, Esquire of ERISMAN & CURTIN, Wilmington, Delaware.

Attorneys for Proposed Intervenors.

**MEMORANDUM OPINION**

August 30, 2007
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is the Motion For Leave To Intervene (D.I. 72) filed by Stephen G. and Melody J. Millett. For the reasons discussed, the Court will deny the Milletts' Motion.[1]

## I. BACKGROUND

On December 1, 2004, Plaintiff Robert V. Townes, IV, brought the present action, alleging that Defendants Trans Union LLC ("Trans Union') and TrueLink[2] ("TrueLink") (collectively, "Defendants") violated the federal Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq. ("CROA"), and were unjustly enriched by their actions relating to sales of credit monitoring services. Mr. Townes filed this action on behalf of himself and "a proposed nationwide class of persons who purchased services from Defendants" after December 1, 1999. (D.I. 1). On April 5, 2007, the parties submitted a signed stipulation of settlement. (D.I. 66), which the Court preliminarily approved on April 16,

---

[1] In addition, Defendants have filed a Motion For Leave To File The Attached Supplemental Brief In Opposition To Motion For Leave To Intervene (D.I. 84). The Millets have objected (D.I. 86) to the filing contending that it raises matters collateral to the Motion To Intervene. Although the Court does not base its ruling upon the matters raised in the supplemental briefing attached to the Motion For Leave, the Court will not preclude its filing, and therefore, the Motion For Leave To File will be granted.

[2] TrueLink is now known as Trans Union Interactive, Inc., but will hereafter be referred to as TrueLink in accordance with the case caption.

2007. Notices of settlement were mailed in early May, 2007, with the Milletts allegedly receiving their notice on May 10, 2007. The Milletts filed the present Motion To Intervene on May 16, 2007, contending that the pending settlement could bar them from pursuing their own class action claims in Millett v. TrueLink, Civ. No. 05-599-SLR (the "Millett action"), which is currently pending in this court before the Honorable Sue L. Robinson.

The Millett action was originally filed on September 9, 2004, in the United States District Court for the District of Kansas alleging negligent misrepresentation, fraud, and violations of the Kansas Consumer Protection Act with regards to TrueLink's[3] marketing of identity theft protection services. The case was transferred to this court on August 15, 2005, and later assigned to Judge Robinson. Following the transfer, on December 14, 2005, the Milletts filed their Second Amended Complaint asserting, among other things, claims for violations of the CROA on behalf of a nationwide class.[4] Shortly after the Milletts introduced their CROA claims, counsel for the parties in Townes each notified the Clerk of the Court of their opinion that the

[3] The Complaint was initially filed against Trans Union, the parent company of TrueLink. TrueLink was later substituted as the proper defendant. (Millett, D.I. 27).

[4] The Milletts amended their complaint four times, and each amended complaint after the first included CROA claims. The Milletts voluntarily dismissed the CROA claims on March 5, 2007. (D.I. 73, Ex. E).

Millett and Townes actions were related and should be coordinated. (D.I. 32, 37). On December 21, 2005, counsel for the Milletts filed their opposition to coordination, contending that the actions were "dissimilar" and also filed a motion to be appointed interim class counsel. See D.I. 77. Judge Robinson denied the motion to appoint interim class counsel concluding, based on the Millets' representation, that "there are not overlapping, duplicative, or competing class suits." (D.I. 78, Ex. G).

In late 2006, the parties began negotiating toward a joint settlement that would resolve both the Townes and Millett actions. (D.I. 73, Ex. E). Settlement negotiations between the Milletts and Defendants broke down, but continued between Plaintiff and Defendants, resulting in the present Settlement Agreement. The Milletts then brought the present Motion seeking leave to intervene and contending that the Settlement Agreement only addresses the claims raised by Plaintiff, while purporting to extend relief to a broad "class" that includes the putative Millett class.

## II. DISCUSSION

By their Motion, the Milletts seek leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24. The Milletts contend that they are entitled to intervene as a matter of right under Rule 24(a)(2). In the alternative, they contend

that permissive intervention is warranted under Rule 24(b).

Federal Rule of Civil Procedure 24 provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"To intervene as a matter of right under Rule 24(a)(2), the prospective intervenor must establish that: '(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." In re Community Bank of Northern Virginia, 418 F.3d 277, 314 (3d Cir. 2005) (quoting Harris v.

Pernsley, 820 F.2d 592, 596 (3d Cir. 1987)).

