IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES, IV,<br>Individually and on behalf of<br>all persons similarly situated,<br>　　　　Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC, and<br>TRUELINK, INC.,<br>　　　　Defendants. | )<br>)<br>)<br>) CIVIL ACTION No. 04-1488-JJF<br>)<br>)<br>)<br>)<br>) CLASS ACTION<br>)<br>) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF JOINT MOTION FOR FINAL
APPROVAL OF SETTLEMENT AND IN SUPPORT OF CLASS COUNSEL'S
MOTION FOR AWARD OF ATTORNEY'S FEES
AND REIMBURSEMENT OF REASONABLE EXPENSES**

ROSENTHAL, MONHAIT & GODDESS, P.A.
Carmella P. Keener (DSBA No. 2810)
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com
*Delaware Counsel for the Plaintiff*

OF COUNSEL:

Michael L. McGlamry
Pope McGlamry Kilpatrick Morrison
& Norwood LLP
The Pinnacle, Suite 925
3455 Peachtree Road, N.E.
Post Office Box 191625 (31119-1625)
Atlanta, Georgia 30326-3243
(404) 523-7706

Wade H. Tomlinson, III
Pope McGlamry Kilpatrick Morrison
& Norwood LLP
1111 Bay Ave., Suite 450 (31901)
P.O. Box 2128
Columbus, Georgia 31902
(706) 324-0050
DATED: August 31, 2007

Wilson F. Green
Harlan F. Winn III
Battle Fleenor Green Winn & Clemmer LLP
The Financial Center
505 North 20th Street, Ste. 1150
Birmingham, Alabama 35203
(205) 397-8160

Arthur R. Miller
New York University School of Law
40 Washington Square South
Vanderbilt Hall 409D
New York, NY 10012
212-992-8147
Fax: 212-995-4590

## TABLE OF CONTENTS

| | | |
|---|---|---|
| Table of Contents | | i |
| Introduction | | 1 |
| A. | Korompai Objection | 1 |
| B. | Millett Objection | 4 |
| Conclusion | | 7 |

COMES NOW Plaintiff, in further support of the Joint Motion for Final Approval of Settlement (D.I. 95) and in further Support of Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Reasonable Expenses (D.I. 92), and urges this Court to overrule any objection to the Class Settlement.

## INTRODUCTION

There are 3.868 million Class members that stand to receive substantial benefits from the proposed settlement. After individual notice, only one Class member has an objection – and a very general one at that – filed by Edward D. Korompai (D.I. 91). In addition, there is an objection filed by non-Class members Steven and Melody Millett (D.I. 89).[1] Neither the objection by Korompai nor the improper attempt to intervene by the Milletts detracts from the fact that the settlement before the Court is fair, reasonable and adequate and is deserving of this Court's final approval.

### A.   KOROMPAI OBJECTION

Mr. Korompai's objection - in total - is as follows:

> "I am objecting because I derive no value from the offered settlement. In particular, one-third of the offered settlement is already offered to the public by the defendants on their website. When I read the proposed settlement, I feel that the interest of the individual class members have not been adequately represented in this settlement. I would prefer that the 1.3 million dollars in plaintiff attorney fees be equally divided

---

[1] Mr. and Mrs. Millett filed a Motion for Leave to Intervene (D.I. 72), which both Plaintiff and Defendants have opposed; the Court denied that motion by Memorandum Opinion and Order dated August 30, 2007, and ruled that the Court will not hear the Millett's Objections to the Settlement (D.I. 100, 101). Plaintiff's response to the Millett's objection is substantially the same as Plaintiff's and Defendants' Responses to the Motion to Intervene, to wit, Plaintiff's Brief in Opposition to Motion for Leave to Intervene (D.I. 75), Defendants' Brief in Opposition to Motion for Leave to Intervene (D.I. 77) and Defendants' Supplemental Brief in Opposition to Motion for Leave to Intervene (attached to Defendants' Motion for Leave to File Supplemental Brief in Opposition to Motion for Leave to Intervene (D.I. 84)). Plaintiff incorporates these responses herein in opposition to the Millett's objection.

among the class members and the plaintiff attorneys receive the equivalent value of free credit monitoring services. In conclusion, as a class member, I neither support the proposed settlement nor do I want the Court to approve it."

Mr. Korompai's objection is without merit and should be rejected. The TU Monitoring service offered as part of the settlement has substantial value. For three months and at absolutely no charge to or further commitment from Class members, the service offers 24-hour email notice of certain critical changes in their credit files. The in-kind relief also offers Class members unlimited access to their credit reports and credit scores during the three-month subscription, and up to $25,000 in identity theft insurance. Notably, no other settlement of the claims discussed *supra* offers this unlimited access to credit reports and credit scores during the free subscription period. The credit monitoring subscription – free to Class members for three months – is currently offered by TrueLink for approximately $9.95/month.

