# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.  SACV 05-879 JVS (RNBx) | Date  December 18, 2006 |
| Title  Steven G. Millet et al. v. Experian Information Solutions, Inc., et al. | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   (In Chambers)   Order Granting in part and Denying in part Motion for Summary Judgment

I.   INTRODUCTION

Defendants Experian Information Solutions, Inc., *et al.* (collectively, "Experian") seek summary judgment or, alternatively, partial summary judgment with respect to claims asserted by Plaintiffs Steven G. Millet, *et al.* (collectively, "the Millet Plaintiffs").

II.   BACKGROUND

The Millet Plaintiffs bring the instant action alleging claims for breach of contract and for violations of the California Consumers Legal Remedies Act ("CLRA"). Their claims arise from the sale and advertisement of the Credit Manager product.

Credit Manager is an online product offering to assist consumers in avoiding identity theft. (Williams Decl., Ex. B.) The web pages seen by a potential purchaser of Credit Manager repeatedly specify that the services offered relate to information on the purchaser's Experian credit report. The website states that Credit Manager offers "constant monitoring of your credit report to alert you of potential fraudulent activity" (Williams Decl., Ex. B at EXP 00001); "daily email alerts of significant changes to your credit report" (id. at EXP 00003); "peace of mind by scanning your credit report daily and alerting you to potential fraudulent items and other critical changes in your credit report" (id. at EXP 00005). It is clear by the representations made on the web pages that the credit report in question is generated by Experian. (Williams Dec., Ex. B.)

Before purchasing the Credit Manager service on her husband's behalf, Ms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   SACV 05-879 JVS (RNBx)                    Date   December 18, 2006

Title   Steven G. Millet et al. v. Experian Information Solutions, Inc., et al.

Millett clicked a box on the online order form stating that she had "reviewed the CreditExpert terms and conditions and agree[d] to them." (Defendants' Statement of Uncontroverted Facts ¶ 5.) Ms. Millet had the opportunity at that moment to read the Terms and Conditions, which claim to "constitute the entire agreement between CreditExpert and you in connection with your use of this Web Site, the Services, and the Content." (Williams Decl., Ex. A at EXP 00016.) The terms and conditions specifies that "Credit Expert has used reasonable efforts in collecting, preparing and providing quality information and material, but makes no warranty or guarantee about the accuracy, completeness, or adequacy of the information contained in this Web Site." (Id. at EXP 00013.)

III.   DISCUSSION

   A.   Legal standards

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (Id. at 248.) In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." (Id. at 255.)

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If and only if the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. (See id. at 322-23.) If the non-moving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

   B.   Contract claims

Experian argues that the Millet Plaintiffs lack sufficient evidence to create a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 05-879 JVS (RNBx) | Date | December 18, 2006 |
| Title | Steven G. Millet et al. v. Experian Information Solutions, Inc., et al. | | |

genuine issue of material fact with respect to breach and damages. (Opening Br. 13-19.) In addition, Experian argues that any claim for breach of contract is barred by warranty disclaimer language reviewed and accepted upon purchase of Credit Manager. (Id.)

Experian contends that the Millet Plaintiffs cannot show any of four separate bases for breach: (1) failure to provide email notifications; (2) failure to provide access to Millett's Experian Credit Report; (3) failure to provide quality information; and (4) failure to provide advanced notification of renewal. Plaintiffs have abandoned the second basis for breach (Opp'n 1), and so the Court will not address it.

I. Email Notifications

Experian contends that it was only under a contractual duty to provide an email alert if any of the following changes occur to a subscriber's Experian credit report: a new account, a new delinquency, a new inquiry, a new judgment, or a new or changed address. (Opening Br. 13-14; Williams Decl. ¶¶ 5, 9.) Because the Millet Plaintiffs have not provided evidence that any of the five triggering events occurred, Experian maintains that they cannot show breach for failing to send email notifications. (Opening Br. 14.)

