IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT V. TOWNES, IV, Individually and on behalf of all persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) 04-1488 ) |
| vs. | ) ) |
| TRANS UNION, LLC, AND TRUELINK, INC., | ) CLASS ACTION ) ) |
| Defendants. | ) |

## ORDER GRANTING CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

This matter is before the Court on the Motion of Plaintiff, Robbie Townes and the law firms of Pope McGlamry Kilpatrick Morrison & Norwood, LLP ("Pope McGlamry") and Battle Fleenor Green Winn & Clemmer LLP ("Battle Fleenor"), Class Counsel in the above-referenced actions, for an award of attorneys' fees and reimbursement of expenses. Pursuant to Fed. R. Civ. P. 23(h) and 54(d), Movants seek an aggregate amount of $1,200,000.00 as compensation to Class Counsel for the time and effort expended in prosecuting the above-referenced cases and in negotiating and effectuating the class action settlement reached therein. Pursuant to the Settlement Agreement between the parties, the attorneys' fees and expenses

1

to be paid to Class Counsel will be paid by the Defendants, and not deducted from any class recovery.

For the reasons set forth below, the Court finds the requested fee is reasonable in light of the controlling law and under the facts, in light of the result obtained for the class and the time and effort expended by Class Counsel in this case. Accordingly, the Motion is hereby **GRANTED**.

## ANALYSIS

Attorneys who create a common fund or benefit for a group of persons are entitled to have their fees and costs based on the common benefit achieved. As the United States Supreme Court stated in Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980), "a lawyer who recovers a common fund for the benefit of persons other than . . . his client is entitled to a reasonable attorney's fee from the fund as a whole. . ." This method of awarding attorneys fees is used whether the benefits conferred on class members are in cash or through non-monetary benefits, such as free services or other consideration. Merola v. Atlantic Ritchfield Co., 515 F. 2d 165, 172 (3rd Cir. 1975) (awarding common fund fees based on value of non-monetary benefits); See also In re Domestic Air Antitrust Lit., 148 F.R.D. 297, 349-50 (N.D. Ga. 1993) (applying common fund principles to award of fees with benefits in the form of airline discounts).

The Third Circuit has adopted the "common fund" or "percentage of recovery" method for determining the reasonableness of attorneys' fees in class action cases. In re AT&T Corp., 455 F.3d 160, 164 (3rd Cir. 2006); In re Prudential Ins. Co. of America, 148 F.3d 283, 333 (3rd Cir. 1998). "[T]he percentage of recovery method is generally favored because it allows courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure." In re AT&T Corp., 455 F.3d at 164 (internal quotations omitted); accord In re Rite Aid Corp. Sec. Lit., 396 F.3d 294, 300 (3rd Cir. 2005); In re Prudential, 148 F.3d at 333.

In this case, Plaintiffs' Counsel have achieved a settlement in this case that provides benefits to almost 4 million Class Members. The total potential value of the settlement is $347.22 million. Additionally, it is undisputed that the firms prosecuting these cases have to date expended substantially over 2,500 hours in attorney time prosecuting these two cases, and incurred over $150,000 in expenses. Thus, the $1.05 million proposed fee ($1.2 million less the $150,000 in expenses) represents three-tenths of one percent (.3%) of the settlement's potential value.

This fee request of substantially less than one percent (1%) of the potential settlement value is more than reasonable. The Third Circuit has repeatedly noted that ranges of common-fund fee awards can go as low as

four percent, but as high as 45 percent. In re GM Trucks Lit., 55 F.3d 768, 822 (3rd Cir. 1995) (noting that "the fee awards have ranged from nineteen percent to forty-five percent of the settlement fund"); In re Prudential, 148 F.3d 283, 339 (3rd Cir. 1998) (noting ranges from 4.1% to 17.92%); see also Waters v. International Precious Metals Corp., 191 F.3d 1291 (11th Cir. 1999) (awarding 33% fee in connection with settlement). Notably, the Third Circuit has not held that a fee of less than one percent is unreasonable.