Applying these factors to the circumstances here, the Court concludes that the Millets have not met the standard for intervention as of right. By the express terms of the Settlement Agreement, the Millets have been excluded from the Settlement Class. (Settlement Agreement, ¶ 2.24(v)). Thus, the Court concludes that the Millets have no interest in the underlying Townes litigation.[5] The Millets contend that their interest in representing the putative class in the Millet action provides them with a sufficiently cognizable legal interest to warrant intervention under Rule 24(a). However, the Court finds the interest asserted by the Millets to be speculative at this juncture. A class has not been certified in the Millet action, and Judge Robinson denied the Millets' motion to appoint the Millets' counsel as interim class counsel. Because the Millets have no basis for intervening in this action on their own behalf, the Court likewise concludes that they cannot intervene on behalf of the speculative and not yet certified class in the Millet action. See e.g., Harris v. Pernsley, 820 F.2d 592, 601 (3d Cir. 1987) (recognizing that interest required for intervention must

---

[5] Relying on the Third Circuit's decision in Community Bank, the Millets contend that they need not establish the third and fourth factors required for intervention as of right because they are satisfied by the class action nature of this litigation. In the Court's view, however, the principle invoked by the Millets is not applicable here because the Millets are not members of the defined class.

not be general or indefinite); Duffy v. Delaware County Bd. of Prison Inspectors, 1991 WL 193404, *2-4 (E.D. Pa. Sept. 18, 1991).

Further, because the Millets do not have a cognizable legal interest in the Townes litigation, the Court concludes that they cannot demonstrate a threat to such an interest. To the extent that the Court is required to consider the interests of the proposed putative class in the Millet action, the Court notes that the Townes Settlement Agreement provides for an opt-out provision which allows members of the Townes class, who may also hold claims in the Millet action, to protect all of their claims and interests. Thus, the Court concludes that the presence of the opt-out provision prevents the impairment of any legal interests held by those who may also be part of the proposed putative class in the Millet action. In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 792 (3d Cir. 1995); In re Lorazepam and Clorazepate Antitrust Litig., 205 F.R.D. 363, 367 (D.D.C. 2001) (denying intervention and finding no impairment of interest where class members could opt-out of proposed settlement); Shore v. Parklane Hosiery Co., Inc., 606 F.2d 354, 357-358 (2d Cir. 1979) (concluding that district court did not err in denying motion to intervene on basis that opt-out provision prevented proposed intervenors' interests from being impaired). Accordingly, the Court concludes that the Millets

have not demonstrated that intervention under Rule 24(a) is warranted.

As for permissive intervention under Rule 24(b), the Court likewise concludes that permissive intervention is not warranted. The Millets have consistently taken the position that the Townes action does not overlap with their action, and therefore, the Court cannot conclude that common questions of law or fact exist which would justify permissive intervention.[6] The Court further finds that the Millets' intervention at this juncture would

---

[6] Although the Court does not base its decision to deny intervention under either Rule 24(a) or Rule 24(b) on the timeliness of the Millets' Motion, the Court finds that serious questions exist concerning the timeliness requirement, which weigh against allowing the Millets to intervene here.

The Millets contend that their Motion is presumptively timely because it was filed within the time period for class members to opt out of the Settlement Agreement. As a general matter, the timeliness of a motion to intervene is assessed in light of the totality of the circumstances, including: (1) the stage of the proceedings; (2) the possible prejudice that delay may cause the parties; and (3) the reason for the delay. In re Community Bank of Northern Virginia, 418 F.3d at 314. While the Third Circuit has recognized that a motion to intervene is presumed timely if it is filed within the opt-out period, the Court finds that the circumstances of this case make the timeliness of the Millets' Motion questionable. In this case, the Millets were advised of the Townes parties' concern that there might be overlap between this action and the Millet action. The Millets denied any such overlap and refused to coordinate the proceedings. Nevertheless, the Millets participated in some settlement discussions to no avail. Despite abandoning settlement attempts, the Townes Defendants continued to apprise the Millets of the progress of the settlement, yet the Millets declined to make any motion to intervene in Townes, despite knowing about the contours of the settlement for more than two months. The Court is troubled that the Millets offer no explanation for this delay.

prejudice the parties in this action, who have devoted significant time and expense in both negotiating the Settlement Agreement and implementing its terms as directed by the Court's April 16, 2007 Order. Accordingly, the Court will deny the Millets' Motion to the extent that it seeks permissive intervention under Rule 24(b).

**III. CONCLUSION**

For the reasons discussed, the Court will deny the Millet's Motion For Leave To Intervene and grant Defendants' Motion For Leave To File The Attached Supplemental Brief In Opposition To Motion For Leave To Intervene.

An appropriate Order will be entered.