Mr. Korompai is incorrect that 1/3 of the relief is offered at Defendant's website. Consumers can only receive one month's subscription of TU Monitoring for free if they enroll in the subscription, agree to give TransUnion and TrueLink a credit card number and agree to have their credit cards charged thereafter on a monthly basis, at $9.95/month.

The proposed Settlement provides benefits to some 3.868 million Class Members, which benefits have a potential retail value of at least $29.85 per class member ($9.95 per month for three months). In this era of credit-related problems, including the importance of knowing and monitoring one's credit score and credit report to assure the lowest possible credit terms and to prevent identity theft, the credit monitoring offering available to Class members has real value. Congress and the Federal Trade Commission ("FTC")

2

have recognized these values, as Congress has enacted legislation requiring that the credit reporting agencies (like TransUnion) make available to each consumer one free credit report per year. Congress also has charged the FTC with setting reasonable maximum charges for the purchase of other credit reports and for the purchase of a credit score. *See* McGlamry Declaration, ¶¶ 17, 18 and Exhibits "2" and "4" thereto, attached to the Motion For Final Approval Of Settlement And Brief In Support.

In addition to the substantial benefit of the TU Monitoring, this Settlement provides for substantial injunctive relief. Pursuant to Section 5 of the Settlement, entitled "Injunctive Relief," Defendants have agreed to restrictions on their marketing of the Offerings, including specifically restrictions on the representations which form the basis for the *Townes* Action (as well as the *Millett* Action). For example, the Settlement requires Defendants to include two contractual disclaimers in their websites' Terms of Use and their marketing of certain products. First, Defendants must advise that they are not credit repair organizations, and do not provide credit repair advice; second, Defendants must explain that their credit monitoring product monitors only the credit file of the purchaser, and not any other consumer. The Settlement also restricts the use of certain words and other language in Defendants' marketing in order to make clearer what their Offerings do and do not encompass, and requires Defendants to compel their marketing-partner "Contractual Associates" to similarly comply with these marketing restrictions.

This Injunctive Relief was tailored to the allegations of the Class Action Complaint, the CROA statute and other concerns. The injunction allows this Court to maintain jurisdiction for enforcement purposes and will prevent the Defendants from

violating CROA and misrepresenting to the public the nature of its services. These are valuable benefits.

### B.   MILLETT OBJECTION

Although this Court denied the Millett's Motion for Leave to Intervene, Plaintiff sets forth his response to the Millett's Objection (D.I. 89) for the record. In part, Plaintiff relies upon and incorporates herein by reference, the briefing outlined in footnote 1, *supra*. As this Court is aware, the Millett's have filed cases against all three credit bureaus -- not only TransUnion, but Equifax and Experian as well. The history of that litigation illustrates the futility of their actions and the weakness of their objections to this Settlement.

In *Millett v. Experian Information Solutions, Inc.*, pending in the U.S. District Court, Central District of California, the Milletts made similar claims against Experian as they have against TrueLink here in Delaware. The Milletts made claims against Experian based upon the California Consumer's Legal Remedies Act ("CLRA") and based on claims for breach of contract. The court in that case granted summary judgment for Defendants on December 18, 2006, and subsequently denied Plaintiff's Motion for Reconsideration on or about April 4, 2007. *See* Summary Judgment Order and Minute Order denying Motion for Reconsideration, attached hereto as Exhibit 1. Thus, the Milletts have obtained no relief for themselves or any putative class concerning their claims associated with the ID Theft Monitoring component of the services offered by Experian.

Similarly, the Milletts filed an action against Equifax, which was transferred to the Northern District of Georgia, Atlanta Division. The Milletts ultimately settled that

case individually, although it was originally brought as a class action. *See* the Millett/Equifax Settlement Agreement attached as Exhibit "B" to Defendants' Supplemental Brief in Opposition to Motion for Leave to Intervene (D.I. 84). As part of that settlement, which was disclosed to the court in the *Hillis/Slack* settlement as a side agreement under Fed. R. Civ. P. 23(e), the Milletts obtained an agreement from Equifax to insert, on one website, at one place in the Terms of Use Agreement, the following disclosure:

> "CREDIT WATCH PRODUCT. The Credit Watch Product is provided by Equifax. Credit Watch monitors your credit file, which is owned and/or maintained by Equifax Information Services LLC ("EIS"), another member of the Equifax family of companies. Credit Watch monitors the EIS credit file most closely identified with you based on multiple identifying factors, such as first, middle and last names, current and former addresses, Social Security number and date of birth. Credit Watch will not advise or alert you if an item of identifying information about you (including your name or address or Social Security Number) is also contained in the EIS credit file or another person and will not provide you with any information contained in another's EIS credit file."