The Millet Plaintiffs concede that none of the triggering items occurred to Mr. Millet's credit report (Plaintiffs' Statement of Genuine Issues ¶ 13), but argue that, nonetheless, Experian was under a contractual duty to provide email notification of other events, such as when another individual allegedly used Mr. Millet's social security number to open a new account. (Id.; Opp'n Br. 18.) Specifically, the Millet Plaintiffs claim that the Credit Manager product fails to "associate all data that would indicate identity theft with the particular consumer who would find that information useful," and fails "to monitor the information that is matched to a particular consumer for all incidents that could indicate identity theft." (Opp'n Br. 4-5.)

The Millet Plaintiffs' argument is essentially that, though defendants "could do more to protect consumers from identity theft, they simply choose not to." (Opp'n Br. 6.) Whether the Defendants could conceivably do more is irrelevant to whether defendants agreed to perform a certain service. The relevant question is whether Experian had a contractual obligation to provide Credit Manager customers with information that does not appear on a subscribing customer's Experian credit report. The Court finds that Experian was under no such obligation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 05-879 JVS (RNBx) | Date | December 18, 2006 |
|---|---|---|---|

Title    Steven G. Millet et al. v. Experian Information Solutions, Inc., et al.

Credit Manager is a product which verifies, on a daily basis, whether a purchaser's Experian credit report has changed in five specific ways commonly associated with identity theft. (Williams Decl. ¶ 5.) There may be some ambiguity as to what precisely Credit Manager promises to examine, but it is clear that there was no offer to search for information that would not appear on a purchaser's credit report.

The Millett Plaintiffs fail to allege a basis for breach. There is no allegation that Credit Manager failed to convey information indicative of identity theft which appeared on the credit report. Rather, the allegations pertain to specific conduct of a Mr. Perez that was never reflected in Mr. Millet's credit report, and to general aspirations of what Credit Manager could do to protect purchasers from fraudulent activity. The Court agrees with Experian that, in order to show breach, the Millett Plaintiffs must demonstrate that Mr. Perez's conduct was reflected in Mr. Millett's Experian credit report. Plaintiffs have made no such allegations. The Court additionally agrees with Experian that the ways in which the Millett Plaintiffs believe Credit Manager ought to perform appear to be impractical and undesirable. (See Reply 7-11.)

2.   Failure to provide quality information

The Millett Plaintiffs also allege that the performance of Credit Manager violates the promise to use "reasonable efforts" to collect, prepare, and provide "quality information." (Williams Decl., Ex. A at EXP 00013.) These terms pertain to the function of the product within the universe of examining the credit report. Experian has fulfilled its burden in demonstrating that there is no genuine issue of material fact as to whether it exerted reasonable efforts to provide quality information. There is no dispute that Credit Manager does indeed check daily to ensure that a purchaser's Experian credit report has not changed in ways commonly associated with identity theft.

The Millett Plaintiffs argue that a genuine issue of material fact exists as to whether it was unreasonable for the Credit Manager product to fail to inform purchasers of information in its possession indicative of identity theft. In order to meet their burden, the allegations must identify a failure in how Credit Manager examines the purchaser's credit report. Instead, the allegations pertain only to information that never impacted Mr. Millett's credit report. Plaintiffs therefore fail to meet their burden.

3.   Failure to provide advanced notification of renewal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 05-879 JVS (RNBx) | Date | December 18, 2006 |
| Title | Steven G. Millet et al. v. Experian Information Solutions, Inc., et al. | | |

Experian does not dispute that it did not provide the Millett Plaintiffs with notification thirty days prior to automatic renewal of the contract, as the contract provides. (Reply 19.) Rather, Experian argues that the Milletts lack standing to sue for damages, because they received a full refund following a phone call Ms. Millett placed shortly after being charged the membership fee; Ms. Millett has dismissed her breach of contract claims; and Mr. Millett lacks standing to sue on behalf of his wife's "petty inconveniences." (Reply 19.) Experian argues in the alternative that "this minor issue would fall well within the scope of the liability disclaimer contained in the Credit Manager contract." (Reply 19.)

If Experian indeed failed to give proper notice to Mr. Millett before renewing his contract, the fact that his damages may be slight or nonexistent is immaterial to the question of breach. See Sweet v. Johnson, 169 Cal.App.2d 630, 632-33 (1959) ("the maxim that the law will not be concerned with trifles does not, ordinarily, apply to violation of a contractual right"); Restatement (Second) of Contracts § 346(2) ("if the breach caused no loss or if the amount of the loss is not proved . . . , a small sum fixed without regard to the amount of loss will be awarded as nominal damages"); California Civil Code § 3360 ("[w]hen a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages.")