The requested fee is also reasonable under a lodestar cross-check analysis. District courts considering common-fund fee awards should also conduct a lodestar "cross-check" to determine the "multiplier" over and above an hourly fee which the requested common-fund fee yields. In re AT&T Corp., 455 F.3d 160, 164 (3rd Cir. 2006); accord In re Rite Aid, 396 F.3d at 300. But "[t]he lodestar cross-check, while useful, should not displace the district court's primary reliance on the percentage-of-recovery method." In re AT&T Corp., 455 F.3d at 164. In this case, the attorneys for the class and the Plaintiff have worked over 2,500 hours in prosecuting this case. They have incurred expenses of over $150,000.00. Thus, the $1,050,000 fee award being requested (the total of $1,200,000 less the $150,000 in expenses) represents an hourly fee paid at $420 per hour. The Court can take judicial notice that an hourly rate of $420 per hour is a

reasonable hourly rate for a lodestar fee, and thus the requested fee is exactly equal to a lodestar fee, without any multiplier (or, resulting in a multiplier of 1.0). Additionally, the evidence of record establishes the reasonableness of this hourly rate, and no argument or evidence to the contrary has been presented.

Courts have traditionally looked at a number of factors in considering a fee and expense award in lodestar settings, and especially in considering whether a multiplier is appropriate (even though, in this case, there is no such multiplier). Those factors include the following –

1. the time and labor involved;
2. the novelty and difficulty of the questions involved;
3. the skill necessary to perform the legal service properly;
4. the preclusion of other employment by the attorney due to the acceptance of the case;
5. the customary fee;
6. whether the fee is fixed or contingent;
7. time limitation imposed by the client or the circumstances;
8. the amount involved and the results obtained;
9. the experience, reputation, and ability of the attorneys;
10. the "undesirability" of the case;

11. the nature and length of the professional relationship with the client;

12. awards in similar cases.

Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 720 (5th Cir. 1974); overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989); accord Gunter v. Rigdewood Energy Corp., 223 F.3d 190, 195 (3rd Cir.2000) (noting seven of these factors for use in lodestar determinations). These factors also weigh in favor of the requested fee, in light of the following:

- Plaintiffs' Counsel has obtained an excellent settlement despite seriously adverse rulings in related cases on critical questions at the class certification and summary judgment stage. In Hensley, the United States Supreme Court held that the "most critical factor is the degree of success obtained." 461 U.S. at 436. Given the adverse rulings in related litigation, there was substantial risk that this Court might adopt the reasoning of the other courts in denying class certification, and/or in interpreting the CROA. Either ruling would have been devastating to this case and the chances of this class prevailing on its claims.

- The legal issues in this case are novel. There is little case law under the CROA at all, much less case law on the issue of

6

whether entities such as the Defendants can be considered "credit repair organizations" and therefore be subject to the requirements of the CROA. There is no appellate authority on that seminal and foundational issue in the case.

- Plaintiffs' Counsel consists of experienced class action counsel. The Settlement is the fruit of Plaintiffs' Counsel's experience, reputation and ability in these types of cases. Additionally, Defendants are represented by experienced and highly skilled Counsel who vigorously defended this action on every front. Obviously, Defense Counsel presented formidable opposition, and Plaintiffs rightly anticipated and received a superior caliber of legal work performed by Defense Counsel.

- The common fund attorneys' fee and expense request in this case is actually well below the typical range of common fund awards to counsel in other class actions in the Third Circuit (which range from four percent upward).

- Plaintiffs' Counsel expended an aggregate of over 2,500 hours of attorney time in these cases in filing and defending against motions, in propounding and responding to discovery, and in taking weeks of necessary depositions in far-off places. The

requested fee award would thus result in a multiplier of 1.0, which is fully warranted. In fact, this multiplier (or lack of one) is actually below the range of multipliers deemed appropriate in other courts. Multipliers have ranged from 1 to 4, and have reached as high as 10. 3 Newberg on Class Actions § 14.03 at 14-5 n. 21; see e.g., In re Beverly Hills Fire Litig., 639 F. Supp. 915 (E.D. Ky. 1986) (applying a multiplier of 5); see also In re Cendant Corp, 243 F.3d 722, 737 (3rd Cir. 2001) (containing chart of lodestar multipliers in various cases, none below 1.0). The multiplier requested here – a mere 1.0 – is far below with the multipliers approved in other similar class action cases.

## CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS that the Motion for Award of Attorneys' Fees and Expenses, in the collective amount of $1.2 million, is hereby **GRANTED.**

SO ORDERED this the ___11___ day of ___September___, 2007.

_____
UNITED STATES DISTRICT JUDGE