Additionally, Equifax paid the Milletts individually, and their lawyers, a sum or terms not publicly disclosed for settlement of their individual claims. Of most importance, the Milletts did not object to the *Hillis/Slack* Settlement, on which this Settlement is modeled, and the *Hillis/Slack* settlement has now been finally approved.

The disclosures which TransUnion and TrueLink agreed to in the settlement of this case are actually much stronger than those obtained on behalf of the Milletts in the *Hillis/Slack* settlement. The *Townes* Settlement requires Defendants to include several disclaimers/ disclosures in various locations of their websites. In *Townes*, the settlement provides:

> "A disclaimer explaining that Defendants' credit monitoring Offerings monitor only the credit file associated with the purchasing

5

consumer, and do not monitor, compare or cross-reference the credit file associated with the purchasing consumer to any other credit file(s) maintained by the applicable credit bureau(s), shall be displayed: (i) on the www.truecredit.com, www.freecreditprofile.com, and www.knowyourloanrate.com websites as follows: (a) in the Terms Of Use within the first three (3) paragraphs under the "General Terms" heading of the Terms Of Use, and (b) on the page containing the Fighting Identity Theft Worksheet, as such page exists as of March 1, 2007; (ii) on the www.transunioncs.com website as follows: (a) in the Terms Of Use as any paragraph under the "Disclaimers Of Warranties And Liabilities" heading of the Terms of Use, and (b) on the page accessed by clicking "Learn More" from the monitoring product page, as such page exists as of March 1, 2007; and (iii) on the www.transunion.com website as follows: (a) in the Terms of Use as any paragraph under the "Disclaimers Of Warranties And Liabilities" heading of the Terms Of Use, and (b) on the "Consumer Resources" page."

The disclosures mandated by this Settlement are sufficient, more substantial, more visable and more likely to accomplish their purposes than the disclosure negotiated by the Milletts with regard to Equifax, and eminently better than the lack of relief obtained from Experian.

This Court rightfully rejected the Millett's efforts to intervene and derail this Settlement. Nevertheless, their objections are inaccurate, unfounded, without merit and misplaced and should have been rejected.

CONCLUSION

There are no real objections to this Settlement. It was reached after extensive litigation, and protracted and hard-thought negotiations, and is in the best interest of Class Members. The Plaintiff again respectfully urges this Court to grant final approval of the Class Settlement.

Respectfully submitted,

/s/ *Carmella P. Keener*
ROSENTHAL, MONHAIT & GODDESS, P.A.
Carmella P. Keener (DSBA No. 2810)
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com
*Delaware Counsel for the Plaintiff*

OF COUNSEL:

Michael L. McGlamry
Pope McGlamry Kilpatrick Morrison & Norwood LLP
The Pinnacle, Suite 925
3455 Peachtree Road, N.E.
Post Office Box 191625 (31119-1625)
Atlanta, Georgia 30326-3243
(404) 523-7706

Wade H. Tomlinson, III
Pope McGlamry Kilpatrick Morrison & Norwood LLP
1111 Bay Ave., Suite 450 (31901)
P.O. Box 2128
Columbus, Georgia 31902
(706) 324-0050

Wilson F. Green
Harlan F. Winn III
Battle Fleenor Green Winn & Clemmer LLP
The Financial Center
505 North 20th Street, Ste. 1150
Birmingham, Alabama 35203
(205) 397-8160

Arthur R. Miller
New York University School of Law
40 Washington Square South
Vanderbilt Hall 409D
New York, NY 10012
212-992-8147
Fax: 212-995-4590

DATED: August 31, 2007

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 31st day of August, 2007, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

William M. Lafferty, Esquire  
Morris, Nichols, Arsht & Tunnell, LLP  
1201 N. Market Street  
P.O. Box 1347  
Wilmington, DE 19899-1347  

Christopher J. Curtin, Esquire  
Erisman & Curtin  
P.O. Box 250  
Wilmington, DE 19899-0250  

I also hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Edward Daniel Korompai  
8900 Research Park Drive, Apt. 1023  
The Woodlands, TX 77381  

/s/ Carmella P. Keener  
Carmella P. Keener (DSBA No. 2810)  
ROSENTHAL, MONHAIT & GODDESS, P.A.  
919 Market Street, Suite 1401  
Citizens Bank Building  
Wilmington, DE 19899-1070  
(302) 656-4433  
ckeener@rmgglaw.com  

*ATTORNEYS FOR PLAINTIFF*