With respect to the liability disclaimer, the Court finds no language relevant to the advanced notification provisions, and Experian has cited to none.

Accordingly, Experian fails to carry its Celotex burden regarding its alleged failure to provide advance notification of renewal.

C.  CLRA claims

In determining whether conduct is deceptive under the CLRA, the Court applies a reasonable consumer standard. Consumer Advocates v. Echostar Satellite Corp., 113 Cal. App. 4th 1351, 1360 (2003). The Millett Plaintiffs contend that their burden is satisfied by the fact the Mr. and Ms. Millett claim to have been misled. (Opp'n Br. 7.) This argument fails. The test is not whether the *plaintiff in suit* was misled, but rather whether the *public* was likely misled, judged by a hypothetical ordinary consumer acting reasonably under the circumstances. Colgan v. Leatherman Tool Group, Inc., 135

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 05-879 JVS (RNBx) | Date | December 18, 2006 |
| Title | Steven G. Millet et al. v. Experian Information Solutions, Inc., et al. | | |

Cal.App.4th 663, 682 (2006).

1. Claims concerning how Credit Manager functions

The Millett Plaintiffs claim that Experian deceptively represented what Credit Manager does. Specifically, that it deceptively promises broad forms of identity theft protection and that it scans the purchaser's credit report daily.

The Millett Plaintiff claim that a reasonable consumer would believe that the Credit Manager product provides "broad protection against identity theft," such that any information that would assist the purchaser in detecting incidents of identity theft would be relayed to them. However, for the same reasons described above (section II.B.1 and 2, supra), a reasonable consumer would interpret the Credit Manager product as providing information relevant to detecting identity theft in the context of his or her Experian credit report. It is unreasonable to read the representations on the web pages leading to the purchase page and believe that Credit Manager somehow acts as an all-knowing private investigator, relaying any information relevant to identity theft to the purchaser. The Millett Plaintiffs refer to statements promising that Credit Manager will "guard against fraud and identity theft," and that the product will provide "peace of mind." (Opp'n 9.) However, the web pages also promise "the best things in life." (Williams Decl., Ex. B at EXP 00005.) No reasonable person would read these statements and take them literally and absolutely. It would be clear to any reasonable consumer that the product offers to convey information indicative of identity theft, but only if it appears in the purchaser's Experian credit report.

In addition, the Millett Plaintiffs claim that the web pages deceptively promise to scan the purchaser's credit report, when in fact the product only reviews information used to compile the credit report. (Opp'n 13-14.) The difference is irrelevant. There is no dispute that Credit Manager, every day, reviews information that would appear on a purchaser's Experian credit report for indications of identity theft. It is immaterial if an employee, for example, does not print out the report and literally "scans" it, if the product performs a search of data that would appear on the credit report on a daily basis. The difference would be irrelevant to a reasonable consumer, and so cannot be the basis of a CLRA claim.

2. Deceptive corporate affiliation claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 05-879 JVS (RNBx) | Date | December 18, 2006 |

Title   Steven G. Millet et al. v. Experian Information Solutions, Inc., et al.

The Millett Plaintiffs also contend that the web pages falsely misrepresents the source of the services provided and the affiliations of the companies providing them. (Opp'n Br. 8-9.) The company and co-defendant that sells the Credit Manager product is Consumerinfo.com, Inc. Several advertisements on its website convey instead, according to the Millett Plaintiffs, that Experian Information Solutions, Inc. is the provider of Credit Manager. (Opp'n 8.) However, Experian Information Solutions and Consumerinfo.com are wholly-owned subsidiaries of the same corporate parent: Experian North America. (Brown Decl. ¶ 3). It is uncontroverted that the Experian Trademark pertains to the collection of companies under Experian North America, and not to the specific company Experian Information Solutions. (Id.) Therefore, the Court agrees with Experian that the presence of the Experian trademark is not deceptive because it truthfully reflects that the company in question, Consumerinfo.com, is a wholly-owned subsidiary.

D.   Requests for punitive damages

In order to receive punitive damages, the Millett Plaintiffs must demonstrate "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. The California Civil Code defines "oppression," "fraud," and "malice" as including a state of mind requirement. Cal. Civ. Code § 3294(c)(1) (defining "malice" as conduct "intended to by the defendant to cause injury" or ". . . carried on by defendant with a willful and conscious disregard of the rights or safety of others"); Cal. Civ. Code § 3294(c)(2) (defining "oppression" as "conduct . . . in conscious disregard of that person's rights"); and Cal. Civ. Code § 3294(c)(3) (defining "fraud" as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury").

Experian has satisfied its burden by asserting that there is no evidence as to the state of mind of the Defendants. To survive summary judgment, the Millett Plaintiffs must show actual malice through clear and convincing evidence. Basich v. Allstate Ins. Co., 87 Cal.App.4th 112, 119 (2001). The Millett Plaintiffs cite to no evidence whatever showing that Experian acted with the requisite state of mind. Accordingly, the Millett Plaintiffs fail to meet their burden.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. SACV 05-879 JVS (RNBx) | Date December 18, 2006 |

Title   Steven G. Millet et al. v. Experian Information Solutions, Inc., et al.

    F.    Whether Ms. Millett may bring a CLRA claim

Because the Court grants summary judgment with respect to all of the Millett Plaintiffs' claims under the CLRA, the Court need not examine whether Ms. Millett has standing to bring a CLRA claim.

    G.    Whether Experian Information Solutions, Inc. is a party to the contract

The Millett Plaintiffs "have decided to abandon their assertion that Experian Information Solutions, Inc. is a party to the contract." (Opp'n Br. 1.) Accordingly, the Court dismisses all contract claims against Experian Information Solutions, Inc.

IV.    **CONCLUSION**

Based on the foregoing, the Court grants Experian's Motion for Summary Judgment, except as to the alleged failure to provide notification of renewal. That portion of the Motion is denied.

Initials of Preparer

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 05-879 JVS (RNBx) | Date | April 4, 2007 |

Title    Steven G. Millet et al. v. Experian Information Solutions, Inc., et al.

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**    (In Chambers) Order Denying Plaintiff's Motion for Reconsideration

      The Court has reviewed the Motion for Reconsideration filed by Plaintiffs Steven G. Millett, *et al.* (collectively, "the Millet Plaintiffs") and the *Ex Parte* Application to Deny Plaintiffs' Facially Defective Motion for Reconsideration, filed by Experian Information Solutions, Inc. and Consumerinfo.Com, Inc.

      On the merits, the Plaintiff's Motion is denied. The Millett Plaintiffs' showing satisfies none of the criteria in Local Rule 7-18. The Court expressly reaffirms its earlier ruling.

      The matter is submitted without oral argument, and the April 23, 2007 hearing is removed from the calendar. Fed. R. Civ. P. 78; L.R. 7-15.

DOCKETED ON CM
APR _ 4 2007
BY _____ 178

Initials of Preparer _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | SACV 05-879 JVS (RNBx) | Date April 4, 2007 |
| Title | Steven G. Millet et al. v. Experian Information Solutions, Inc., et al. | |

Present: The Honorable  James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                              Not Present

Proceedings:   (In Chambers) Order Denying Plaintiff's Motion for Reconsideration

The Court has reviewed the Motion for Reconsideration filed by Plaintiffs Steven G. Millett, *et al.* (collectively, "the Millet Plaintiffs") and the *Ex Parte* Application to Deny Plaintiffs' Facially Defective Motion for Reconsideration, filed by Experian Information Solutions, Inc. and Consumerinfo.Com, Inc.

On the merits, the Plaintiff's Motion is denied. The Millett Plaintiffs' showing satisfies none of the criteria in Local Rule 7-18. The Court expressly reaffirms its earlier ruling.

The matter is submitted without oral argument, and the April 23, 2007 hearing is removed from the calendar. Fed. R. Civ. P. 78; L.R. 7-15.

DOCKETED ON CM
APR _ 4 2007
BY _____ 178

Initials of Preparer